# EXHIBIT 2

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIPCRICKET, INC., | ) | Case No. 15-10104 (LSS) |
| | ) | |
| Debtor.[1] | ) | Related Docket No. 3 |

**ORDER (I) AUTHORIZING DEBTOR TO (A) PAY WAGES, SALARIES, AND CERTAIN OTHER COMPENSATION, WITHHOLDINGS, AND BENEFITS CONTRIBUTIONS; (B) PAY RELATED ADMINISTRATIVE OBLIGATIONS; AND (C) PAY REIMBURSABLE EMPLOYEE EXPENSES; AND (II) AUTHORIZING BANKS AND OTHER FINANCIAL INSTITUTIONS TO PAY ALL CHECKS AND ELECTRONIC PAYMENT REQUESTS MADE BY THE DEBTOR RELATING TO THE FOREGOING**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (i) authorizing, but not requiring, the Debtor to all the relief requested in the Motion, including to pay prepetition (a) wages, salaries, and other compensation, withholdings and benefits contributions, (b) related administrative obligations, and (c) reimbursable employee expenses; and (ii) authorizing banks and other financial institutions to receive, process, honor, and pay all checks presented for payment and electronic payment requests relating to the foregoing; and the Court having found that jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334 as is venue pursuant to 28 U.S.C. §§ 1408 and 1409; this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); the relief requested is proper under 11 U.S.C. §§ 105(a), 507(a)(4) and (5), and 541(d); the relief requested is in the best interests of the Debtor's estate, its creditors, and other parties-in-interest; such relief is necessary to avoid

---

[1] The last four digits of the Debtor's tax identification number are 2076. The location of the Debtor's headquarters and the service address for the Debtor is 110 110th Avenue NE, Suite 410, Bellevue, WA 98004.
[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

DOCS_LA:284499.8 36480/001

immediate and irreparable harm meaning that the requirements of Rule 6003 of the Federal Rules of Bankruptcy Procedure have been satisfied; proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefore

IT IS HEREBY:

ORDERED that the Motion is GRANTED; and it is further

ORDERED that, pursuant to sections 507(a), 363(b) and 105(a) of the Bankruptcy Code, the Debtor is authorized, but not directed, to pay and/or honor the Unpaid Wages and Benefits, all costs and/or expenses related thereto as set forth in the Motion, in accordance with the Debtor's policies in the ordinary course of business and as provided in the Motion, subject to the following caps:

| | |
|---|---|
| Unpaid Wages (including Withholding Obligations other than Payroll Related Tax Obligations) | $150,000 |
| Expense Reimbursement Obligations | $20,000 |
| Medical Plan Obligations | $52,000 |
| Debtor-Spending Account Contributions (excluding Employee-funded contributions that are part of Withholding Obligations) | $200 |
| Life/AD&D Insurance, Disability Insurance and Supplemental Insurance | $2,430 |
| Dental and Vision Plans | $5,600 |
| Payroll Related Administrators | $425 |
| 401(k) Auditor | $10,000 |

DOCS_LA:284499.8 36480/001

2

| | |
|---|---|
| Workers' Compensation Obligations | $21,000 |
| Sales Rep/Account Mgr. Commissions | $85,000 |
| COBRA Administration Fees | $100 |

and it is further

ORDERED that the Debtor and any other third parties administering Withholding Obligations on behalf of the Debtor, are authorized, but not directed, to make payments to applicable third parties with respect to the Payroll Related Tax Obligations, other Withholding Obligations and/or other Benefits, as set forth in the Motion, and the costs associated therewith, in accordance with the Debtor's ordinary course of business and stated policies, as set forth in the Motion; and it is further

ORDERED that notwithstanding any other provision of this Order, no payments to any individual Employee shall exceed the amounts set forth in 11 U.S.C. sections 507(a)(4) and 507(a)(5); and it is further

ORDERED that nothing in the Motion or this Order shall be deemed to violate or permit a violation of section 503(c) of the Bankruptcy Code, and it is further

ORDERED that in accordance with this Order and any other order of this Court, the banks and financial institutions at which the Debtor maintains its accounts are authorized to honor all fund transfer requests made by the Debtor related hereto, to the extent that sufficient funds are on deposit in such accounts; and it is further

ORDERED that, approval of the Other Employee Bonus Program will be considered that the hearing scheduled for February 11, 2015 at 2:00 pm

DOCS_LA:284499.8 36480/001

3

ORDERED that the Debtor is authorized to pay all processing and administrative fees associated with the Unpaid Wages and Benefits, as set forth in the Motion; and it is further

ORDERED that nothing in the Motion or this Order shall be construed as directing or requiring the Debtor to pay any such amounts, or impairing the Debtor's rights to contest the validity or amount of any Unpaid Wages and/or Benefits; and it is further

ORDERED that nothing in the Motion shall be deemed a request by the Debtor for authority to assume, and nothing in this Order shall be deemed authorization to assume, any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code or create an administrative obligation for any prepetition wages or benefits or other amounts or obligations set forth in the Motion; and it is further

ORDERED that the requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order; and it is further

ORDERED that notwithstanding the possible applicability of Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable; and it is further

ORDERED that notwithstanding anything to the contrary contained hereon, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtor pursuant to any DIP Facility as approved by the DIP Order and as set forth in the DIP Budget; and it is further

ORDERED that the Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and

Rule 9013-1(m) of the Local Rules of the United States Bankruptcy Court for the District of Delaware are satisfied by such notice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: Jan 23, 2015

_____
The Honorable Laurie Selber Silverstein
United States Bankruptcy Judge