# EXHIBIT 2

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIPCRICKET, INC., | ) | Case No. 15-10104 (LSS) |
| | ) | |
| Debtor.[1] | ) | Related Docket No. 4 & 31 |

**ORDER PURSUANT TO SECTIONS 105, 363,
1107, AND 1108 OF THE BANKRUPTCY CODE AUTHORIZING
(I) MAINTENANCE OF EXISTING BANK ACCOUNTS, (II) CONTINUED
USE OF EXISTING BUSINESS FORMS, AND (III) CONTINUED USE OF
EXISTING CASH MANAGEMENT SYSTEM**

Upon consideration of the Motion (the "Motion") filed by the debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case, seeking the entry of an order under sections 105, 363, 1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code") authorizing the (i) maintenance of existing bank accounts, (ii) continued use of existing business forms, and (iii) continued use of existing cash management system for the Debtor; and it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O); and due and adequate notice of the Motion having been given under the circumstances; and after due deliberation and cause appearing therefor;

---

[1] The last four digits of the Debtor's tax identification number are 2076. The location of the Debtor's headquarters and the service address for the Debtor is 110 110th Avenue NE. Suite 410, Bellevue, WA 98004.

DOCS_LA:284851 7 36480/001

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. The Debtor is authorized, but not directed, in the reasonable exercise of its business judgment, (i) to designate, maintain and continue to use, with the same account numbers, all of the bank accounts in existence on the Petition Date identified on Exhibit B to the Motion (the "Bank Accounts"), (ii) to use, in their present form, checks and other documents related to the Bank Accounts and (iii) to treat the Bank Accounts for all purposes as accounts of the Debtor as Debtor in Possession.

3. The banks at which any Bank Account is maintained (the "Banks") are hereby authorized to continue to service and administer such Bank Account as an account of the Debtor as a Debtor in Possession without interruption and in the usual and ordinary course of business, and to receive, process, honor and pay any and all checks and drafts drawn on the Bank Account after the Petition Date by the holders or makers thereof, as the case may be; provided, however, that any check that has been drawn or issued by the Debtor before the Petition Date may be honored by any bank only if specifically authorized by order of this Court.

4. Existing arrangements between the Debtor and the Banks with respect to the Bank Accounts and with respect to the transfers to and from the Bank Accounts shall continue to govern the postpetition cash management relationship between the Debtor and each of the Banks.

5. The Debtor and each of the Banks may, without further order of this Court, agree to and implement changes to the Cash Management System and procedures in the

ordinary course of business, including, without limitation, the opening and closing of bank accounts, including without limitation the Bank Accounts described in the Motion, with notice to the U.S. Trustee, counsel for the Debtor's prepetition and postpetition lenders, and counsel for any official committee appointed in the Case, and, in the course of providing cash management services to the Debtor, each Bank is authorized, without further order of this Court, to continue to deduct from the appropriate accounts of the Debtor, the Bank's customary fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtor.

6. Each Bank that maintains a disbursement account of the Debtor shall implement reasonable handling procedures designed to effectuate the terms of this Order, and no Bank that implements such handling procedures and then honors a prepetition check or other item drawn on any account that is the subject of this Order either (i) at the direction of the Debtor to honor such prepetition check or item, (ii) in good faith belief that the Court has authorized such prepetition check or item to be honored, or (iii) as a result of an innocent mistake made despite implementation of such handling procedures, shall be deemed to have violated this Order.

7. The Debtor may continue to fund its business and operations through the Bank Accounts and to pay related bank fees and credit card returns, chargebacks and processing fees.

8. The Debtor shall maintain detailed records reflecting all transfers of funds under the terms and conditions provided for by the existing agreements with the institutions

participating in the Debtor's Cash Management System in connection with the ongoing utilization of its Cash Management System.

9. The Debtor is hereby authorized to pay up to $40,000 of the pre-petition amounts owing to SVB on account of the SVB corporate credit cards.

10. Nothing contained herein shall prevent the Debtor from opening any new bank accounts or closing any existing bank accounts, including without limitation the Bank Accounts described in the Motion, as they may deem necessary and appropriate, with notice to the U.S. Trustee, counsel for the Debtor's prepetition lenders, and counsel for any official committee appointed in this Case; provided, however, that any new account shall be with a bank that is insured by the Federal Deposit Insurance Corporation and organized under the laws of the United States or any state therein and willing to execute a Uniform Depository Agreement with the U.S. Trustee's Office for the District of Delaware.

11. The Debtor is authorized to continue utilizing its Cash Management System to manage its cash, in a manner consistent with its prepetition practice.

12. For banks at which the Debtor holds accounts that are party to a Uniform Depository agreement with the Office of the United States Trustee for the District of Delaware, within fifteen (15) days from the date of entry of this Order the Debtor shall (a) contact each bank, (b) provide the bank with each of the Debtor's employer identification numbers, and (c) identify each of its accounts held at such banks as being held by a debtor in possession.

13. For banks that are not party to a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, the Debtor shall use its good

faith efforts to cause the bank to execute a Uniform Depository agreement in a form prescribed by the Office of the United States Trustee within forty five (45) days of the date of entry of this Order.

14. The Debtor may continue using checks and business forms without reference to its "Debtors in Possession" status for up to two weeks, provided that the Debtor shall add the "Debtors in Possession" designation to any checks and business forms after the two-week period expires.

15. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

16. Notwithstanding anything to the contrary contained hereon, any payment to be made, or authorization contained hereunder, shall be subject to the requirements imposed on the Debtor pursuant to any DIP Facility as approved by the DIP Order and as set forth in the DIP Budget.

17. This Order shall be immediately effective and enforceable upon its entry. To the extent that it may be applicable, the 14-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

18. The Debtor shall cause a copy of this Order to be served on each Bank at which a Bank Account is maintained within five (5) business days of the date hereof.

19. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: January 23, 2015

_____
The Honorable Laurie Selber Silverstein
United States Bankruptcy Judge