**Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIPCRICKET, INC., | ) | Case No. 15- 10104 (LSS) |
| | ) | |
| Debtor. [1] | ) | |

## DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (A) APPROVING THE DEBTOR'S PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (B) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, (C) APPROVING THE DEBTOR'S PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS, AND (D) GRANTING RELATED RELIEF

The above-captioned debtor and debtor in possession (the "Debtor") files this motion (the "Motion") for entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, respectively, (a) approving the Debtor's Proposed Adequate Assurance (as defined herein) of payment for future utility services, (b) prohibiting Utility Companies (as defined herein) from altering, refusing, or discontinuing services, (c) approving the Debtor's proposed procedures for resolving Adequate Assurance Requests (as defined herein), and (d) granting related relief.  In support of this Motion, the Debtor respectfully states as follows.

### Jurisdiction and Venue

1.    The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

---

[1]    The last four digits of the Debtor's tax identification number are 2076.  The location of the Debtor's headquarters and the service address for the Debtor is 110 110th Avenue NE. Suite 410, Bellevue, WA 98004.

DOCKET # 5

DATE 1-21-15

*Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

    2.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

    3.       The statutory bases for the relief requested herein are sections 105(a) and 366 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9013-1(m).

**Background**

    4.       On January 20, 2015 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is operating its business and managing its property as a debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or an examiner in this case, and no official committee has yet been appointed by the Office of the United States Trustee.

5.    The factual background regarding the Debtor, including its current and historical business operations and the events precipitating its chapter 11 filing, is set forth in detail in the Declaration of Todd Wilson in Support of First Day Motions (the "Wilson Declaration") filed concurrently herewith and fully incorporated herein by reference.

## Relief Requested

6.    By this Motion, the Debtor seeks entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, respectively: (a) approving the Debtor's Proposed Adequate Assurance (as defined herein) of payment for future utility services; (b) prohibiting Utility Companies (as defined herein) from altering, refusing, or discontinuing services; (c) approving the Debtor's proposed procedures for resolving Adequate Assurance Requests (as defined herein); and (d) granting related relief.  In addition, the Debtor requests that the Court schedule a final hearing within approximately 25 days of the commencement of this chapter 11 case (the "Case") to consider approval of this Motion on a final basis.

## Utility Services and Proposed Adequate Assurance
### The Utility Services and Utility Companies

7.    In connection with the operation of its business and management of its property for offices in Bellevue, WA, Atlanta, GA and NY, the Debtor obtains electricity, natural gas, telephone, water, waste disposal, and other similar services (collectively, the "Utility Services") from a number of utility companies or brokers (collectively, the "Utility Companies").  A nonexclusive list of the Utility Companies and their affiliates that provide

Utility Services (the "Utility Providers") to the Debtor as of the Petition Date

the "Utility Services List") is attached hereto as **Exhibit C**.[2]  The relief requested herein is

requested with respect to all Utility Companies providing Utility Services to the Debtor.

       8.      Uninterrupted Utility Services are essential to the Debtor's ongoing

business operations.  The Debtor's operations require electricity and gas for lighting, heating,

trash, sewer services, and air conditioning.  Should any Utility Provider refuse or discontinue

service, even for a brief period, the Debtor's business operations could be severely disrupted,

and such disruption would jeopardize the Debtor's ability to operate its business.  Accordingly,

it is essential that the Utility Services continue uninterrupted during the Case.

       9.      To the best of the Debtor's knowledge, there are no defaults or arrearages

with respect to the Debtor's undisputed invoices for prepetition Utility Services.  On average,

the Debtor pays approximately $13,759 each month for third party Utility Services.

Accordingly, the Debtor estimates that its cost for Utility Services during the next 30 days (not

including any deposits to be paid) will be approximately $12,259.  To the best of the Debtor's

knowledge, none of the Utility Companies hold deposits from the Debtor, nor does the Debtor

have any existing prepayments with respect to any Utility Companies.

