# EXHIBIT A-2

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HIPCRICKET, INC., | ) Case No. 15-10104 (LSS) |
| | ) |
| Debtor. | ) **Related Docket No. 7** |

### ORDER AUTHORIZING AND APPROVING THE RETENTION OF RUST CONSULTING OMNI BANKRUPTCY AS NOTICE AND CLAIMS AGENT TO THE DEBTOR

Upon the application (the "Application") of the above-captioned debtor and debtor in possession (the "Debtor"), for entry of an order (this "Order") authorizing the retention of Rust Consulting Omni Bankruptcy, a division of Rust Consulting, Inc. ("Rust Omni") as claims and noticing agent ("Claims and Noticing Agent") pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code, and Local Rule 2002-1(f) to, among other things, (a) distribute required notices to parties in interest, (b) receive, maintain, docket, and otherwise administer the proofs of claim filed in the Debtor's chapter 11 case, and (c) provide such other administrative services – as required by the Debtor – that would fall within the purview of services to be provided by the Clerk's office; all as more fully set forth in the Application; and upon the Wilson Declaration; and upon the Osborne Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper

DOCS_LA:284666.3 36480/001

pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that notice of and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. Notwithstanding the terms of the Engagement Agreement attached to the Application, the Application is approved solely as set forth in this Order.

2. The Debtor is authorized to retain Rust Omni as Claims and Noticing Agent effective *nunc pro tunc* to the Petition Date under the terms of the Engagement Agreement, and Rust Omni is authorized and directed to perform noticing services and to receive, maintain, record, and otherwise administer the proofs of claim filed in this chapter 11 case, and all related tasks, all as described in the Application.

3. Rust Omni shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in this chapter 11 case and is authorized and directed to maintain the official claims register for the Debtor and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

4. Rust Omni is authorized and directed to obtain a post office box or address for the receipt of proofs of claim.

5. Rust Omni is authorized to take such other action to comply with all duties set forth in the Application.

6. The Debtor is authorized to compensate Rust Omni in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Rust Omni and the rates charged for each, and to reimburse Rust Omni for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Rust Omni to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

7. Rust Omni shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and shall serve monthly invoices on the Debtor, the office of the United States Trustee, counsel for the Debtor, counsel for any official committee monitoring the expenses of the Debtor, and any party in interest who specifically requests service of the monthly invoices.

8. The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Engagement Agreement or monthly invoices; provided, however, that the parties may seek resolution of the matter from this Court if resolution is not achieved.

9. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Rust Omni under this Order shall be an administrative expense of the Debtor's estate.

DOCS_LA:284666.3 36480/001

10. Rust Omni may apply its retainer to all prepetition invoices, which retainer shall be replenished to the original retainer amount, and thereafter, Rust Omni may hold its retainer under the Engagement Agreement during the chapter 11 case as security for the payment of fees and expenses incurred under the Engagement Agreement.

11. In the event Rust Omni is unable to provide the services set out in this Order, Rust Omni will immediately notify the Clerk and the Debtor's attorney and, upon approval of this Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtor's attorney.

12. The Debtor may submit a separate retention application, pursuant to 11 U.S.C. § 327 and/or any applicable law, for work that is to be performed by Rust Omni but is not specifically authorized by this Order.

13. The Debtor and Rust Omni are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

14. Notwithstanding any term in the Engagement Agreement to the contrary, this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

15. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

16. Rust Omni shall not cease providing claims processing services during the chapter 11 case for any reason, including nonpayment, without an order of this Court.

DOCS_LA:284666.3 36480/001

17. In the event of any inconsistency between the Engagement Agreement, the Application and this Order, this Order shall govern.

18. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

19. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

20. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

21. Notwithstanding anything to the contrary contained hereon, any payment to be made, or authorization contained hereunder, shall be subject to the requirements imposed on the Debtor pursuant to any DIP Facility as approved by the DIP Order and as set forth in the DIP Budget.

22. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: Jan 23, 2015

_____
The Honorable Laurie Selber Silverstein
United States Bankruptcy Judge

DOCS_LA:284666.3 36480/001