# EXHIBIT B-1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIPCRICKET, INC.,[1] | ) | Case No. 15-10104 (LSS) |
| | ) | |
| Debtor. | ) | |

**MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER (I) AUTHORIZING, BUT NOT REQUIRING, THE DEBTOR TO REMIT AND PAY CERTAIN PREPETITION SALES AND USE TAXES IN THE ORDINARY COURSE OF BUSINESS, AND (II) AUTHORIZING BANKS AND FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED THERETO**

The above-captioned debtor and debtor in possession (collectively, the "Debtor"), hereby moves this Court for entry of an order (i) authorizing, but not requiring the Debtor to remit and pay prepetition taxes as the Debtor, in its discretion, deems necessary; and (ii) authorizing financial institutions to receive, process, honor, and pay all checks issued and electronic payment requests made relating to the foregoing. In support of this motion (the "Motion"), the Debtor respectfully states as follows:

### Jurisdiction

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28

---

[1] The last four digits of the Debtor's tax identification number are 2076. The location of the Debtor's headquarters and the service address for the Debtor is 110 110th Avenue NE, Suite 410, Bellevue, WA 98004

DOCS_LA:284941.5 36480/001

DOCKET # 6

DATE 1-21-15

U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105(a), 363(b), 507(a)(8), and 541 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

**A.  General**

3. On January 20, 2015 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or an examiner in this case, and no official committee has yet been appointed by the Office of the United States Trustee.

4. The factual background regarding the Debtor, including its current and historical business operations and the events precipitating its chapter 11 filing, is set forth in detail in the *Declaration of Todd Wilson in Support of First Day Motions* (the "Wilson Declaration") filed concurrently herewith and fully incorporated herein by reference.

### The Debtor's Tax Obligations

5. The Debtor is licensed to operate in at least fourteen states,[2] Ontario, Canada and Quebec, Canada. In the ordinary course of business, the Debtor pays taxes,

---

[2] The states in which the Debtor is licensed to operate are: CA, IL, MI, NE, OR, AZ, FL, GA, MD, NC, NJ, NY, PA, TX and WA.

including, but not limited to, sales and use taxes, and other regulatory and licensing fees payable to governmental agencies necessary to operate its business (collectively, the "Taxes").[3] Taxes are remitted to various governmental bodies (the "Taxing Authorities") in accordance with the requirements of such Taxing Authorities. In particular, the Debtor pays on a routine basis sales and use taxes in Washington and New York, and business and occupation taxes in Washington and the City of Bellevue, Washington.

6. The Taxes are paid on a monthly basis or at the conclusion of each quarter in arrears. Accordingly, as of the Petition Date, the Debtor estimates that accrued prepetition taxes will be owing to the Taxing Authorities in the estimated amount of $15,000 on account of fourth quarter 2014 Taxes and any accrued Taxes in January 2015.

7. If the Debtor does not remit or pay Taxes in a timely manner, certain Taxing Authorities may attempt to suspend the Debtor's operations, file liens, seek to lift the automatic stay, and pursue other remedies that will harm the Debtor's chapter 11 estate. The Debtor's failure to pay the Taxes could have a material adverse impact on its ability to operate in the ordinary course of business. Any disputes that could impact its ability to conduct business in a particular jurisdiction could have a wide-ranging and adverse effect on the Debtor's operations as a whole.

### Relief Requested

8. By this Motion, the Debtor requests entry of an order, pursuant to sections 105(a), 363(b), 507(a)(8) and 541 of the Bankruptcy Code: (a) authorizing, but not directing, it

---

[3] Employment-related taxes are not addressed by this Motion. Employment-related taxes are addressed in the concurrently filed motion to pay employee wages and maintain benefits.

to pay or remit prepetition Taxes required to conduct the Debtor's business to the appropriate Taxing Authorities in an amount up to $20,000, in the ordinary course of the Debtor's business; and (b) authorizing financial institutions to receive, process, honor, and pay all checks issued and electronic payment requests made relating to the foregoing.[4] Such relief will be without prejudice to the Debtor's rights to contest the amounts of any Taxes on any grounds it deems appropriate.

