# EXHIBIT 5

**Blackline of Proposed Bid Procedures Order**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIPCRICKET, INC.,[1] | ) | Case No. 15-10104 (‑‑‑‑LSS) |
| | ) | |
| Debtor. | ) | |

**ORDER (A) APPROVING BID PROCEDURES FOR THE SALE OF
SUBSTANTIALLY ALL OF DEBTOR'S ASSETS OUTSIDE
THE ORDINARY COURSE OF BUSINESS; (B) SCHEDULING AN AUCTION
AND HEARING TO CONSIDER THE SALE AND APPROVE THE
FORM AND MANNER OF NOTICE RELATED THERETO; (C) APPROVING
PAYMENT OF A BREAK-UP FEE AND EXPENSE REIMBURSEMENT;
AND (D) GRANTING RELATED RELIEF**

Upon consideration of the *Motion for Order (A) Approving Bid Procedures for the Sale of Substantially All of Debtor's Assets Outside the Ordinary Course of Business; (B) Scheduling an Auction and Hearing to Consider the Sale and Approve the Form and Manner of Notice Related Thereto; (C) Approving Payment of a Break-Up Fee and Expense Reimbursement; and (D) Granting Related Relief* [Docket No. ~~1~~ (12] (as modified as set forth in the *Notice of Errata Re: Bid Procedures* [Docket No. ___], the "Motion")[~~1~~ 2] filed by Hipcricket, Inc. (the "Debtor") for the entry of an order (the "Bid Procedures Order" or this "Order"), *inter alia*, (i) approving the proposed auction and bidding procedures (the "Bidding Procedures") for the sale of substantially all the Debtor's assets (the "Acquired Assets"); (ii) scheduling an auction (the "Auction") and sale hearing (the "Sale Hearing") to consider the sale of the Acquired Assets to SITO Mobile, Ltd. (the "Purchaser" or "Stalking Horse Bidder") in accordance with that certain Asset Purchase Agreement dated January ~~___~~ 20, 2015 (as

---

[1] The last four digits of the Debtor's tax identification number are 2076. The location of the Debtor's headquarters and the service address for the Debtor is 110 110th Avenue NE. Suite 410, Bellevue, WA 98004.

[~~1~~ 2] Capitalized terms used but not defined, herein shall have the same meanings ascribed to them in the Motion or in the Stalking Horse Agreement, as applicable.

amended or modified in accordance with its terms, the "Stalking Horse Agreement"), or alternatively, to a party who submits a higher and better offer for the Acquired Assets at auction (the "Successful Bidder"), for the purchase of the Acquired Assets; and approve the form and manner of notice related thereto; (iii) approving the proposed bid protections, including, without limitation, the break-up fee (the "Break-Up Fee") and expense reimbursement (the "Expense Reimbursement") to the Stalking Horse Bidder; and it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors, and other parties-in-interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefor, it is hereby:

**FOUND AND DETERMINED THAT:**

A.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought in the Motion are Bankruptcy Code Sections 105, 363, 365, and 503[2] and Bankruptcy Rules 2002, 6004, and 6006. Venue for these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.   Notice of the Motion, the proposed entry of the Bid Procedures Order, the Bidding Procedures, the Auction, and the hearing on the Motion (the "Bidding Procedures Hearing") has been provided as set forth in the Motion. The Debtor's notice of the Motion, the proposed entry of the Bid Procedures Order, the Bidding Procedures, the Auction, and the Bidding Procedures Hearing is appropriate and reasonably calculated to provide all interested

---

[2] All section references herein shall be to title 11 of the United States Code, unless otherwise indicated.

2

parties with timely and proper notice under Bankruptcy Rules 2002, 4001, 6004, and 6006, and no other or further notice of, or hearing on, the Motion or this Bid Procedures Order is required.

C. The Debtor's proposed notices of sale procedures, auction date and sale hearing and of the Successful Bidder (such notice to be filed pursuant to paragraphs 9 - 11 below) are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of each of the foregoing.

D. The Bidding Procedures, substantially in the form attached hereto as **Exhibit 1**, and as set forth in the Motion and as approved by this Order below, are fair, reasonable, and appropriate and are designed to maximize the value of the Debtor's estate.

E. The Debtor has demonstrated a compelling and sound business justification for approving the payment of the Break-Up Fee and Expense Reimbursement under the circumstances and timing set forth in the Motion and the Stalking Horse Agreement.

