IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIPCRICKET, INC., | ) | Case No. 15-10104 (LSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |

Hearing Date: February 18, 2015 @ 2:00 p.m.
Objection Deadline: February 11, 2015 @ 4:00 p.m.

**DEBTOR'S APPLICATION PURSUANT TO SECTION 327(e)
OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1
FOR AUTHORIZATION TO EMPLOY AND RETAIN PERKINS COIE, LLP
AS SPECIAL CORPORATE COUNSEL FOR THE DEBTOR AND
DEBTOR IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

Hipcricket, Inc., the debtor and debtor in possession in the above-captioned case (the "Debtor"), hereby seeks entry of an order pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules" or "Del. Bankr. LR") authorizing the Debtor's retention and employment of Perkins Coie, LLP ("Perkins Coie") as counsel for the Debtor *nunc pro tunc* to the Petition Date (the "Application"). In support of the Application, the Debtor relies on (i) the *Statement Under Rule 2016 of the Federal Rules of Bankruptcy Procedure and Section 329 of the Bankruptcy Code*, and (ii) the *Affidavit of Faith M. Wilson in Support of Debtor's Application Pursuant to Section 327(e) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for*

*Authorization to Employ and Retain Perkins Coie, LLP as Special Corporate Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date* (the "<u>Faith Wilson Affidavit</u>"), which are being submitted concurrently with the Application. In support of this Application, the Debtor respectfully represents as follows:

### **<u>Jurisdiction</u>**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief sought herein are sections 327(e), 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2014(a).

### **<u>Background</u>**

3. On January 20, 2015 (the "<u>Petition Date</u>"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 the Bankruptcy Code.

4. The Debtor has continued in possession of its property and has continued to operate and manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No request has been made for the appointment of a trustee or an examiner in this case and no official committee has yet been appointed by the Office of the United States Trustee.

6. The factual background regarding the Debtor, including its current and historical business operations and the events precipitating the chapter 11 filing, are set forth in

detail in the *Declaration of Todd Wilson in Support of First Day Motions* (the "<u>Wilson Declaration</u>") previously filed and incorporated herein by reference.

### Relief Requested

7.       By this Application, the Debtor seeks the entry of an order approving the employment of Perkins Coie as special corporate counsel pursuant to section 327(e) of the Bankruptcy Code *nunc pro tunc* to the Petition Date pursuant to the terms of the Engagement Letter of December 16, 2014, attached hereto as **Exhibit A** (the "<u>Engagement Letter</u>"). Prior to the Petition Date, Perkins Coie served as the Debtor's corporate counsel in connection with its corporate and securities matters and represented the Debtor and certain of its officers and directors in an ongoing stockholder lawsuit. Accordingly, the Debtor respectfully requests the entry of an order pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1 authorizing it to continue to employ and retain Perkins Coie as its special corporate counsel in the ordinary course of business, as of the Petition Date and thereafter *nunc pro tunc* to the Petition Date.

8.       The Debtor seeks to retain Perkins Coie as its special corporate counsel because of its extensive experience and knowledge in areas in which it will be engaged. Due to Perkins Coie's familiarity with the Debtor's business and its corporate and securities issues, employment of alternate special counsel would not be cost effective. As such, the Debtor desires to continue to employ Perkins Coie post-petition as special corporate counsel pursuant to the terms and conditions outlined below. The Debtor believes that the Perkins Coie is unique in its

qualification to provide the necessary services due to its familiarity with the case and because employment of Perkins Coie is cost effective.

9. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to Perkins Coie on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Perkins Coie. The principal attorneys and paralegals presently designated to represent the Debtor and their current standard hourly rates are:

      a.    Faith Wilson, Esq.    $550

      b.    Flore Kanmacher, Esq.    $535

      c.    John Kaplan, Esq.    $595

10. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Debtor in connection with the matters described herein.

11. The hourly rates set forth above are Perkins Coie's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Perkins Coie for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Perkins Coie's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, conference call charges, mail and express mail charges, special or hand delivery charges, document retrieval charges, document filing charges, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by Perkins Coie to outside

copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. Perkins Coie will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to Perkins Coie's other clients. Perkins Coie believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

12.     The professional services that Perkins Coie will render to the Debtor include, but shall not be limited to, the following:

    a.     to continue to render corporate law advice regarding the sale of the Debtor's assets as requested by the Debtor;

    b.     to continue to render corporate law advice and securities law advice as requested by the Debtor;

    c.     to appear, to the extent required of special corporate counsel, in Court relating to business and corporate matters, and matters related or incidental thereto of the Debtor before the Court; and

    d.     to perform such other corporate legal services for the Debtor that may be necessary and proper in this Chapter 11 Case.

13.     As stated above, Perkins Coie represented the Debtor as its corporate counsel prior to the Petition Date. As a result of Perkins Coie's prepetition representation of the Debtor, Perkins Coie holds a pre-petition claim against the estate in the approximate amount of $525,500 (the "Claim"). However, the Debtor believes that the Claim will in no way impair

Perkins Coie's independence or ability to objectively perform the required services for the Debtor. In connection with the Claim, the Debtor has advised Perkins Coie that the Claim will be treated in the same manner as other pre-petition claims. As such, due to Perkins Coie's comprehensive understanding of the Debtor's affairs, the Debtor requests that this Court authorize the employment of Perkins Coie on behalf of the Debtor.

