IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIPCRICKET, INC., | ) | Case No.: 15-10104 (LSS) |
| | ) | |
| Debtor. | ) | |

**AFFIDAVIT OF FAITH WILSON IN SUPPORT OF
APPLICATION OF THE DEBTOR PURSUANT TO SECTION 327(e)
OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1
FOR AUTHORIZATION TO EMPLOY AND PERKINS COIE, LLP AS SPECIAL
CORPORATE COUNSEL FOR THE DEBTOR AND DEBTOR
IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

I, Faith Wilson, Esq., being duly sworn, deposes and says:

1.  I am a Senior Counsel with the firm of Perkins Coie, LLP ("Perkins Coie"), located at 1201 Third Avenue, Suite 4900, Seattle, WA 98101-3099, and have been duly admitted to practice law in the State of Washington. This Affidavit is submitted in support of the *Application of the Debtor Pursuant to Section 327(e) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Perkins Coie, LLP for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date* (the "Application"), which is being submitted concurrently herewith.

2.  The Firm is a full-service law firm with over 1000 attorneys representing companies in a wide range of industries and practice areas. The Firm's attorneys have extensive experience representing clients in the areas in which it is proposed to be engaged.

**ERROR! UNKNOWN DOCUMENT PROPERTY NAME.**

3. Neither I, the Firm, nor any partner, of counsel or associate thereof, insofar as I have been able to ascertain, other than disclosed herein has any other connection with the above-captioned debtor (the "Debtor"), its creditors or any other parties in interest herein, or their respective attorneys, except as set forth below.

4. Perkins Coie has worked with many professionals, sometimes representing the same clients, clients with similar interests and clients with adverse interests in cases and may have worked with other professionals to be employed by the Debtor in this case. Perkins Coie will work cooperatively with such professionals on behalf of the Debtor. Perkins Coie has assured the Debtor that it will work closely with any such professionals to take care not to duplicate efforts in this case.

5. Perkins Coie and certain of its partners, of counsel and associates may have in the past represented, and may currently represent and likely in the future will represent creditors of the Debtor in connection with matters unrelated to the Debtor and this case. Perkins Coie will be in a position to identify with specificity any such persons or entities when lists of all creditors of the Debtor have been reviewed and will make any further disclosures as may be appropriate at that time.

6. In December 2014 and January 2015, Perkins Coie received $157,000 in the aggregate as an advanced-payment retainer for its work to be performed under the Engagement Letter, all of which was applied prior to the Debtor's filing of its bankruptcy petition except $15,137.50 of the retainer which remains in trust. Perkins Coie plans to request the authority to apply this retainer to its pre-petition fees incurred after receipt of the retainer,

consistent with the Engagement Letter. In addition to the advanced-payment retainer, Perkins Coie received $118,521.74 for payment of fees and expenses in the 90-day period prior to the Petition Date. In the aggregate, Perkins Coie has received payments from the Debtor during the year prior to the Petition Date in the amount of $433,382.57 in connection with its prepetition representation of the Debtor, in addition to amounts that Perkins Coie has received directly from the insurer on account of its work defending the Lawsuit.

7. As stated in the Application, as a result of Perkins Coie's prepetition representation of the Debtor, Perkins Coie holds a pre-petition claim against the estate in the approximate amount of $525,500 (the "Claim"). However, I do not believe that the Claim will in any way impair Perkins Coie's independence or ability to objectively perform the required services for the Debtor. In connection with the Claim, the Debtor has advised Perkins Coie that the Claim will be treated in the same manner as other pre-petition claims.

8. Since November 2013, Perkins Coie has represented the Debtor and certain of its officers and directors in *Leibsohn, et al. v. Hipcricket, Inc. (FKA Augme Technologies), et al.*, No 13-40007-3, filed in the King County Superior Court, State of Washington (the "Lawsuit"). The Lawsuit was brought by stockholders of a former company of which Hipcricket purchased the assets in August 2011. The plaintiffs in the Lawsuit assert claims under the Washington State Securities Act, as well as common law claims for intentional misrepresentation and negligent representation, and seek to rescind the asset purchase or obtain a "recessionary measure of damages," as well as compensatory damages, interest and attorneys' fees. Since October, 2014, Perkins Coie's legal fees and expenses related to the Lawsuit have been paid by

3

the Debtor's insurer under Debtor's directors' and officers' liability insurance policy. Perkins Coie plans to continue to represent the directors and officers in the Lawsuit. Perkins Coie will not continue to represent the Debtor in the Lawsuit absent a further order of this Court authorizing such representation.

9. Other than disclosed above or below, to the best of my knowledge, Perkins Coie has no other connection with the Debtor or the estate, any insider of the Debtor or any related entities of the Debtors and does not have any connections to the Office of the United States Trustee and/or any persons employed in the Office of the United States Trustee as well as the Bankruptcy Judges except as follows:

>    (1)    One of Perkins Coie's associates clerked for Judge Walrath from 2009 to 2010.
>
>    (2)    The husband of one of Perkins Coie's attorneys was a full-time non-insider employee at Hipcricket until September 2013 and then consulted with Hipcricket until the end of October 2013. As an employee, he was issued stock and stock options and currently holds stock in Hipcricket.
>
>    (3)    The niece of one of Perkins Coie's legal secretaries worked for Hipcricket from June 2011 to April 2014.

10. To the best of my knowledge, neither Perkins Coie nor any of its partners, of counsel, or associates is or was, within two years before the date of the filing of the petition, a director, officer, or employee of the Debtor.

11. Other than as disclosed above, to the best of my knowledge, neither Perkins Coie nor any of its partners, of counsel, or associates has any interest materially adverse to the

4

interest of the Estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or for any other reason.

12. Perkins Coie intends to apply for compensation for professional services rendered in connection with this chapter 11 case, subject to approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm. The principal attorneys and paralegals designated to represent the Debtor and their current standard hourly rates are:

   a. Faith Wilson, Esq.        $550
   b. Flore Kanmacher, Esq.     $535
   c. John Kaplan, Esq.         $595

13. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Debtor in connection with the matters herein described.

14. The hourly rates set forth above are Perkins Coie's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Perkins Coie for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Perkins Coie's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, conference call and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval charges, document filing charges, photocopying

charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by Perkins Coie to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. Perkins Coie will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to Perkins Coie's other clients. Perkins Coie believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

15. The professional services that Perkins Coie will render to the Debtor include, but shall not be limited to, the following:

    a. to continue to render corporate law advice regarding the sale of the Debtor's assets as requested by the Debtor;

    b. to continue to render corporate law advice and securities law advice as requested by the Debtor;

    c. to appear, to the extent required by special corporate counsel, in Court relating to business and corporate matters, and matters related or incidental thereto of the Debtor before the Court; and

    d. to perform all other corporate legal services for the Debtor that may be necessary and proper in this Chapter 11 Case.

16. No promises have been received by Perkins Coie or by any partner, of counsel or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. Perkins Coie has no agreement with any

6

other entity to share with such entity any compensation received by Perkins Coie in connection with this chapter 11 case, except among the partners, of counsel and associates of Perkins Coie.

Dated: January 29, 2015

_____
Faith Wilson

7