SHAUB & WILLIAMS LLP
12121 Wilshire Boulevard, Suite 205
Los Angeles, California 90025
Telephone: (310) 826-6678
Fascimile: (310) 826 -8042
E-mail: lawfirm@sw-law.com
David R. Shaub, Esq.
Cassandra M. Tam, Esq.

*Pro Se*


**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>HIPCRICKET, INC.,<br><br>                Debtor. | Case No. 15-10104-LSS<br><br>Chapter 11<br><br>**Hearing Date: Feb. 11, 2015, 2:00 p.m. ET**<br>**Objections: Feb. 4, 2015** |


**SHAUB & WILLIAMS LLP'S LIMITED OBJECTION TO THE APPLICATION**
**PURSUANT TO SECTION 327(A) QF THE BANKRUPTCY CODE, RULE 2014 OF**
**THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1**
**FOR AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL &**
**JONES LLP AS COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION *NUNC***
***PRO TUNC* TO THE PETITION DATE**


      Shaub & Williams LLP ("S&W") hereby submits its limited objection (the "Objection")

to *Debtor's Application Pursuant to Section 327(A) of the Bankruptcy Code, Rule 2014 of the*

*Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and*

*Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession*

*Nunc Pro Tunc to the Petition Date*, filed on January 21, 2015, [Dkt. 9] (the "Application").

Debtor's Application has been scheduled to be heard by this Court on February 11, 2014. [Dkt.

39.] In support of the Objection, S&W respectfully represents as follows:

///

## I.   PRELIMINARY STATEMENT

1.      In its Application, the Debtor seeks a court order to retain Pachulski Stang Ziehl & Jones LLP ("PSZ&J") and approve PSZ&J's exorbitant attorneys fees.  The standard hourly billing rates sought by PSZ&J are not proportionate with prevailing market rates and the low-level complexity of this case. Accordingly, S&W opposes PSZ&J's intention to apply for compensation for professional services rendered in connection with this Chapter 11 case pursuant to the hourly rates cited in the Application.

2.      Based on the foregoing reasons and those set forth below, the Debtor respectfully requests that the Court impose a professional fees cap on the services performed by PSZ&J by reducing its proposed hourly rates.

## II.   ARGUMENT

3.      "[T]he Bankruptcy Court has an independent duty to review the fee requests of all professionals retained in a chapter 11 case to assure that ... the fees requested are reasonable." *In re Fleming Cos*., 304 B.R. 85, 89 (Bankr. D. Del. 2003); *see, e.g., In re Busy Beaver Building Centers, Inc*., 19 F.3d 833, 841 (3d Cir. 1994). In making an appropriate fee determination, the court "must protect the estate, lest overreaching attorneys or other professionals drain it of wealth which by right should inure to the benefit of unsecured creditors." *Id*. (quoting *In re Busy Beaver*, 19 F.3d at 841).

4.      Attorneys' fees must be determined from the current market rate. *Lanni v. N.J.*, 259 F.3d 146, 149 (3d Cir. 2001). Under 11 U.S.C. § 330, the Court may reduce the hourly rate charged by counsel and award reasonable attorneys' fees based, in large part, on the cost of comparable services in non-bankruptcy cases since § 330(a) does not entitle debtors' attorneys to any higher compensation than that earned by non-bankruptcy attorneys. *Id*; *In re Busy Beaver Bldg. Ctrs*., 19 F.3d 833, 855 (3d Cir. Pa. 1994).

5.      Here, the Court's reduction in PSZ&J's hourly attorneys' fees would be completely warranted based upon the market rates of similarly situated attorneys. In its

Wdx-87845

Application, the Debtor requested to retain PSZ&J based on the following standard hourly rates of its principal attorneys and paralegals:

    a.  Ira D. Kharasch    $950.00

    b.  Linda F. Cantor    $850.00

    c.  James O'Neill    $725.00

    d.  Felice Harrison (paralegal)    $295.00.

