# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIPCRICKET, INC.,[1] | ) | Case No. 15-10104 (___) |
| | ) | |
| Debtor. | ) | |

**ORDER UNDER 11 U.S.C. §§ 327(A) AND 328(A) AUTHORIZING THE EMPLOYMENT AND RETENTION OF CANACCORD GENUITY INC. AS INVESTMENT BANKER TO DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application") of the debtor and debtor in possession Hipcricket, Inc. (the "Debtor") for entry of this Order[2] under 11 U.S.C. §§ 327(a) and 328(a) authorizing the Debtor to employ and retain Canaccord Genuity Inc. ("Canaccord") as investment banker, effective *nunc pro tunc* to the Petition Date, all as more fully set forth in the Application; and upon the Declaration of Geoffrey Richards ("Richards Declaration") in support of the Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court being satisfied based on the representations made in the

---

[1] The last four digits of the Debtor's tax identification number are 2076. The location of the Debtor's headquarters and the service address for the Debtor is 110 110th Avenue NE, Suite 410, Bellevue, WA 98004.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

DOCS_LA:285777.1 DOCS_LA:285777.4 36480/002

Application and in the Richards Declaration that the terms and conditions of Canaccord's employment, including, but not limited to, the Fee Structure set forth in the Engagement Letter and summarized in the Application and Richards Declaration, are reasonable as required by section 328(a) of the Bankruptcy Code; and Canaccord not holding or representing interests adverse to the Debtor's estate; Canaccord being a "disinterested person" as such term is defined under section 101(14) of the Bankruptcy Code; and this Court having found that the relief requested in the Application is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is GRANTED as modified herein.

2. The Debtor is authorized, pursuant to section 327(a) and 328(a) of the Bankruptcy Code, effective *nunc pro tunc* to the Petition Date, to employ and retain Canaccord as its investment banker in accordance with the terms and conditions set forth in the Application and the Engagement Letter attached hereto as Exhibit 1, subject to the terms of this Order.

3. The terms of the Engagement Letter are approved <u>with the following modifications</u> and ~~Canaccord shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Engagement Letter, subject to Canaccord filing a final fee application seeking approval of the payment of its fees and expenses,~~ <u>the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any other applicable orders of this Court.</u> ~~.~~ <u>:</u>

<u>a. After the Petition Date, the first two Monthly Fees actually paid to Canaccord shall be 100% credited against any M&A Fee payable to Canaccord pursuant to the Engagement Letter as modified herein; and</u>

<u>b. Section 4(b) of Amendment No. 1 to the Engagement Letter shall be replaced with "Section 2(c) of the Agreement shall be replaced with 'upon the closing of a Transaction other than a Financing Transaction, a fee (the "M&A Fee") equal to the greater of (i) $500,000, and (ii) 5% of the Aggregate Consideration up to and including $15 million, plus 4% of the Aggregate Consideration over $15 million up to and including $20 million, plus 3% of the Aggregate Consideration over $20 million (so, for instance, if Aggregate consideration equals $18 million, the fee would be $870,000 (($15 million * 5%) + ($3 million * 4%)).' In addition, the M&A Fees shall be increased by $100,000 in the event the Aggregate Consideration equals or exceeds $6.5 million."</u>

<u>4.</u> <u>Canaccord shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Engagement Letter, subject to Canaccord filing monthly, interim or final fee applications, as applicable, seeking approval of the</u>

<u>payment of its fees and expenses, pursuant to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any other interim compensation order of this Court</u>

5. ~~4.~~Notwithstanding the preceding paragraph of this Order and any provision to the contrary in the Application or the Engagement Letter, the U.S. Trustee shall have the right to object to Canaccord's request for compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, not section 328(a) of the Bankruptcy Code; provided, however, that "reasonableness" shall be evaluated by comparing (among other things) the fees payable in this case to fees paid to comparable investment banking firms with similar experience and reputation offering comparable services in other chapter 11 cases and shall not be evaluated primarily on an hourly or length-of-case based criteria.

~~5.   Canaccord is granted a waiver of the information requirements relating to the compensation requests set forth in Local Rule 2016-2(h) to the extent requested in the Application.~~

~~6.   Canaccord and any Indemnified Party shall not be entitled to any indemnification pursuant to the terms of the Engagement Letter for any claims, liabilities, losses, expenses, and damages incurred by the Indemnified Party resulting from the bad faith, willful misconduct or gross negligence of an Indemnified Party.~~

6. ~~7.~~The Indemnification Provisions set forth in the Engagement Letter are approved, subject during the pendency of this proceeding to the following:

a. Canaccord shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court;

b. The Debtor shall have no obligation to indemnify Canaccord, or provide contribution or reimbursement to Canaccord, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Canaccord's gross negligence, fraud, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtor alleges the breach of Canaccord's contractual obligations, unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which Canaccord should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this Chapter 11 Case (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing this Chapter 11 Case, Canaccord believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, Canaccord must file an application therefor in this Court, and the Debtor may not pay any such amounts to Canaccord before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Canaccord for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify Canaccord. All parties in interest shall retain the right to object to any demand by Canaccord for indemnification, contribution or reimbursement.

d. Any limitation on liability or any amounts to be contributed by the parties to the Engagement Letter under the terms of the Engagement Letter shall be eliminated.

7. Notwithstanding any provision in the Engagement Letter to the contrary, the contribution obligations of the Indemnified Parties (as such term is defined in the Engagement Letter) shall not be limited to the aggregate amount in excess of the amount of fees actually received by Canaccord from the Debtor pursuant to the Engagement Letter, this Order, or subsequent orders of this Court.

8. Notwithstanding anything to the contrary contained hereon, any payment to be made, or authorization contained hereunder, shall be subject to the requirements imposed on the Debtor pursuant to any DIP Facility as approved by the DIP Order and as set forth in the DIP Budget.

9. To the extent requested in the Application, Canaccord is granted a waiver of the information requirements relating to compensation requests set forth in Local Rule 2016-2(d).

10. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.


Dated: _____    _____
                                     United States Bankruptcy Judge