IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIPCRICKET, INC.,[1] | ) | Case No. 15-10104 (LSS) |
| | ) | |
| Debtor. | ) | |
| | ) | **Related Docket No. 8** |

### ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED BY THE DEBTOR IN THE ORDINARY COURSE OF BUSINESS

Upon the *Motion Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtor in the Ordinary Course of Business* (the "Motion")[2] of the above-captioned Debtor and Debtor in possession (collectively, the "Debtor"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) venue of this Case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is necessary to the ongoing orderly operation of the Debtor's business and is in the best interests of the Debtor, its estate and creditors; and it appearing that the notice of the Motion having been given as set forth herein was appropriate and that no other or further notice need by given; and objections, if any, to the Motion having been

---

[1] The last four digits of the Debtor's tax identification number are 2076. The location of the Debtor's headquarters and the service address for the Debtor is 110 110th Avenue NE. Suite 410, Bellevue, WA 98004.

[2] Capitalized terms used herein and not otherwise defined shall have the same meaning as in the Motion.

DOCS_LA:285040.3 36480/001

overruled, withdrawn, or otherwise resolved at the hearing; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Subject to the procedures set forth below, the Debtor is authorized to retain and employ, effective as of the Petition Date, the Ordinary Course Professionals listed on **Exhibit B** to the Motion (collectively, the "Ordinary Course Professionals"), without the need to file separate, formal retention applications for each Ordinary Course Professional and obtain retention orders for each.

3. Within five (5) business days after the date of entry of this Order, the Debtor shall serve this Order and the form of affidavit attached to the Motion as Exhibit C upon each Ordinary Course Professional.

4. On the later of (a) thirty (30) days after the entry of this Order or (b) prior to the date an Ordinary Course Professional provides any services to the Debtor following the Petition Date, each such Ordinary Course Professional shall file with this Court, and serve upon (a) counsel to the Debtor, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: James E. O'Neill, Esq.; (b) counsel to the Official Committee of Unsecured Creditors appointed in this case, (i) Cooley LLP, The Grace Building, 1114 Avenue of the Americas, New York, NY 10036-7798, Attn: Jay Indyke, Esq., and (ii) Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, P.O. Box 1709, Wilmington, DE 19899-1709, Attn: Donald J. Detweiler, Esq.

DOCS_LA:285040.3 36480/001

and Henry J. Jaffe, Esq.; and (c) Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Jane Leamy, Esq. (collectively, the "Notice Parties"), a disclosure affidavit of the proposed professional (the "Affidavit") in substantially the form attached to the Motion as Exhibit C, which includes the following information: (a) a description of the effort(s) that were taken to search for connections with parties in interest; (b) a description of the proposed scope of services to be provided by such Ordinary Course Professional; (c) the rate(s) proposed to be charged for the services; (d) all information otherwise required to be disclosed pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure; and (e) to the extent that such Ordinary Course Professional was not providing services as of the Petition Date, the date on which such services began postpetition.

5. The Notice Parties shall have ten (10) days after service of each Ordinary Course Professional's Affidavit (the "Objection Period") to object to the retention of such professional. Any such objections shall be timely served upon the Ordinary Course Professional to whom the objection applies, the Debtor, and the other Notice Parties. If any such objection is filed and cannot be resolved and/or withdrawn within twenty (20) days after service of such objection, this Court shall adjudicate the matter at a hearing scheduled by the Debtor at a mutually convenient time. If no timely objection is filed and received in respect of each Ordinary Course Professional, or if any objection is withdrawn, the Debtor shall be authorized to retain such Ordinary Course Professional as a final matter without further order of this Court. Nothing herein shall preclude an Ordinary Course Professional from applying to the Court, pursuant to sections 330 and 331 of the Bankruptcy Code, for compensation for all work

performed on behalf of the Debtor from the date an Affidavit is filed until such retention request is denied by the Court or withdrawn by the Debtor.

6. The Debtor may not make any payments to any Ordinary Course Professionals unless (i) such Ordinary Course Professional has filed the Affidavit, (ii) the Objection Period has expired, and (iii) no timely objection is pending, or, if a timely objection is received, (a) the objection is resolved and withdrawn or (b) such retention is otherwise approved by the Court.

7. The Debtor is authorized, without need for further hearing or order from this Court, to employ and retain Ordinary Course Professionals not currently listed on **Exhibit B** to the Motion by filing with this Court, and serving on the other Notice Parties, a Supplemental Notice listing the name of such proposed Ordinary Course Professional, together with a brief description of the services to be rendered, and by otherwise complying with the terms of this Order, including, without limitation, the procedures set forth in paragraphs 4, 5, and 6 hereof.

8. The Debtor is authorized to pay to each Ordinary Course Professional and any other Ordinary Course Professionals retained pursuant to the terms of this Order, one hundred percent (100%) of each such Ordinary Course Professional's fees and expenses, in the manner customarily made by the Debtor; *provided, however*, that the fees and expenses for any one Ordinary Course Professional shall not exceed a cap of $10,000 per month (the "Monthly Cap") and the aggregate cap for all Ordinary Course Professionals shall not exceed $50,000 per month. Each Ordinary Course Professional must submit reasonably detailed billing statements indicating the nature of the services rendered, calculated in accordance with such professional's

standard billing practices (without prejudice to the Debtor's normal right to dispute any such billing statements).

9. If in any given month the fees and expenses for any one Ordinary Course Professional exceed the Ordinary Course Professional's Monthly Cap, such Ordinary Course Professional shall be required to apply for approval by this Court of all such Ordinary Course Professional's fees and expenses for such month. No Ordinary Course Professional shall be required to submit quarterly or final fee applications solely because such Ordinary Course Professional's fees and expenses exceeded its Monthly Cap, provided that such Ordinary Course Professional obtained Court approval of its excess fees and expenses for such month in accordance with this paragraph.

10. All payments to any one Ordinary Course Professional shall be subject to sections 328(c) and 330 of the Bankruptcy Code, which provides generally that the Court may deny allowance of compensation for services and reimbursement of expenses if such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed or for reasons set forth in section 330 of the Bankruptcy Code. In addition to the limits set forth in this Order, all payments to an Ordinary Course Professional are further subject to the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

11. Within thirty (30) days after the last day of March, June, September and December of each year this Cases is pending, the Debtor shall file with this Court and serve upon

5

the Notice Parties a statement that includes the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (c) a short statement of the type of services rendered by such Ordinary Course Professional.

12. Notwithstanding anything to the contrary contained hereon, any payment to be made, or authorization contained hereunder, shall be subject to the requirements imposed on the Debtor pursuant to any DIP Facility as approved by the DIP Order and as set forth in the DIP Budget.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: February 11, 2015

_____
The Honorable Laurie Selber Silverstein
United States Bankruptcy Judge