IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIPCRICKET, INC., | ) | Case No. 15-10104 (LSS) |
| | ) | |
| Debtor.[1] | ) | Related Docket Nos. 5, 34 |

**FINAL ORDER (A) APPROVING THE DEBTOR'S PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (B) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, (C) APPROVING THE DEBTOR'S PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS, AND (D) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of a final order (this "Final Order"), (a) approving the Debtor's Proposed Adequate Assurance of payment for future utility services, (b) prohibiting Utility Companies from altering, refusing, or discontinuing services, (c) approving the Debtor's proposed procedures for resolving Adequate Assurance Requests, and (d) granting related relief; all as more fully set forth in the Motion; and upon the Wilson Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of

---

[1] The last four digits of the Debtor's tax identification number are 2076. The location of the Debtor's headquarters and the service address for the Debtor is 110 110th Avenue NE. Suite 410, Bellevue, WA 98004.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

DOCS_LA:284519.9

the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at hearings before this Court (the "Hearings"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  Subject to the Adequate Assurance Procedures, the Motion is granted on a final basis as set forth herein.

1.  The Debtor shall cause a copy of the Motion and this Final Order to be served on each Utility Company listed on the Utility Services List no later than two business days after the date this Final Order is entered.

2.  The Debtor is authorized to cause the Adequate Assurance Deposit to be held in a segregated account during the pendency of these chapter 11 cases.

3.  The Adequate Assurance Deposit, together with the Debtor's ability to pay for future utility services in the ordinary course of business subject to the Adequate Assurance

Procedures, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

4. All Utility Companies are prohibited from altering, refusing, or discontinuing services on account of any unpaid prepetition charges or the commencement of this chapter 11 case.

5. The following adequate assurance procedures (the "Adequate Assurance Procedures") are hereby approved:

a. Any Utility Company that objects to the Debtor's Proposed Adequate Assurance must serve an Adequate Assurance Request on: i) the Debtor, 110 110th NE, Suite 410, Bellevue, WA 98004 9401, Attn: Todd Wilson; (ii) proposed counsel for the Debtor, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801) Attn: James O'Neill, Esq.; and (iii) counsel to the official committee of unsecured creditors appointed in this case, (i) Cooley LLP, The Grace Building, 1114 Avenue of the Americas, New York, NY 10036-7798, Attn: Jay Indyke, Esq., and (ii) Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, P.O. Box 1709, Wilmington, DE 19899-1709, Attn: Donald J. Detweiler, Esq. and Henry J. Jaffe, Esq., (collectively, the "Notice Parties").

b. Any Adequate Assurance Request must: (i) be made in writing; (ii) identify the location for which Utility Services are provided; (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any

DOCS_LA:284519.9

security deposits; and (iv) explain why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

        c.      The Debtor is authorized to resolve, in its sole discretion, any Adequate Assurance Request by mutual agreement with a Utility Company and without further order of the Court and, in connection with any such agreement, in its sole discretion, provide a Utility Company with alternative adequate assurance of payment, including cash deposits, payments of prepetition balances, prepayments, or other forms of security, without further order of the Court, if the Debtor believe such alternative assurance is reasonable.

        d.      If the Debtor is unable to consensually resolve an Adequate Assurance Request by mutual agreement within 14 days of receipt of the Adequate Assurance Request, the Debtor will seek a hearing with the Court (the "<u>Determination Hearing</u>") to determine the appropriate amount of adequate assurance required with respect to such Adequate Assurance Request. Pending resolution of such Adequate Assurance Request at the Determination Hearing, the Utility Company shall be prohibited from altering, refusing, or discontinuing services to the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

6.      The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

7.      All Utility Companies who do not file an objection or serve an Adequate Assurance Request shall be: (a) deemed to have received adequate assurance of payment "satisfactory" to such Utility Company in compliance with section 366 of the

4

Bankruptcy Code; and (b) forbidden to discontinue, alter, or refuse services to, or discriminate against, the Debtor on account of any unpaid prepetition charges, or require additional assurance of payment other than the Proposed Adequate Assurance.

8. The Debtor is authorized, in its sole discretion, to add or remove any Utility Company from the Utility Services List, and the Debtor shall add to or subtract from the Adequate Assurance Deposit an amount equal to one half of the Debtor's average monthly cost of utility service for each subsequently-added or removed Utility Company as soon as practicable. For Utility Companies that are added to the Utility Services List, the Debtor will cause a copy of this Final Order, including the Adequate Assurance Procedures, to be served on such subsequently added Utility Company within 5 business days of amending such list.

9. Any Utility Company subsequently added to the Utility Services List shall be bound by the Adequate Assurance Procedures provided that the Debtor shall increase the Adequate Assurance Deposit an amount equal to one half of the Debtor's average monthly cost of utility service for each subsequently-added Utility Company as soon as practicable.

10. The Debtor's service of the Motion upon the Utility Services List shall not constitute an admission or concession that each such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtor reserves all rights and defenses with respect thereto.

11. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests

when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Final Order.

12. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Final Order or any payment made pursuant to this Final Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtor, a waiver of the Debtor's rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

13. The Debtor is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Utility Services.

14. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

16. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

17. Notwithstanding anything to the contrary contained hereon, any payment to be made, or authorization contained hereunder, shall be subject to the requirements imposed

DOCS_LA:284519.9

on the Debtor pursuant to any DIP Facility as approved by the DIP Order and as set forth in the DIP Budget.

18.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: Feb. 11, 2015

_____
The Honorable Laurie Selber Silverstein
UNITED STATES BANKRUPTCY JUDGE

DOCS_LA:284519.9