


7950 Jones Branch Drive □ McLean, VA 22108 □ (703) 854-5623

# VERIFICATION OF PUBLICATION

**COMMONWEALTH OF VIRGINIA**
**COUNTY OF FAIRFAX**

Being duly sworn, Toussaint Hutchinson says that he is the principal clerk of USA TODAY, and is duly authorized by USA TODAY to make this affidavit, and is fully acquainted with the facts stated herein: on **Monday, February 16, 2015** - the following legal advertisement – **HIPCRICKET, INC.** – was published in the national edition of **USA TODAY**.

Principal Clerk of USA TODAY
February 16, 2015

This 16th day of February month
2015 year.

Notary Public



day around the
es."
That's because unlike
ditional ride-hailing
npanies which are
-demand, Shuddle
quires parents to
ok at least by noon
e the needed ride.
do, they're assigned
typically from their
ghborhood — and
or the lift they can
gress on the Shuddle
using Shuddle must
ing-enabled phone,
them to be contact-
, who share a secret
th the riders to au-

dren out of schools. But for some parents, the resulting service has already proven a big help.

"In some ways, this is the worst idea, a company that has to deal with hyper-vigilant, uptight parents all day," jokes Bruce Berrol of Mill Valley, a suburb of San Francisco. "But it's saved me."

As a divorced father who works for a financial institution, Berrol was finding it increasingly difficult to take his teenage son to all his after-school appointments. Now he uses Shuddle up to three times a week. "The first time, I was nervous and texting him the entire ride," he says. "But I find it's a solution that works, whether

Altimeter Group.

"Two things they need to confront head on, one is making sure that through their marketing they make it OK for parents to outsource this sort of role, and the other is to make sure it remains relatively affordable for those outside of wealthy neighborhoods," says Solis, adding that he has put his teens in Uber rides but often was met with frowns from fellow parents.

"Overall, I know there's a hurdle for many people," says Allen. "Parents have always said to their kids, 'Don't get in the car with strangers.' But we think we can turn that around."

# al age

d effects (seagulls
the Bay) that come
ugh the phone.
attel plans to repur-
older View-Master
ent with the new
er. Some 1.5 billion
-Master reels have
sold through the
, with more than
0 individual reels
e archives.
ug Wadleigh, a sen-
vice president at
el, says the archives
in *Star Wars* and
ges, as well as un-
cert pictures from
son and KISS. "You
e of that," he says.
ely trying to figure
e the old imagery in
ance the new expe-

viewer will cost
lude a sample reel.
ree-pack reels will
ou don't need the
ence certain VR ef-
out them you won't
te augmented real-

dozens of compa-
ng Cardboard de-
not all made of

goal of Cardboard
immersive virtual
nces as accessible
r everyone," said
, product director
dboard.

**LEGAL MONDAY**

For advertising information: 1.800.872.3433 www.marketplace.usatoday.com

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

In re: HIPCRICKET, INC., ) Chapter 11
Debtor. ) Case No. 15-10104 (LSS)

**Deadline for Submitting Bids: February 23, 2015 at 4:00 p.m. (Eastern Time)**
**Auction Date and Time: February 25, 2015 at 10:00 a.m. (Eastern Time)**
**Deadline for Objections to Sale Motion: February 20, 2015 at 4:00 p.m. (Eastern Time)**
**Sale Hearing Date and Time: February 27, 2015 at 2:30 p.m. (Eastern Time)**

**NOTICE OF AUCTION AND SALE HEARING RELATED TO SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTERESTS**

**PLEASE TAKE NOTICE** that, on January 21, 2015, Hipcricket, Inc., the above-captioned debtor and debtor in possession (the "Debtor"), filed its *Motion for Order (A) Approving Bid Procedures for the Sale of Substantially All of Debtor's Assets; (B) Scheduling an Auction and Hearing to Consider the Sale and Approve the Form and Manner of Notice Related Thereto; (C) Approving Payment of Break-Up Fee and Expense Reimbursement; and (D) Granting Related Relief* (as modified as set forth in the *Notice of Errata Re: Bid Procedures* [Docket No. 58], the "Bid Procedures Motion").[1] On February 11, 2015, the Court entered an order (the "Bid Procedures Order") granting the Bid Procedures Motion and approving the bidding procedures annexed thereto (the "Bidding Procedures") to be used in connection with the auction (the "Auction") of substantially all of the Debtor's assets (as further described in the Stalking Horse Agreement, the "Acquired Assets"). The Acquired Assets are being sold free and clear of all liens, claims, encumbrances and interests, provided that section 363(f) of the Bankruptcy Code has been satisfied (other than those liens and interests permitted by the Stalking Horse Agreement with the proposed purchaser of the Acquired Assets, SITO Mobile, Ltd. (the "Purchaser" or the "Stalking Horse Bidder")). The proposed sale of the Acquired Assets will provide for the following consideration: (i) an amount equal to the sum of (a) $4,500,000 in cash (the "Cash Purchase Price"), plus (b) an amount equal to the Cure Amounts up to the Cure Cap ($500,000), plus (c) the amounts approved by the Bankruptcy Court with respect to the KEIP up to the KEIP Limit ($255,000), less (ii) the sum of (a) the amount of Assumed DIP Obligations plus (b) the amount of Cure Amounts that are required to be paid in excess of the Cure Cap up to a maximum of $50,000.