## Proposed Adequate Assurance of Payment

      10.      The Debtor intends to pay postpetition obligations owed to the Utility

Companies in a timely manner.  Cash held by the Debtor, cash generated in the ordinary course

---

[2]  The inclusion of any entity on, or the omission of any entity from, the Utility Services List is not an admission by the Debtor that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtor reserve all rights with respect to any such determination.

of business, and cash available to the Debtor through its debtor in possession financing facility, will provide sufficient liquidity to pay the Debtor's Utility Service obligations in accordance with prepetition practice.

11.    To provide additional assurance of payment, the Debtor proposes to deposit into a segregated account $6,130 (the "Adequate Assurance Deposit"), which represents an amount equal to approximately one half of the Debtor's average monthly cost of Utility Services, calculated based on the Debtor's average third party utility expenses during 2014. The Adequate Assurance Deposit will be held in the segregated account for the duration of this Case.  The Debtor submits that the Adequate Assurance Deposit, in conjunction with the Debtor's ability to pay for future utility services in accordance with prepetition practice (collectively, the "Proposed Adequate Assurance"), constitutes sufficient adequate assurance to the Utility Companies in full satisfaction of section 366 of the Bankruptcy Code.

## The Adequate Assurance Procedures

12.    Any Utility Company that is not satisfied with the Proposed Adequate Assurance may make a request for additional or different adequate assurance of future payment (each an "Adequate Assurance Request") pursuant to the adequate assurance procedures set forth below (the "Adequate Assurance Procedures"):

a.    Any Utility Company that objects to the Debtor's Proposed Adequate Assurance must serve an Adequate Assurance Request on: i) the Debtor, 110 110th NE, Suite 410, Bellevue, WA  98004 9401, Attn:  Todd Wilson; (ii) proposed counsel for the Debtor, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box

8705, Wilmington, Delaware 19899-8705 (Courier 19801) Attn: James O'Neill, Esq.; (iii)

counsel to any statutory committee appointed in this Case; and (iv) the Office of The United

States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn:

Jane Leamy, Esq. (collectively, the "Notice Parties").

        b.      Any Adequate Assurance Request must: (i) be made in

writing; (ii) identify the location for which Utility Services are provided; (iii) include a

summary of the Debtor's payment history relevant to the affected account(s), including any

security deposits; and (iv) explain why the Utility Company believes the Proposed Adequate

Assurance is not sufficient adequate assurance of future payment.

        c.      The Debtor is authorized to resolve, in its sole discretion, any

Adequate Assurance Request by mutual agreement with a Utility Company and without

further order of the Court and, in connection with any such agreement, in its sole discretion,

provide a Utility Company with alternative adequate assurance of payment, without further

order of the Court, if the Debtor believes such alternative assurance is reasonable.

        d.      If the Debtor is unable to consensually resolve an Adequate

Assurance Request by mutual agreement within 14 days of receipt of the Adequate

Assurance Request, the Debtor will seek a hearing with the Court (the "Determination

Hearing") to determine the appropriate amount of adequate assurance required with respect

to such Adequate Assurance Request. Pending resolution of such Adequate Assurance

Request at the Determination Hearing, the Utility Company shall be prohibited from altering,

refusing, or discontinuing services to the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

      e.      The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

      f.      All Utility Companies who do not file an objection or serve an Adequate Assurance Request shall be: (a) deemed to have received adequate assurance of payment "satisfactory" to such Utility Company in compliance with section 366 of the Bankruptcy Code; and (b) forbidden to discontinue, alter, or refuse services to, or discriminate against, the Debtor on account of any unpaid prepetition charges, or require additional assurance of payment other than the Proposed Adequate Assurance.

      g.      The Debtor may, in its sole discretion, add or remove any Utility Company from the Utility Services List, and the Debtor shall add to or subtract from the Adequate Assurance Deposit an amount equal to one half of the Debtor's average monthly cost for each subsequently-added or removed Utility Company as soon as practicable. For Utility Companies that are added to the Utility Services List, the Debtor will cause a copy of the order granting this Motion, including the Adequate Assurance Procedures, to be served on such subsequently added Utility Company. Any Utility Company subsequently added to the Utility Services List shall be bound by the Adequate Assurance Procedures.