9. Any failure to make the requested payments could cause: (a) the Taxing Authorities to initiate audits of the Debtor that would unnecessarily divert its attention away from its restructuring efforts; (b) certain Taxing Authorities to file liens, seek to lift the automatic stay, and pursue other remedies that will harm the Debtor's estate; and (c) certain of the Debtor's directors and officers to face personal liability—even if failure to pay such prepetition Taxes was not a result of malfeasance on their part—that would undoubtedly distract those key employees from its duties related to the Debtor's restructuring. Accordingly, the Debtor submits that authorization, but not direction, to pay Taxes as requested herein is both appropriate and necessary to its successful reorganization.

## Basis for Relief

10. Numerous grounds exist to authorize the payment of the prepetition Taxes, which payments are critical to the Debtor's continued and uninterrupted operations. The grounds include the following: (a) amounts collected on account of certain Taxes are not property of the

---

[4] By this Motion, the Debtor is not seeking authority to pay outstanding amounts owing to the State of New York for sales and use tax periods beyond those that are currently due. Such outstanding sales and use taxes will be addressed in the Debtor's plan.

estate under section 541(d) of the Bankruptcy Code; (b) portions of the Taxes may be entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code; (c) governmental entities may sue the Debtor's directors and officers, which will distract them from the Debtor's restructuring efforts; and (d) sections 105(a) and 363(b) of the Bankruptcy Code permit the Court to grant the relief sought.

A. **Certain Taxes Are Not Property of the Debtor's Estate**

11. To the extent that the Debtor has collected sales taxes from third parties, the Debtor submits that such amounts are not part of the Debtor's estate under section 541(a) of the Bankruptcy Code; rather, such amounts in certain jurisdictions constitute "trust fund" taxes that are held for the benefit of the Taxing Authorities. *See Begier v. Internal Revenue Serv.*, 496 U.S. 53 (1990) (taxes such as excise taxes, FICA taxes, and withholding taxes are property held by a debtor in trust for another and, as such, do not constitute property of the estate); *In re Calabrese*, 689 F.3d 312, 320-21 (3d Cir. 2012) (considered state law characterization of sales taxes as trust fund taxes but concluded that sales taxes are subject to section 507(a)(8)(C) of the Bankruptcy Code and are not dischargeable because of public policy concerns);[5] *City of Farrell v. Sharon Steel Corp.*, 41 F.3d 92, 95 (3d Cir. 1994); *In re Al Copeland Enters.*, 991 F.2d 233 (5th Cir. 1993) (debtor's prepetition collection of sales taxes and interest on the tax were held subject to trust for the state and were not property of the estate). *See also Official Comm. v. Columbia Gas Sys. Inc. (In re Columbia Gas Sys. Inc.)*, 997 F.2d 1039, 1057 (3d Cir. 1993)

---

[5] Discussing *Shank v. Wash State Dept. of Revenue Excise Tax Div. (In re Shank)*, 792 F.2d 829, 832 (9th Cir. 1986); *DeChiaro v. N.Y. State Tax Comm'n*, 760 F.2d 432, 435 (2d Cir. 1985); *Rosenow v. State of Ill. Dep't of Revenue (In re Rosenow)*, 715 F.2d 277, 279 (7th Cir. 1983).

(refunds collected under federal law are trust funds and not property of the estate). Accordingly, because payment of these Taxes does not implicate property of the estate—*i.e.*, such funds will not otherwise be available to the Debtor's estate or its creditors—payment or remittance should be authorized.