F. The Debtor's granting of bid protections to the Stalking Horse Bidder is (a) an actual and necessary cost and expense of preserving the Debtor's estate, within the meaning of section 503(b) of the Bankruptcy Code, (b) of substantial benefit to the Debtor's estate, (c) effectively compensates the Stalking Horse Bidder for its efforts and expenditure of human and monetary capital necessary to drive the entire auction process, and (d) fair, reasonable and appropriate, in light of, among other things, (i) the size and nature of the proposed sale of the Acquired Assets, (ii) the substantial efforts that have been expended by the Stalking Horse Bidder, and (iii) the benefits the Stalking Horse Bidder has provided to the Debtor's estate and creditors and all parties-in-interest herein.

G.  The Debtor has (i) articulated good and sufficient reasons to this Court to grant the relief requested in the Motion and the Stalking Horse Agreement, and (ii) demonstrated sound business justifications to support such relief.

H.  Entry of this Bid Procedures Order is in the best interests of the Debtor and its estate and creditors, and all other parties-in-interest. It is therefore:

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is hereby GRANTED as set forth herein, and further the Bidding Procedures, including references to the Stalking Horse Agreement, are hereby APPROVED, and fully incorporated into this Bid Procedures Order, and shall apply with respect to the proposed sale of the Acquired Assets contemplated by the Motion. The Debtor is authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

2. All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced at the hearing on the Motion, or resolved by stipulation signed by the Debtor and filed with this Court, are overruled on their merits.

**I.  AUCTION AND BIDDING PROCEDURES**

3. The Debtor is authorized to conduct an auction (the "<u>Auction</u>") with respect to the Acquired Assets. The Auction, if any, shall be conducted at the offices of Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017-2024 (the "<u>Auction Site</u>") at 10:00 a.m. (Eastern Time) on _____, 2015 (the "<u>Auction Date</u>"), or, upon the consent of the Purchaser, at such other place and time as the Debtor shall notify all other Qualified Bidders who have submitted Qualified Bids. The Debtor is authorized, subject to

the terms of this Bid Procedures Order, to take all actions necessary, in the discretion of the Debtor, to conduct and implement such Auction.

4. The Debtor may (i) select, in its business judgment, pursuant to the Bidding Procedures, the highest or otherwise best offer and the Successful Bidder, and (ii) reject any bid that, in the Debtor's business judgment, is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules or the Bidding Procedures, or (c) not in the best interests of the Debtor and its estate, creditors, interest holders or parties-in-interest.

5. The failure to specifically include or reference any particular provision, section or article of the Bidding Procedures in this Bid Procedures Order shall not diminish or impair the effectiveness of such procedures, it being the intent of this Court that the Bidding Procedures be authorized and approved in their entirety.

6. Subject to the terms of the Stalking Horse Agreement, the Stalking Horse Bidder is deemed to be a Qualified Bidder, and the Stalking Horse Bidder's bid for the Acquired Assets is deemed a Qualified Bid. In the event there are no other Qualifying Bids, the Debtor shall accept the Stalking Horse Bid as the Successful Bid, subject to the terms of the Stalking Horse Agreement.

## II. THE BIDDING PROTECTIONS

7. Pursuant to sections 105, 363, 503, and 507 of the Bankruptcy Code, the Debtor is hereby authorized to pay the Break-Up Fee and Expense Reimbursement pursuant to the terms and conditions set forth in the Stalking Horse Agreement and the Bidding Procedures.

8.  The Break-Up Fee and Expense Reimbursement are hereby approved and shall, if payable, be paid to the Stalking Horse Bidder as and to the extent set forth in the Stalking Horse Agreement.

## III.  ADDITIONAL NOTICE PROVISIONS

9.  Within three (3) business days after the entry of this Bid Procedures Order (the "Mailing Date"), the Debtor (or its agents) shall serve the Sale and Bid Procedures Notice, substantially in the form attached hereto as **Exhibit 2**, which form is hereby approved, by first-class mail, postage prepaid, upon (a) the Office of the United States Trustee; (b) any appointed official committee of unsecured creditors; (c) the twenty largest unsecured creditors of the Debtor; (d) all parties who are known by the Debtor to assert liens with respect to the Acquired Assets; (e) all entities who executed non-disclosure agreements with the Debtor in connection with a potential acquisition of any or all of the Acquired Assets or who otherwise have expressed to the Debtor an interest in purchasing the Acquired Assets or whom the Debtor believes may have an interest in bidding; (f) the Stalking Horse Bidder and its counsel; and (f) all parties who have timely filed requests for notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure.