14. Prior to the Petition Date, in December 2014 and January 2015, Perkins Coie received $157,000 in the aggregate as an advanced-payment retainer for its work to be performed under the Engagement Letter, all of which was applied prior to the Debtor's filing of its bankruptcy petition except $15,137.50 of the retainer remains in trust. Perkins Coie will request the authority to apply this retainer to its pre-petition fees incurred after receipt of the retainer, consistent with the Engagement Letter. In addition to the advanced-payment retainer, Perkins Coie received $118,521.74 for payment of fees and expenses in the 90-day period prior to the Petition Date.

15. Under Section 327(e) of the Bankruptcy Code, the Court may authorize the Debtor to employ Perkins Coie despite the existence of the Claim, provided Perkins Coie does not hold or represent any interest adverse to the Debtor or to the estate on the matters for which its employment is proposed. As disclosed in the Wilson Declaration, the Debtor believes that no such adverse interest exists here.

16. Due to Perkins Coie's familiarity with the Debtor's affairs, the Debtor believes that the employment of Perkins Coie will inure to the economic advantage of the estate

since the Debtor will not have to employ and educate other counsel unfamiliar with the issues underlying the corporate matters for which the Debtor seeks to have Perkins Coie employed.

17. As such, the Debtor requests that this Court authorize the employment of Perkins Coie to continue to serve as Debtor's special corporate counsel relative to its corporate and securities matters.

## Basis For Relief

18. Section 327 of the Bankruptcy Code provides for the employment of professionals. It authorizes a trustee or debtor in possession to employ professionals, such as attorneys, "that do not hold or represent an interest adverse to the estate, and that are disinterested persons." 11 U.S.C. § 327(a). An exception to section 327(a) is found in section 327(e). Section 327(e) allows the trustee, or as here, a debtor in possession, with court approval, to employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if such is in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matters on which such attorney is to be employed. *See In re J.S. II, LLC* 371 B.R. 311 (Bankr. N.D. Ill 2007); *I.G. Petroleum, L.L.C. v. Fenasci (In re West Delta Oil Co., Inc.)*, 432 F.3d 347, 354 (5th Cir. 2005); *Film Ventures Int'l, Inc. v. Asher (In re Film Ventures Int'l, Inc.)*, 75 B.R. 250, 252 (9th Cir. BAP 1987); *In re LaRosa*, 364 B.R. 612 (Bankr. N.D. W.Va. 2007).

19. There is no requirement under section 327(e) that special counsel be disinterested. *See Film Ventures Int'l*, 75 B.R. at 252. The purpose of section 327(e) is to "allow counsel who cannot meet the disinterested requirement of § 327(a) [to] nevertheless render

valuable services to the debtor in matters where counsel has no adverse interest." *In re Tidewater Mem'l Hosp., Inc.*, 110 B.R. 221, 227 (Bankr. E.D. Va.1989)

20. Accordingly, retention of special counsel is permissible so long as: (a) the appointment is in the best interest of the debtor's estate; (b) counsel does not hold an interest adverse to the estate with respect to the subject matter of its retention; and (c) the engagement does not amount to conducting the bankruptcy case for the debtor in possession. *See In re DeVlieg, Inc.*, 174 B.R. 497 (N.D. Ill. 1994). *See also In re AroChem*, 176 B.R. 616, 622 (Bankr. M.D. Fl 1994) (noting that "where the interest of the special counsel and the interest of the estate are identical with respect to the matter for which special counsel is retained, there is no conflict and the representation can stand").

21. Here, the employment and retention of Perkins Coie is in the best interest of the Debtor's estate. Among other things, Perkins Coie has been working with the Debtor on its corporate and securities matters since April 2013 and has represented the Debtor and certain of its officers and directors in various litigation matters since December 2011. Thus, Perkins Coie is extremely familiar with all facets of the Debtor's corporate matters. Furthermore, Perkins Coie does not hold nor or represent any interest adverse to the Debtor or its estate with respect to the particular matters for which it is to be employed. Lastly, the specified special purpose of special corporate counsel for which Perkins Coie is to be employed in no way rises to the level of "conducting the [bankruptcy] case" for the Debtors.

22.     Therefore, the Debtor's proposed employment and retention of Perkins Coie as special corporate counsel falls squarely within the scope of and purpose for which Congress enacted section 327(e) of the Bankruptcy Code.

23.     The Debtor understands that Perkins Coie hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court for all services performed and expenses incurred after the Petition Date.

24.     The Debtor, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and further orders of this Court, proposes to pay Perkins Coie its customary hourly rates for services rendered that are in effect from time to time, as set forth in the Wilson Affidavit, and to reimburse Perkins Coie according to its customary reimbursement policies, and submit that such rates are reasonable.

### Notice

25.     Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; (ii) the Debtor's secured lender, Fast Pay, LLC, and (iii) Debtor's proposed purchaser and post-petition lender SITO Mobile, Ltd.; (iv) the twenty largest unsecured creditors of the Debtor; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

26. No prior request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Debtor respectfully requests that the Court grant the Application in all respects, and grant such other and further relief it deems just and proper.

Dated: January 30, 2015

HIPCRICKET, INC.

By: _____
Todd Wilson
Chief Executive Officer