[Dkts. 9 p. 4, 9-2 p. 4.] Mr. Kharasch and Ms. Cantor have approximately 32 years and 27 years experience, respectively, but are both located in Los Angeles, CA and admitted to the State Bar of California. Neither Mr. Kharasch nor Ms. Cantor is admitted to the State Bar of Delaware. Mr. O'Neill, however, has 30 years experience, is located in Wilmington, DE and was admitted to the State Bar of Delaware almost 15 years ago. Even though O'Neill's experience is commensurate with the experiences of Mr. Kharasch and Ms. Cantor and is admitted to practice in this jurisdiction, his standard hourly rate is $225 and $125 lower, respectively. It is assumed, therefore, that the billing rates of Mr. Kharasch and Ms. Cantor are based upon alleged standard hourly rates of comparable attorneys in Los Angeles.

      6.     PSZ&J's aforementioned standard hourly rates for its three principal attorneys are completely arbitrary and nonsensical. All three attorneys arise from the same firm and boast the same experience – it does not follow that two attorneys should be allowed to charge excessively higher rates than another attorney of the same experience simply because they practice in a higher metropolitan area outside of this jurisdiction. Besides the fact that this case is not being litigated in California, the Debtor does not have an office in California and would not obtain any added benefit from engaging attorneys located in Los Angeles when it has already engaged a firm with attorneys in this jurisdiction with lower standard hourly rates.

      7.     In fact, the Debtor's principal place of business is in Seattle, WA. As such, the Debtor also filed an Application to Employ and Retain Perkins Coie, LLP as Special Corporate Counsel for the Debtor [Dkt 75] on January 30, 2015. Although Perkins Coie is a larger, national

3

firm with more than 1,000 attorneys in 19 offices across the United States and Asia, compared to PSZ&J's 63 attorneys across 4 offices, the principal attorney engaged by Debtor with the highest billing rate, John Kaplan, has a standard hourly rate of $595. With relatively comparable 21 years of experience in bankruptcy matters, Mr. Kaplan's standard hourly rate is far more reasonable than those charged by PSZ&J.

8.      Further, "the reasonable hourly rate has a cap based on the expected and actual complexity of the case, a cap which, while flexible, should stave off clear abuses." *In re Busy Beaver*, 19 F.3d at 856. "A run-of-the-mill bankruptcy case does not warrant the lofty fees of nationally-renowned law firms ... and a reasonable debtor concerned with the economical administration of the estate in such a case would refrain from retaining over-qualified counsel." *Id.* (quotations and citations omitted).

9.      It is clear that this is not a highly complex case requiring extraordinary and extensive resources to resolve complicated issues in an expedited fashion, potentially warranting billing at a higher rate than rates billed by the local market. This case involves a straightforward chapter 11 reorganization involving three straightforward issues: debtor-in-possession financing, Debtor's sale of assets, and key employee incentive plan. SITO Mobile, Ltd. has already agreed to provide Debtor with post-petition financing in an aggregate maximum principal amount of $3,500,000 based upon terms contained in a Debtor-in-Possession Promissory Note. [Dkt. 43.] Further, the Debtor has already agreed to sell substantially all of its assets to SITO Mobile pursuant to a certain Asset Purchase Agreement, dated January 20, 2015, subject to higher and better bids at auction. [Dkt. 12.] Lastly, the Debtor has already devised and filed a clear-cut key employee incentive program.

10.      Due to the straightforward and uncomplicated nature of this "run-of-the-mill" chapter 11 bankruptcy case, the excessively high out-of-town rates charged by PSZ&J are wholly unjustified. *In re Busy Beaver Bldg. Ctrs.*, 19 F.3d 833, 856 (3d Cir. Pa. 1994)(Compare *In re Waldoff's Inc.*, 132 Bankr. 329, 335 (Bankr. S.D. Miss. 1991) (substantially reducing out-of-state

counsel's fees to match prevailing local rates because the complexities of the case did not warrant

retention of a law firm charging counsel's requested rates) and *In re Casull*, 139 Bankr. 525, 528

(Bankr. D. Colo. 1992) (reducing fees that were found to be unreasonable "considering the

nature and complexity of the issues dealt with") with *In re Robertson Cos.*, 123 Bankr. 616, 619

(Bankr. D.N.D. 1990) (awarding out-of-state law firm its locally prevailing rate, which far

exceeded local bankruptcy rates, in light of the size and complexity of the case) and *In re*

*Frontier Airlines, Inc.*, 74 Bankr. 973, 976-77 (Bankr. D. Colo. 1987) (same)).