**Auction. PLEASE TAKE FURTHER NOTICE** that the Debtor may conduct an auction (the "Auction") to determine the highest and best bid with respect to the Acquired Assets. The Auction shall commence at 10:00 a.m. (Eastern Time) on February 25, 2015, at Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017-2024, or such other location as announced by the Debtor prior to the Auction.

**The Sale Hearing. PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court has scheduled a hearing for February 27, 2015, at 2:30 p.m. (Eastern Time) (the "Sale Hearing") to consider approval of the winning bid(s) and confirm the results at the Auction for the Acquired Assets, pursuant to a motion filed by the Debtor seeking approval thereof (the "Sale Motion"). The Sale Hearing may, however, be adjourned in open court from time to time, without further notice. The Sale Hearing will be held before the Honorable Laurie Selber Silverstein, United States Bankruptcy Court Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Courtroom No. 2, Wilmington, Delaware, 19801.

**PLEASE BE TAKE FURTHER NOTICE** that the Bidding Procedures shall govern the bidding process and the Auction of the Acquired Assets. Any person that wishes to receive a copy of the Sale Motion, Bidding Procedures or the Bid Procedures Order shall make such request in writing to Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19899, Attn: Kathe Finlayson or by email to kfinlayson@pszjlaw.com. These filings are also available for review at the case-specific website maintained by the Court-approved noticing agent, Rust Consulting Omni Bankruptcy, at www.omnimgt.com/hipcricket.

**Objections. PLEASE TAKE FURTHER NOTICE** that any objection to any of the relief to be requested at the Sale Hearing must be in writing, state the basis of such objection with specificity, and shall be filed with the Court, with a courtesy copy to Chambers, and shall be served on: the Debtor, Hipcricket, Inc. c/o Todd Wilson, Chief Executive Officer, 110 110th Avenue NE, Suite 410, Bellevue, Washington 98005, facsimile: 425-449-4286; Debtor's counsel, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19899, Attn: James O'Neill, joneill@pszjlaw.com; Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067, Attn: Ira Kharasch and Linda Cantor, ikharasch@pszjlaw.com and lcantor@pszjlaw.com; counsel to the Stalking Horse Bidder, Greenberg Traurig, LLP, 200 Park Avenue, New York, NY 10166, Attn: Matthew Hinker and Joseph Gangitano, hinkerm@gtlaw.com and gangitanoj@gtlaw.com; counsel to the Official Committee of Unsecured Creditors appointed in this case, (a) Cooley LLP, The Grace Building, 1114 Avenue of the Americas, New York, NY 10036-7798, Attn: Jay Indyke, Esq., jindyke@cooley.com; and (b) Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, P.O. Box 1709, Wilmington, DE 19899-1709, Attn: Donald J. Detweiler, Esq., detweilerd@pepperlaw.com and Henry J. Jaffe, Esq, jaffeh@pepperlaw.com; and the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801, Attn: Jane M. Leamy, Esq., jane.m.leamy@usdoj.gov (collectively, the "Notice Parties"), so as to be received by February 20, 2015, at 4:00 p.m. (Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that all requests for information concerning the Acquired Assets and all requests for information concerning the Bidding Procedures, should be directed in writing to Pachulski Stang Ziehl & Jones LLP, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067, Attn: Ira Kharasch and Linda Cantor, ikharasch@pszjlaw.com and lcantor@pszjlaw.com.

Dated: February 11, 2015

PACHULSKI STANG ZIEHL & JONES LLP, /s/ James O'Neill, Ira D. Kharasch (CA Bar No. 109084), Linda F. Cantor (CA Bar No. 153762), James O'Neill (DE Bar No. 4042), 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Telephone: (302) 652-4100, Facsimile: (302) 652-4400, E-mail: ikharasch@pszjlaw.com, lcantor@pszjlaw.com, joneill@pszjlaw.com, Counsel to Debtor and Debtor in Possession

[1] All capitalized terms not defined herein have the meaning ascribed to them in the Bid Procedures Motion.