      13.      The Debtor submits that the Adequate Assurance Procedures set forth a streamlined process for Utility Companies to address potential concerns with respect to the Proposed Adequate Assurance, while at the same time allowing the Debtor to continue its

business operations uninterrupted. More specifically, the Adequate Assurance Procedures permit a Utility Company to object to the Proposed Adequate Assurance by filing and serving an Adequate Assurance Request upon certain notice parties. The Debtor may then resolve any Adequate Assurance Request by mutual agreement with the Utility Company and without further order of the Court. If the Adequate Assurance Request cannot be resolved by mutual agreement, the Debtor may seek Court resolution of the Adequate Assurance Request.

### Modifications to the Utility Services List

14.    To the extent the Debtor identifies new Utility Companies or discontinue services from existing Utility Companies, the Debtor seeks authority to add or remove parties from the Utility Services List. For any Utility Company that is subsequently added to the Utility Services List, the Debtor will serve such Utility Company with a copy of the Court's order regarding Utility Services, including the Adequate Assurance Procedures. The Debtor requests that the terms of such Utility Services order and the Adequate Assurance Procedures apply to any subsequently identified Utility Company.

### Basis For Relief

15.    As discussed above, section 366 of the Bankruptcy Code protects a debtor against the immediate termination or alteration of utility services after the Petition Date. *See* 11 U.S.C. § 366. Section 366(c) of the Bankruptcy Code requires the debtor to provide "adequate assurance" of payment for postpetition services in a form "satisfactory" to the utility company within thirty days of the petition, or the utility company may alter, refuse, or discontinue service. 11 U.S.C. § 366(c)(2). Section 366(c)(1) of the Bankruptcy Code provides

a non-exhaustive list of examples for what constitutes "assurance of payment." 11 U.S.C. § 366

(c)(1). Although assurance of payment must be "adequate," it need not constitute an absolute

guarantee of the debtors' ability to pay. *See, e.g., In re Great Atl. & Pac. Tea Co.*, No. 11-CV-

1338, 2011 WL 5546954, at *5 (Bankr. S.D.N.Y. Nov. 14, 2011) (finding that "[c]ourts will

approve an amount that is adequate enough to insure against unreasonable risk of nonpayment,

but are not required to give the equivalent of a guaranty of payment in full"); *In re Caldor, Inc.*,

199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires . . . 'adequate assurance' of payment.

The statute does not require an absolute guarantee of payment." (citation omitted)), *aff'd sub*

*nom. Va. Elec. & Power Co. v. Caldor, Inc.*, 117 F.3d 646 (2d Cir. 1997).

      16.    When considering whether a given assurance of payment is "adequate,"

the Court should examine the totality of the circumstances to make an informed decision as to

whether the Utility Company will be subject to an unreasonable risk of nonpayment. *See In re*

*Keydata Corp.*, 12 B.R. 156, 158 (B.A.P. 1st Cir. 1981) (citing *In re Cunha*, 1 B.R. 330 (Bankr.

E.D. Va. 1979)); *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 82–83 (Bankr. S.D.N.Y.

2002). In determining the level of adequate assurance, however, "a bankruptcy court must

focus upon the need of the utility for assurance, and . . . require that the debtor supply no more

than that, since the debtor almost perforce has a conflicting need to conserve scarce financial

resources." *Va. Elec. & Power Co.*, 117 F.3d at 650 (internal quotations omitted) (citing *In re*

*Penn Jersey Corp.*, 72 B.R. 981, 985 (Bankr. E.D. Pa. 1987)).

      17.    Here, the Utility Companies are adequately assured against any risk of

nonpayment for future services. The Adequate Assurance Deposit from Debtor's DIP facility,

and the Debtor's ongoing ability to meet obligations as they come due in the ordinary course,

provides assurance of the Debtor's payment of its future obligations.  Moreover, termination of

the Utility Services could result in the Debtor's inability to operate its business to the detriment

of all stakeholders.  *Cf. In re Monroe Well Serv., Inc.*, 83 B.R. 317, 321–22 (Bankr. E.D. Pa.