### B. Failure to Pay the Taxes May Leave the Debtor's Officers Personally Liable for Such Taxes

12. Many state statutes, including those of certain states in which the Debtor does business, hold officers and directors of collecting entities personally liable for sales and use taxes owed by those entities. To the extent that any Taxes remain unpaid by the Debtor, the officers and directors of the Debtor may be subject to lawsuits during the pendency of this Chapter 11 case. *See* John F. Olson, et al., *Director & Officer Liability: Indemnification & Insurance* § 3.04, at 3-20.27 (rel.10-1999) ("some states hold corporate officers personally liable for any sales tax and penalty owed and not paid by the corporation, regardless of cause"); J. DiGiuseppe, *What Every Tax Practitioner Needs to Know About Trust Fund Taxes and Responsible Person Liability in Bankruptcy*, 17 Prac. Tax Law. 7 (No. 1 Fall 2002). *See also* Arthur Rosen & Walter Nagel, "Sale and Use Taxes: General Principles," 1300-2nd Tax Mgmt. (BNA) Corporate Income Taxes §1300.11. Any such lawsuit (and the ensuing potential liability) would distract the Debtor and its officers and directors in its efforts to maximize value for the estate to the detriment of all parties in interest in this chapter 11 case, and could result in indemnification claims.

C. **Certain Taxes Are Entitled to Priority Status Under the Bankruptcy Code**

13. In addition, it is likely that some of the Taxes are entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code. *See* 11 U.S.C. § 507(a)(8)(A) (taxes measured on gross income); 11 U.S.C. § 507(a)(8)(C) ("trust fund" taxes); 11 U.S.C. § 507(a)(8)(E) (excise taxes). *See also Calabrese,* 689 F.3d at 320-21 (sales taxes have section 507(a)(8)(C) priority). Under any plan of reorganization, priority taxes must be paid in full and in regular cash installments over no more than a five-year period from the date of the order for relief. *See* 11 U.S.C. § 1129(a)(9)(C)(i)-(ii). Priority taxes must be paid in the order of priority no less favorable than the treatment given to the most favored general unsecured claims. *See* 11 U.S.C. § 1129(a)(9)(C)(iii). Any plan must provide the same treatment of those taxes that constitute secured claims that, were they unsecured, would have been priority tax claims under section § 507(a)(8). *See* 11 U.S.C. § 1129(a)(9)(D). Thus, in many cases, the payment of the Taxes that are entitled to such priority in the ordinary course of the Debtor's business only affects the timing of the payment and does not prejudice the rights of other creditors of the Debtor.

D. **Sections 363 and 105(a) Also Justify Payment of Prepetition Taxes**

14. Courts have also authorized debtors to pay the types of Taxes described in this Motion under section 363(b)(1) of the Bankruptcy Code, which provides that "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11. U.S.C. § 363(b)(1).[6] Under such section, a court may authorize a

---

[6] Payment of taxes are generally payments in the ordinary course of business that do not require notice and a hearing. 11 U.S.C. § 363(c)(1).

7

debtor to pay certain prepetition claims. *See In re FV Steel & Wire Co.*, Case No. 04-22421 (Bankr. E.D. Wis. Feb. 26, 2004) (authorizing the payment of prepetition claims under section 363 of the Bankruptcy Code); *In re UAL Corp.*, Case No. 02-48191 (Bankr. N.D. Ill. Dec. 9, 2002) (authorizing payment of prepetition claims under section 363 of the Bankruptcy Code as an out-of-the-ordinary-course transaction); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (affirming lower court order authorizing payment of prepetition wages pursuant to section 363(b) of the Bankruptcy Code).

15. To do so, "the debtor must articulate some business justification, other than the mere appeasement of major creditors." *Ionosphere Clubs*, 98 B.R. at 175. As discussed herein, the Debtor's failure to pay Taxes could have a material adverse impact on its ability to operate in the ordinary course of business.