10.  By the Mailing Date, or as soon thereafter as practicable, the Debtor (or its agents) shall serve by first-class mail, postage prepaid, a sale notice, substantially in the form attached hereto as **Exhibit 3** (the "Creditor Notice"), which form is hereby approved, upon all other known creditors of the Debtor.

11.  By the Mailing Date, or as soon thereafter as practicable, the Debtor (or its agents) shall serve by first-class mail, postage prepaid, a sale notice, substantially in the form attached hereto as **Exhibit 4** (the "Assumption/Assignment Notice"), which form is hereby

―――――――――――――――――――――――6
~~DOCS_LA:285411.1~~

6

DOCS_LA:285414.2
DOCS_LA:285416.1

approved, upon those holders of unexpired leases or executory contracts whose agreements may be assumed by the Debtor and assigned to the Purchaser (or Successful Bidder).

12. As soon as reasonably practicable after the Auction or, if there are no Qualified Bids other than the Stalking Horse Bidder's bid, within three (3) days after the Bid Deadline, the Debtor shall file with this Court a notice of the Successful Bidder, which identifies the Successful Bidder.

13. <u>As soon as reasonably practicable after the entry of this Order, the Debtor may, in its discretion after consultation with the Stalking Horse Bidder, cause to be published the Creditor Notice or substantially similar notice once in the national edition of *USA Today* or other comparable national publication.</u>

## IV. ADDITIONAL PROVISIONS

14. ~~13.~~The Debtor is authorized and empowered to take such actions as may be necessary to implement and effect the terms and requirements established under this Bid Procedures Order subject to the provisions contained herein.

15. ~~14.~~A Sale Hearing to approve the sale of the Acquired Assets to any Successful Bidder shall be held at __:__ _.m. (prevailing Eastern Time) on _____, 2015.

16. ~~15.~~Objections, if any, to the Sale and the Sale Motion must be filed on or before 4:00 p.m. (prevailing Eastern Time) on _____, 2015 (the "Sale Objection Deadline") and served on (i)~~15.~~ the Debtor, Hipcricket, Inc. c/o Todd Wilson, Chief Executive Officer, 110 110th Avenue NE, Suite 410, Bellevue, Washington 98005, facsimile: 425-449-4286; (ii)~~15.~~ Debtor's counsel, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19899, Attn: James O'Neill, joneill@pszjlaw.com; Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067,

Attn: Ira Kharasch and Linda Cantor, ikharasch@pszjlaw.com and lcantor@pszjlaw.com; (iii) ~~15.~~ counsel to the Stalking Horse Bidder, Greenberg Traurig, LLP, 200 Park Avenue, New York, NY 10166, Attn: Matthew Hinker and Joseph Gangitano, hinkerm@gtlaw.com and gangitanoj@gtlaw.com; (iv)~~15.~~ counsel to any Committee of Unsecured Creditors; and (v)~~15.~~ the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801, Attn: _____, _____@usdoj.gov (collectively, the "Notice Parties"), so as to be received by _____, 2015, at 4:00 p.m. (Eastern Time).

17. ~~16.~~ This Bid Procedures Order shall be binding on the Debtor, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estate of the Debtor. Certain provisions of this Bid Procedures Order that relate to bid protections shall inure to the benefit of the Stalking Horse Bidder and its affiliates, successors and assigns to the extent provided for by the Stalking Horse Agreement.

18. ~~17.~~ This Bid Procedures Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

19. ~~18.~~ Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, 9014, or otherwise, this Court, for good cause shown, orders that the terms and conditions of this Bid Procedures Order shall be immediately effective and enforceable upon its entry.

20. ~~19.~~ This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Bid Procedures Order, including, but not limited to, any matter, claim or dispute arising from or relating to the Break-Up Fee and

Expense Reimbursement, the Stalking Horse Agreement, the Bidding Procedures, and the implementation of this Bid Procedures Order.

21.    ~~20.~~ In any event of a conflict among this Bid Procedures Order, the Bidding Procedures and the Stalking Horse Agreement, this Bid Procedures Order shall govern.

Dated: _____, 2015

_____
The Honorable ~~_____~~ Laurie Selber Silverstein
United Sates Bankruptcy Judge