11.    In light of the disproportionate hourly fees between the Debtor's PSZ&J attorneys

located in Los Angeles, CA and in Wilmington, DE, the disproportionate fees between the

Debtor 's PSZ&J attorneys and Perkins Coie attorneys, and the straightforward nature of this

chapter 11 bankruptcy case, the standard hourly fees charged by PSZ&J in the Application are

excessive and should be significantly reduced.

### III.    CONCLUSION

12.    The standard hourly fees sought by PSZ&J are wholly unreasonable and do not

conform to relevant market rates.  Accordingly, S&W opposes Debtor's effort to retain PSZ&J

absent a more reasonable fee structure comparable with other attorneys in this jurisdiction.


WHEREFORE, S&W respectfully requests that the Court impose a professional fees cap

on the services performed by PSZ&J by reducing its proposed hourly rates and grant such other

and further relief as this Court may deem just and proper.

Dated: February 4, 2015                    By: /s/ David R. Shaub_____
                                               David R. Shaub, Esq.
                                               Cassandra M. Tam, Esq.

                                               SHAUB & WILLIAMS LLP
                                               12121 Wilshire Boulevard, Suite 205
                                               Los Angeles, California 90025

                                               *Pro Se*

Wdx-87845                                  5

## <u>CERTIFICATE OF SERVICE</u>

I, David R. Shaub, hereby certify that on February 4, 2015, I caused a true and correct copy of Shaub & Williams LLP's *Limited Objection to Debtor's Application Pursuant to Section 327(A) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date* to be served by first class mail, postage-prepaid upon the parties in the attached service list.

By: /s/ David R. Shaub
     David R. Shaub, Esq.

COOLEY LLP
Attn: Jay Indyke/Jeffrey L. Cohen/Alex R.
Velinsky
1114 Avenue of the Americas
New York, NY 10036

Hipcricket Inc.
Attn: Todd Wilson, Chairman & CEO
350 7th Aveenue, 2nd Floor
New York, NY 10001

Meyer, Suozzi, English & Klein, P.C.
Attn: James D. Garbus
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, NY 11530-9194

Office of The United States Trustee
Attn: Jane M. Leamy
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE 19801

Pachulski Stang Ziehl & Jones
Attn: Linda Cantor/Ira Kharasch
10100 Santa Monica Boulevard
13th Floor
Los Angeles, CA 90067-4003

Perkins Coie LLP
Attn: John S. Kaplan
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099

The Lamm Group
Attn: Deirdre M. Richards
1608 Walnut Street
Suite 703
Philadelphia, PA 19103

Fast Pay Partners, LLC
c/o Harold Lee
9300 Wilshire Blvd. Suite 500
Beverly Hills, CA 90212

Meyer, Suozzi, English & Klein, P.C.
Attn: Edward J. LoBello
1350 Broadway, Suite 501
P.O. Box 822
New York, NY 10018

MobileFuse LLC
Attn: Ken Harlan
36 Maple Pl., Ste. 306
Manhasset, NY 11030

Pachulski Stang Ziehl & Jones
Attn: James E. O'Neill
919 North Market Street
17th Floor
Wilmington, DE 19801

PEPPER HAMILTON LLP
Attn: Donald J. Detweiler/Henry J. Jaffe
PEPPER HAMIL TON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, Delaware 19899-1709

Riverside Claims
Attn: Neil Herskowitz
P.O. Box 626
Planetarium Station
New York, NY 10024

Texas Attorney General's Office
Attn: Rachel R. Obaldo, AAG
c/o Sherri K. Simpson, Paralegal
Bankruptcy & Collections Division
P.O. Box 12548
Austin, TX 78711-2548

Wdx-87845