1988) (noting that without utility service the debtors "would have to cease operations" and that

section 366 of the Bankruptcy Code "was intended to limit the leverage held by utility

companies, not increase it").

        18.     Courts are permitted to fashion reasonable procedures, such as the

Adequate Assurance Procedures proposed herein, to implement the protections afforded under

section 366 of the Bankruptcy Code.  *See, e.g.*, *In re Circuit City Stores Inc.*, No. 08-35653,

2009 WL 484553, at *5 (Bankr. E.D. Va. Jan. 14, 2009) (stating that "[t]he plain language of

§366 of the Bankruptcy Code allows the court to adopt the Procedures set forth in the Utility

Order").  Such procedures are important because, without them, the Debtor "could be forced to

address numerous requests by utility companies in an unorganized manner at a critical period in

its efforts to reorganize." *Id.*  Here, notwithstanding a determination that the Debtor's Proposed

Adequate Assurance constitutes sufficient adequate assurance, any rights the Utility Companies

believe they have under sections 366(b) and (c)(2) of the Bankruptcy Code are wholly preserved

under the Adequate Assurance Procedures. *See id.* at *5–6.  The Utility Companies still may

choose, in accordance with the Adequate Assurance Procedures, to request modification of the

Proposed Adequate Assurance. *See id.* at *6.  The Adequate Assurance Procedures, however,

avoid a haphazard and chaotic process whereby each Utility Company could make an

extortionate, last-minute demand for adequate assurance that would force the Debtor to pay

under the threat of losing critical Utility Services. *See id.* at *5.

19.    Because the Adequate Assurance Procedures are reasonable and in accord

with the purposes of section 366 of the Bankruptcy Code, the Court should grant the relief

requested herein.  Indeed, similar procedures have been approved by courts in this district. *See,*

*e.g.*, *In re Sorenson Commc'ns, Inc.*, No. 14-10454 (BLS) (Bankr. D. Del. Mar. 26, 2014)

(approving adequate assurance deposit equal to one half of debtor's monthly utility expenses);

*In re Dolan Co.*, No. 14-10614 (BLS) (Bankr. D. Del. Mar. 25, 2014) (same); *In re FAH*

*Liquidating Corp. f/k/a Fisker Auto. Holdings, Inc.*, No. 13-13087 (KG) (Bankr. D. Del. Dec.

16, 2013) (same); *In re Physiotherapy Holdings, Inc.*, No. 13-12965 (KG) (Bankr. D. Del. Dec.

6, 2013) (same); *In re Longview Power, LLC*, No. 13-12211 (BLS) (Bankr. D. Del. Sept. 25,

2013) (same).

20.    Further, the Court possesses the power, under section 105(a) of the

Bankruptcy Code, to "issue any order, process, or judgment that is necessary or appropriate to

carry out the provisions of this title."  11 U.S.C. § 105(a).  The Adequate Assurance Procedures

and the Proposed Adequate Assurance are necessary and appropriate to carry out the provisions

on the Bankruptcy Code, particularly section 366 thereof.  Accordingly, the Court should

exercise its powers under sections 366 and 105(a) of the Bankruptcy Code and approve both the

Adequate Assurance Procedures and the Proposed Adequate Assurance.

### The Requirements of Bankruptcy Rule 6003 are Satisfied

21.    Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." For the reasons discussed above, prohibiting Utility Companies from altering or discontinuing services, authorizing the Debtor to deposit the Proposed Adequate Assurance and utilize the Adequate Assurance Procedures, and granting the other relief requested herein is integral to the Debtor's ability to transition its operations into this Chapter 11 Case. Failure to receive such authorization and other relief during the first 21 days of this Case would severely disrupt the Debtor's operations at this critical juncture. For the reasons discussed herein, the relief requested is necessary in order for the Debtor to operate its business in the ordinary course and preserve the ongoing value of the Debtor's operations and maximize the value of its estate for the benefit of all stakeholders. Accordingly, the Debtor submits that it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

### Reservation of Rights

22.    Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtor, a waiver of the Debtor's rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code. The Debtor expressly reserves its right to contest any claim related to the relief sought herein. Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be nor should it be

construed as an admission as to the validity of any claim or a waiver of the Debtor's rights to

subsequently dispute such claim.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

23.    To implement the foregoing successfully, the Debtor requests that the

Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy

Rule 6004(a) and that the Debtor has established cause to exclude such relief from the 14-day

stay period under Bankruptcy Rule 6004(h).