16. Further, section 105(a) of the Bankruptcy Code provides that "(t)he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *See* 11 U.S.C. § 105(a). The purpose of section 105(a) is "to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 *Collier on Bankruptcy* ¶ 105.01 (16th ed. 2014). Thus, section 105 essentially codifies the bankruptcy court's inherent equitable powers. *See Mgm't Tech. Corp. v. Pardo*, 56 B.R. 337, 339 (Bankr. D.N.J. 1985) (noting that the court's equitable power is derived from section 105). Numerous courts have used section 105 equitable powers under the "necessity of payment doctrine" to authorize payment of a debtor's prepetition obligations where, as here, such payment is necessary to effectuate the "paramount purpose" of a chapter 11

reorganization. *See In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981); *In re Ionosphere Clubs, Inc.*, 98 B.R. at 176-77 (citing *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 528 (1984)); *In re Just for Feet, Inc.*, 242 B.R. 821, 826 (D. Del. 1999) ("The Supreme Court, the Third Circuit and the District of Delaware all recognize the court's power to authorize payment of pre-petition claims when such payment is necessary for the debtor's survival during chapter 11.").

17. Indeed, in numerous chapter 11 cases, this Court has exercised its equitable powers under section 105 of the Bankruptcy Code to authorize debtors to pay a variety of prepetition claims of creditors, including claims similar to the prepetition Taxes described herein. *See, e.g., In re Deb Stores Holding LLC*, Case No. 14-12676, ECF No. 49 (KG) (Bankr. D. Del. Dec. 5, 2014); *In re Ablest, Inc.*, Case No. 14-10717, ECF No. 49 (KJC) (Bankr. D. Del. Apr. 2, 2014); *In re Savient Pharmaceuticals, Inc.*, Case No. 13-12680, ECF No. 44 (MFW) (Bankr. D. Del. Oct. 16, 2013); *In re Furniture Brands Int'l, Inc.*, Case No. 13-12329, ECF No. 71 (CSS) (Sept. 11, 2013); *In re Exide Technologies*, Case No. 13-11482, ECF No. 71 (KJC) (Bankr. D. Del. June 11, 2013); *In re Synagro Technologies*, Case No. 13-11041 (BLS), ECF No. 43 (Bankr. D. Del. Apr. 25, 2013); *In re ICL Holding Company*, Case No. 12-13319, ECF No. 64 (KG) (Bankr. D. Del. Dec. 13, 2012); *In re WP Steel Venture LLC*, Case No. 12-11661, ECF No. 63 (KJC) (Bankr. D. Del. June 1, 2012); *In re NewPage Corp.*, Case No. 11-12804, ECF No. 62 (KG) (Bankr. D. Del. Sept. 8, 2011); *In re DSI Holdings*, Case No. 11-11941, ECF No. 47 (KJC) (Bankr. D. Del. June 28, 2011); *In re Harry & David Holdings*, Case No. 11-

9

10884, ECF No. 48 (MFW) (Bankr. D. Del. Mar. 29, 2011).[7] The Debtor submits that the present circumstances warrant similar relief in this chapter 11 case to preserve the Debtor's assets and avoid business interruption.

18. In sum, payment of these Taxes is critical to the Debtor's continued and uninterrupted operations. Nonpayment may cause the Taxing Authorities to take precipitous actions, including but not limited to, conducting audits, filing liens, seeking to impose liability against the Debtor and its directors and officers, and, if applicable, seeking to lift the automatic stay, all of which would disrupt the Debtor's day-to-day operations and could potentially impose significant costs on the Debtor's estate. Payment of the Taxes will avoid these unnecessary and potentially costly governmental actions.

### Waiver of Bankruptcy Rules 6003 and 6004

19. Pursuant to Rule 6003(b) of the Federal Rules of Bankruptcy Procedure, "a motion to pay all or part of a claim that arose before the filing of the petition" shall not be granted by the Court within 21 days of the Petition Date "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm . . . ." Fed. R. Bankr. P. 6003(b). For the reasons described herein and as supported by the Wilson Declaration, the Debtor submits that the requirements of Rule 6003 have been met and that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate. To implement the foregoing successfully, the Debtor seeks a waiver of the requirements under Bankruptcy Rule

---

[7] Because of the voluminous nature of the orders cited herein, they are not attached to this Motion. Copies of these orders, however, are available upon request.

6004, including the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h), to the extent these rules are applicable.