### Notice

24.    Notice of this Motion has been given to the following parties or, in lieu

thereof, to their counsel:  (i) the Office of the United States Trustee; (ii) the Debtor's secured

lender, Fast Pay, LLC, and (iii) Debtor's proposed purchaser and post-petition lender SITO

Mobile, Ltd; and (vi) the Utility Companies.   Because the Motion is seeking "first day" relief,

within two business days after the hearing on the Motion, the Debtor will serve copies of the

Motion and any order entered respecting the Motion as required by Delaware Local Bankruptcy

Rule 9013-1(m).  The Debtor submits that, in light of the nature of the relief requested, no other

or further notice need be given.

**No Prior Request**

25.     No prior request for the relief sought in this Motion has been made to this

or any other court.

WHEREFORE, the Debtor respectfully requests entry of interim and final orders,

substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, respectively, (a) granting

the relief requested herein, and (b) granting such other relief as is just and proper.

Dated:  January 20, 2015              PACHULSKI STANG ZIEHL & JONES LLP

_James Ed nece_
_____
Ira D. Kharasch (CA Bar No. 109084)
Linda F. Cantor (CA Bar No. 153672)
James O'Neill (DE Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
E-mail:     ikharasch@pszjlaw.com
            lcantor@pszjlaw.com
            joneill@pszjlaw.com


[Proposed] Counsel for the Debtor and Debtor in
Possession

## EXHIBIT A

**Proposed Interim Order**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIPCRICKET, INC., | ) | Case No. 15-10104 (___) |
| | ) | |
| Debtor. [1] | ) | |
| | ) | |

### INTERIM ORDER (A) APPROVING THE DEBTOR'S PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (B) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, (C) APPROVING THE DEBTOR'S PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS, AND (D) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an interim order (this "Interim Order"), (a) approving the Debtor's Proposed Adequate Assurance of payment for future utility services, (b) prohibiting Utility Companies from altering, refusing, or discontinuing services, (c) approving the Debtor's proposed procedures for resolving Adequate Assurance Requests, (d) granting related relief, and (e) scheduling a final hearing to consider approval of the Motion on a final basis; all as more fully set forth in the Motion; and upon the Wilson Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C.

---

[1]   The last four digits of the Debtor's tax identification number are 2076. The location of the Debtor's headquarters and the service address for the Debtor is 110 110th Avenue NE. Suite 410, Bellevue, WA 98004.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

§ 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      Subject to the Adequate Assurance Procedures, the Motion is granted on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2015, at__:__ _.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2015 and shall be served on: (i) the Debtor, 110 110th NE, Suite 410, Bellevue, WA 98004 9401, Attn: Todd Wilson; (ii) proposed counsel for the Debtor, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), Attn: James O'Neill, Esq.; (iii) counsel to any statutory committee appointed in these cases; and (iv) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Jane Leamy, Esq. In the event no

DOCS_LA:284519.5

objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3.    The Debtor shall serve a copy of the Motion and this Interim Order on each Utility Company listed on the Utility Services List no later than two business days after the date this Interim Order is entered.

4.    No later than five business days after the date this Interim Order is entered, the Debtor shall cause the Adequate Assurance Deposit to be deposited into a segregated account and held during the pendency of this Case.

5.    The Adequate Assurance Deposit, together with the Debtor's ability to pay for future utility services in the ordinary course of business subject to the Adequate Assurance Procedures, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

6.    Until such time as the Court enters a final order on the Motion, all Utility Companies are prohibited from altering, refusing, or discontinuing services on account of any unpaid prepetition charges, the commencement of this Case, or any perceived inadequacy of the Proposed Adequate Assurance.