### Reservation of Rights

20. Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtor, a waiver of the Debtor's rights to dispute any claim, applicability of any law, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code. The Debtor expressly reserves its rights to contest any invoice, claim and/or lien with respect to the Taxes in accordance with applicable bankruptcy and nonbankruptcy law.

### Notice

21. The Debtor has provided notice to the following parties or, in lieu thereof, to their counsel: (i) the Office of the United States Trustee; (ii) the Debtor's secured lender, Fast Pay, LLC, and (iii) Debtor's proposed purchaser and post-petition lender SITO Mobile, Ltd. Because the Motion is seeking "first day" relief, within two business days after the hearing on the Motion, the Debtor will serve copies of the Motion and any order entered respecting the Motion as required by Delaware Local Bankruptcy Rule 9013-1(m). The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

22. No prior application for the relief requested herein has been made to this or any other court. Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtor consents to the entry of a final judgment or order with respect to the Motion if it is determined that this Court

11

would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court enter an order granting the relief requested herein and granting such other and further relief as the Court deem appropriate.

Dated: January 20, 2015

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*

Ira D. Kharasch (CA Bar No. 109084)
Linda F. Cantor (CA Bar No. 153672)
James O'Neill (DE Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
E-mail:     ikharasch@pszjlaw.com
            lcantor@pszjlaw.com
            joneill@pszjlaw.com

[Proposed] Counsel to Debtor and
Debtor in Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| HIPCRICKET, INC.,[1] ) | Case No. 15-10104 (___) |
| ) | |
| Debtor. ) | |

**ORDER (I) AUTHORIZING, BUT NOT REQUIRING, THE DEBTOR TO REMIT AND PAY CERTAIN PREPETITION SALES AND USE TAXES IN THE ORDINARY COURSE OF BUSINESS, AND (II) AUTHORIZING BANKS AND FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED THERETO**

Upon the motion (the "Motion") of the above captioned debtor and debtor in possession (the "Debtor") for entry of an order (i) authorizing, but not requiring, the Debtor to remit and pay prepetition Taxes[2] as the Debtor, in its discretion, deems necessary, and, (ii) authorizing financial institutions to receive, process, honor, and pay all checks issued and electronic payment requests made relating to the foregoing; and it appearing that jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334 as is venue pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and it appearing that such relief is necessary to avoid immediate and irreparable harm, meaning that the requirements of Rule 6003 of the Federal Rules of Bankruptcy Procedure have been satisfied; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due

---

[1] The last four digits of the Debtor's tax identification number are 2076. The location of the Debtor's headquarters and the service address for the Debtor is 110 110th Avenue NE. Suite 410, Bellevue, WA 98004

[2] Terms not defined herein shall have the meaning ascribed to them in the Motion.

DOCS_LA:284941.5 36480/001

deliberation thereon; and good and sufficient cause appearing therefor; it is HEREBY ORDERED THAT:

1. The Motion is GRANTED;

2. The Debtor is authorized, in its sole discretion, to pay and remit Taxes as necessary to operate its business that the Debtor incurs or collects in the ordinary course of business on behalf of the Taxing Authorities up to $20,000.

3. All banks and other financial institutions on which checks were drawn or electronic payment requests were made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment.

4. The Debtor is authorized to reissue any check, electronic payment, or otherwise, which was drawn in payment of any prepetition amount that is not cleared by a depository.

5. Nothing in the Motion or this Order, nor as a result of the Debtor's payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the extent, validity, perfection or priority of any claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any claim and/or lien or (c) an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code.

6. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this order.

7. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9. Notwithstanding anything to the contrary contained hereon, any payment to be made, or authorization contained hereunder, shall be subject to the requirements imposed on the Debtor pursuant to any DIP Facility as approved by the DIP Order and as set forth in the DIP Budget.

10. Notwithstanding the possible applicability of Federal Rules of Bankruptcy Procedure 6004(h), 7062, 9014, or otherwise, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2015

_____
United States Bankruptcy Judge

DOCS_LA:284941.5 36480/001