7.    The following Adequate Assurance Procedures are hereby approved on an interim basis:

a.    Any Utility Company that objects to the Debtor's Proposed Adequate Assurance must serve an Adequate Assurance Request on: i) the Debtor, 110 110th NE, Suite 410, Bellevue, WA  98004 9401, Attn:  Todd Wilson; (ii) proposed counsel for the

DOCS_LA:284519.5

Debtor, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801) Attn: James O'Neill, Esq.; (iii) counsel to any statutory committee appointed in these cases; and (iv) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Jane Leamy, Esq. (collectively, the "Notice Parties").

b.     Any Adequate Assurance Request must: (i) be made in writing; (ii) identify the location for which Utility Services are provided; (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits; and (iv) explain why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

c.     The Debtor is authorized to resolve, in its sole discretion, any Adequate Assurance Request by mutual agreement with a Utility Company and without further order of the Court and, in connection with any such agreement, in its sole discretion, provide a Utility Company with alternative adequate assurance of payment, without further order of the Court, if the Debtor believes such alternative assurance is reasonable.

d.     If the Debtor is unable to consensually resolve an Adequate Assurance Request by mutual agreement within 14 days of receipt of the Adequate Assurance Request, the Debtor will seek a hearing with the Court (the "Determination Hearing") to determine the appropriate amount of adequate assurance required with respect to such Adequate Assurance Request. Pending resolution of such Adequate Assurance Request at the Determination Hearing, the Utility Company shall be prohibited from altering,

4

refusing, or discontinuing services to the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

8.    The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

9.    All Utility Companies who do not file an objection or serve an Adequate Assurance Request shall be: (a) deemed to have received adequate assurance of payment "satisfactory" to such Utility Company in compliance with section 366 of the Bankruptcy Code; and (b) forbidden to discontinue, alter, or refuse services to, or discriminate against, the Debtor on account of any unpaid prepetition charges, or require additional assurance of payment other than the Proposed Adequate Assurance.

a.    The Debtor is authorized, in its sole discretion, to add or remove any Utility Company from the Utility Services List, and the Debtor shall add to or subtract from the Adequate Assurance Deposit an amount equal to one half of the Debtor's average monthly cost for each subsequently-added or removed Utility Company as soon as practicable.  For Utility Companies that are added to the Utility Services List, the Debtor will cause a copy of this Interim Order, including the Adequate Assurance Procedures, to be served on such subsequently added Utility Company.  Any Utility Company subsequently added to the Utility Services List shall be bound by the Adequate Assurance Procedures.

10.    The relief granted herein is for all Utility Companies providing Utility Services to the Debtor and is not limited to those parties or entities listed on the Utility Services List.

11.    The Debtor's service of the Motion upon the Utility Services List shall not constitute an admission or concession that each such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtor reserve all rights and defenses with respect thereto.

12.    The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Interim Order.

13.    Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtor, a waiver of the Debtor's rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

14.    The Debtor is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this Chapter 11 Case with respect to prepetition amounts owed in connection with any Utility Services.

15.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

16.     Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

17.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

18.     The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

19.     Notwithstanding anything to the contrary contained hereon, any payment to be made, or authorization contained hereunder, shall be subject to the requirements imposed on the Debtor pursuant to any DIP Facility as approved by the DIP Order and as set forth in the DIP Budget.

20.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: _____, 2015        _____
                                 UNITED STATES BANKRUPTCY JUDGE

DOCS_LA:284519.5

# EXHIBIT B

**Proposed Final Order**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HIPCRICKET, INC., | ) Case No. 15-10104 (___) |
| | ) |
| Debtor. [1] | ) |
| | ) |

**FINAL ORDER (A) APPROVING THE DEBTOR'S PROPOSED
ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY
SERVICES,(B) PROHIBITING UTILITY COMPANIES FROM ALTERING,
REFUSING, OR DISCONTINUING SERVICES, (C) APPROVING THE DEBTOR'S
PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE
REQUESTS, AND (D) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession

(the "Debtor") for entry of a final order (this "Final Order"),  (a) approving the Debtor's

Proposed Adequate Assurance of payment for future utility services, (b) prohibiting Utility

Companies from altering, refusing, or discontinuing services, (c) approving the Debtor's

proposed procedures for resolving Adequate Assurance Requests, and (d) granting related relief;

all as more fully set forth in the Motion; and upon the Wilson Declaration; and this Court having

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

*Order of Reference* from the United States District Court for the District of Delaware, dated

February 29, 2012; and this Court having found that this is a core proceeding pursuant to

28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of

---

[1]    The last four digits of the Debtor's tax identification number are 2076.  The location of the Debtor's headquarters
       and the service address for the Debtor is 110 110th Avenue NE. Suite 410, Bellevue, WA 98004.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

the United States Constitution; and this Court having found that venue of this proceeding and the

Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court may

enter a final order consistent with Article III of the United States Constitution; and this Court

having found that the relief requested in the Motion is in the best interests of the Debtor's estate,

its creditors, and other parties in interest; and this Court having found that the Debtor's notice of

the Motion and opportunity for a hearing on the Motion were appropriate and no other notice

need be provided; and this Court having reviewed the Motion and having heard the statements in

support of the relief requested therein at hearings before this Court (the "Hearings"); and this

Court having determined that the legal and factual bases set forth in the Motion and at the

Hearing establish just cause for the relief granted herein; and upon all of the proceedings had

before this Court; and after due deliberation and sufficient cause appearing therefor, it is

HEREBY ORDERED THAT:

       1.     Subject to the Adequate Assurance Procedures, the Motion is granted on a

final basis as set forth herein.

       2.     The Debtor shall cause a copy of the Motion and this Final Order to be

served on each Utility Company listed on the Utility Services List no later than two business

days after the date this Final Order is entered.

       3.     The Debtor is authorized to cause the Adequate Assurance Deposit to be

held in a segregated account during the pendency of these chapter 11 cases.

       4.     The Adequate Assurance Deposit, together with the Debtor's ability to pay

for future utility services in the ordinary course of business subject to the Adequate Assurance

Procedures, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

     5.     All Utility Companies are prohibited from altering, refusing, or discontinuing services on account of any unpaid prepetition charges, the commencement of this chapter 11 case, or any perceived inadequacy of the Proposed Adequate Assurance.

     6.     The following adequate assurance procedures (the "Adequate Assurance Procedures") are hereby approved:

     a.     Any Utility Company that objects to the Debtor's Proposed Adequate Assurance must serve an Adequate Assurance Request on:  i) the Debtor, 110 110th NE, Suite 410, Bellevue, WA  98004 9401, Attn:  Todd Wilson; (ii) proposed counsel for the Debtor, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801) Attn:  James O'Neill, Esq.; (iii) counsel to any statutory committee appointed in these cases; and (iv) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn:  Jane Leamy, Esq. (collectively, the "Notice Parties").

     b.     Any Adequate Assurance Request must:  (i) be made in writing; (ii) identify the location for which Utility Services are provided; (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits; and (iv) explain why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

3

c.     The Debtor is authorized to resolve, in its sole discretion, any

Adequate Assurance Request by mutual agreement with a Utility Company and without

further order of the Court and, in connection with any such agreement, in its sole discretion,

provide a Utility Company with alternative adequate assurance of payment, including cash

deposits, payments of prepetition balances, prepayments, or other forms of security, without

further order of the Court, if the Debtor believe such alternative assurance is reasonable.

d.     If the Debtor is unable to consensually resolve an Adequate

Assurance Request by mutual agreement within 14 days of receipt of the Adequate

Assurance Request, the Debtor will seek a hearing with the Court (the "Determination

Hearing") to determine the appropriate amount of adequate assurance required with respect

to such Adequate Assurance Request.  Pending resolution of such Adequate Assurance

Request at the Determination Hearing, the Utility Company shall be prohibited from altering,

refusing, or discontinuing services to the Debtor on account of unpaid charges for prepetition

services or on account of any objections to the Proposed Adequate Assurance.

7.     The Utility Companies are prohibited from requiring additional adequate

assurance of payment other than pursuant to the Adequate Assurance Procedures.

8.     All Utility Companies who do not file an objection or serve an

Adequate Assurance Request shall be:  (a) deemed to have received adequate assurance of

payment "satisfactory" to such Utility Company in compliance with section 366 of the

Bankruptcy Code; and (b) forbidden to discontinue, alter, or refuse services to, or discriminate

4

against, the Debtor on account of any unpaid prepetition charges, or require additional assurance of payment other than the Proposed Adequate Assurance.

        a.      The Debtor is authorized, in its sole discretion, to add or remove any Utility Company from the Utility Services List, and the Debtor shall add to or subtract from the Adequate Assurance Deposit an amount equal to one half of the Debtor's average monthly cost of utility service for each subsequently-added or removed Utility Company as soon as practicable. For Utility Companies that are added to the Utility Services List, the Debtor will cause a copy of this Final Order, including the Adequate Assurance Procedures, to be served on such subsequently added Utility Company. Any Utility Company subsequently added to the Utility Services List shall be bound by the Adequate Assurance Procedures.

        9.      The relief granted herein is for all Utility Companies providing Utility Services to the Debtor and is not limited to those parties or entities listed on the Utility Services List.

        10.      The Debtor's service of the Motion upon the Utility Services List shall not constitute an admission or concession that each such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtor reserves all rights and defenses with respect thereto.

        11.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely

5

on the Debtor's designation of any particular check or electronic payment request as approved by this Final Order.

12.    Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Final Order or any payment made pursuant to this Final Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtor, a waiver of the Debtor's rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

13.    The Debtor is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Utility Services.

14.    Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

15.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

16.    The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

17.    Notwithstanding anything to the contrary contained hereon, any payment to be made, or authorization contained hereunder, shall be subject to the requirements imposed

6

on the Debtor pursuant to any DIP Facility as approved by the DIP Order and as set forth in the

DIP Budget.

       18.    The Court retains exclusive jurisdiction with respect to all matters arising

from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: _____, 2015

 

_____

UNITED STATES BANKRUPTCY JUDGE

## Exhibit C

**Utility Services List**

## Utility Services List

| Utility Provider | Provider Address | Service Provided | Location | Average Monthly Expenditure[1] | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| 110 Atrium Place | P.O. Box 730726 Dallas, TX 75373 | Water/Electricity | Bellevue | $140 | $70 |
| Concourse Owner V/VI, LLC | PO Box 742305 Atlanta, GA 30374 | Water/Electricity | GA | $700 | $350 |
| Hardwell | 150 West 30th Street, 2nd Fl New York, NY 10001 | Water/Electricity | NY | $1,700 | $850 |
| Comcast | P.O. Box 34744 Seattle, WA 98124 | Cable | Bellevue | $115 | $57.50 |
| Comcast | P.O. Box 3001 Southeastern, PA 19398 | Cable | Chicago | $235 | $117.50 |
| TW Telecom | P.O Box 172567 Denver, CO 80217 | Internet | Bellevue | $1,100 | $550 |
| Citrix Online | File 50264 Los Angeles, CA 90074 | On-line meetings | | $232 | $116 |
| Cogent Communications | P.O. Box 791087 Baltimore, MD21279 | Internet | | $400 | $200 |
| Infinite | P.O. Box 836 Short Hills, NJ 07078 | Conference Bridge | | $1,000 | $500 |
| Verizon | P.O. Box 15124 Albany NY, 12212 | Telephone | | $285 | $142.50 |
| Verizon | P.O. Box 660108 Dallas, TX 75266-0108 | Verizon cards | | $1,500 | $750.00 |
| Vitelilty Communications | 317 Inverness Way South, Suite 140 Englewood, CO 80112 | Telephone | | $300 | $150 |
| WEBEX | 3979 Freedom Circle Santa Clara, CA 95054 | Web Conferencing | | $52 | $26 |

[1] Monthly amounts are based on the Debtor' average monthly expenditure for the twelve months ending December 31, 2014, or, if twelve months of information was not available, on available information or projected expenditures.

| Utility Provider | Provider Address | Service Provided | Location | Average Monthly Expenditure[1] | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| XO One and XO Communications | 14239 Collections Center Drive Chicago, IL 60693 | Telephone | NY | $6,000 | $3,000 |

2