## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| HIPCRICKET, INC.[1] | Case No. 15-10104 (LSS) |
| Debtor. | **Objection Deadline:  March 6, 2015 at 4:00 p.m. (ET)**<br>**Hearing Date:  TBD** |

### APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PEPPER HAMILTON LLP AS DELAWARE COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF HIPCRICKET, INC., *NUNC PRO TUNC* TO JANUARY 30, 2015

The Official Committee of Unsecured Creditors (the "Committee") of Hipcricket, Inc. (the "Debtor"), submits this application (the "Application") for entry of an order pursuant to sections 328(a) and 1103 of title 11 of the United States Code (11 U.S.C. §§ 101 *et. seq.* as amended, the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the Committee to retain Pepper Hamilton LLP ("Pepper Hamilton") as its Delaware counsel in the Debtor's chapter 11 case, *nunc pro tunc* to January 30, 2015.  In support of this Application, the Committee respectfully states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory and rule predicates for the

---

[1] The last four digits of the Debtor's tax identification number are 2076.  The location of the Debtor's headquarters and the service address for the Debtor is 110 110th Avenue NE. Suite 410, Bellevue, WA 98004

relief requested herein are Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rules

2014 and 2016 and Local Rule 2014-1.

2.     Pursuant to Local Rule 9013(f), the Committee hereby consents to the entry of

final orders or judgments by the Court on this Application if it is determined that the Court,

absent consent of the parties, cannot enter final orders or judgments consistent with Article III of

the Unites States Constitution.

## BACKGROUND

3.     On January 20, 2015 (the "Petition Date"), the Debtor filed a voluntary petition

for relief under chapter 11 of the Bankruptcy Code.  The Debtor is operating its business and

managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.

4.     On January 30, 2015, pursuant to Bankruptcy Code section 1102, the

United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee.

The Committee is currently comprised of the following five members:  (i) MobileFuse LLC,

(ii) Phunware, Inc., (iii) Zumobi, Inc., (iv) StrikeAd U.S. Inc., and (v) AIM Consulting Group

LLC.

5.     On January 30, 2015, pursuant to section 1103(a) of the Bankruptcy Code,

the Committee selected Cooley LLP ("Cooley") to serve as lead counsel and Pepper Hamilton to

serve as its Delaware counsel.

## RELIEF REQUESTED

6.     The Committee seeks to employ and retain Pepper Hamilton, as its Delaware

counsel, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, effective as of January

30, 2015.

## RETENTION OF PEPPER HAMILTON

7.      The Committee respectfully submits that it will be necessary to employ and retain Pepper Hamilton as its Delaware counsel to provide, among other things, the following assistance in coordination with the Committee's lead counsel:

a.      Assist Cooley as requested in representing the Committee;

b.      Advise the Committee with respect to its rights, duties and powers in this case;

c.      Assist and advise the Committee in its consultations with the Debtor relating to the administration of this case;

d.      Assist the Committee in analyzing the claims of the Debtor's creditors and the Debtor's capital structure and in negotiating with the holders of claims and, if appropriate, equity interests;

e.      Assist the Committee's investigation of the acts, conduct, assets, liabilities and financial condition of the Debtor and other parties involved with the Debtor, and of the operation of the Debtor's business;

f.      Assist the Committee in its analysis of, and negotiations with the Debtor or any other third party concerning matters related to, among other things, the assumption or rejection of certain leases of non-residential real property and executory contracts, asset dispositions, financing transactions and the terms of a plan of reorganization or liquidation for the Debtor;

g.      Assist and advise the Committee as to its communications, if any, to the general creditor body regarding significant matters in this case;

h.      Represent the Committee at all hearings and other proceedings;

        i.      Review, analyze, and advise the Committee with respect to applications, orders, statements of operations and schedules filed with the Court;

        j.      Assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives;

        k.      Assist the Committee as conflicts counsel, should the need arise; and

        l.      Perform such other services as may be required and are deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

8.      Pepper Hamilton is proposed to serve as Delaware counsel for the Committee with Cooley serving as lead counsel.  To be clear, Pepper Hamilton expects that Cooley will have primary responsibility for the services disclosed in the Committee's application to retain Cooley filed with the Court.  That being said, Pepper Hamilton also expects that it will be asked to provide substantive advice to the Committee.  In such instances, Pepper Hamilton intends to work closely with Cooley to ensure that there is no unnecessary duplication of services performed or charged to the Debtor's estate.

9.      Pepper Hamilton has advised the Committee that its professionals have considerable experience in the bankruptcy and commercial law areas and are particularly well-qualified to represent the Committee in these proceedings.  Henry, J. Jaffe, a partner at Pepper Hamilton, Donald J. Detweiler, a partner at Pepper Hamilton, and John H. Schanne, II, an associate with the firm, are presently expected to do the primary work on this case.  Additional professionals may be assigned to this case from time to time as may be necessary or appropriate to perform the services requested of Pepper Hamilton by the Committee.

#32582491 v1

10.     The Committee requests that all legal fees and related costs and expenses incurred by the Committee on account of services rendered by Pepper Hamilton in this case be paid as administrative expenses of the estate.  Subject to the Court's approval, Pepper Hamilton will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered.  The hourly rates charged by Pepper Hamilton for professionals and paraprofessionals employed in its offices are provided below

| Billing Category | Range[2] |
|------------------|----------|
| Partners, Special Counsel and Counsel | $510 to $790 |
| Associates | $295 to $470 |
| Paraprofessionals | $210 to $275 |

The Committee understands that these hourly rates are subject to periodic adjustments (typically on January 1 of each year) to reflect economic and other conditions.  Pepper Hamilton will maintain detailed records of actual and necessary costs and expenses incurred in connection with the aforementioned legal services.

11.     The names, positions and hourly rates of professionals employed by Pepper Hamilton presently expected to have primary responsibility for providing services to the Committee are set forth in the Affidavit of Henry J. Jaffe in Support of the Application (the "Jaffe Affidavit") filed concurrently herewith.  In addition, from time to time, it may be necessary for other professionals employed by Pepper Hamilton to provide services to the Committee.

---

[2] The rate range is for Pepper Hamilton's Wilmington, DE office, which is expected to handle the vast majority of the work in this chapter 11 case.

#32582491 v1

12.     Upon information and belief, and except to the extent set forth in the Jaffe Affidavit, Pepper Hamilton does not represent and does not hold any interest adverse to the Debtor's estate or its creditors in the matters upon which Pepper Hamilton is to be engaged. However, Pepper Hamilton is a large firm with a national practice and may represent or may have represented certain of the Debtor's creditors, equity holders, affiliates or other parties-in-interest in matters unrelated to this case as set forth in the Jaffe Affidavit.

13.     Additionally, Pepper Hamilton previously represented Augme Technologies, Inc. ("Augme") in three intellectual property litigation matters (the "IP Matters") unrelated to this chapter 11 case, through professionals outside of its bankruptcy group.  Per the Declaration of Todd E. Wilson in Support of First Day Motions (Docket No. 2), the Debtor was formerly known as Augme and the Debtor's former subsidiaries were merged into the Debtor in October of 2013.  Pepper Hamilton represented Augme as plaintiff in the IP Matters.  The IP Matters are captioned *Augme Technologies, Inc. v. Pandora Media, Inc.*, Civil Action No. 11-00379-LPS (D. Del), *Augme Technologies, Inc. v. Velti USA Inc.*, Civil Action No. 12-00294-LPS (D. Del), *Augme Technologies, Inc. v. Millennial Media, Inc.*, Civil Action No. 12-00424-LPS (D. Del), and were dismissed pursuant to joint stipulation on March 15, 2013, March 29, 2013, and December 3, 2013, respectively.

14.     Pepper Hamilton has not performed any work on the IP Matters since December 2, 2013 and issued its last invoice on February 28, 2014 in the amount of $2,528.02.  Pepper Hamilton billed less than $225,000 in fees and less than $4,000 for reimbursement of expenses during the course of the IP Matters.  Pepper Hamilton did not receive any payment from the Debtor in 2014 or in the ninety days prior to the Petition Date, and Pepper Hamilton write off the

#32582491 v1

*de minimis* $2,528.02 unpaid balance for its fees and expenses incurred in 2013, and is irrevocably waiving and releasing any prepetition claim it once held against the Debtor.

15.    Because of the extensive legal services that may be necessary in this case, and the fact that the full nature and extent of such services are not known at this time, the Committee believes that the employment of Pepper Hamilton to serve as Delaware counsel to the Committee is appropriate and in the best interests of the unsecured creditor body that the Committee represents.

16.    The Committee requested that Pepper Hamilton immediately commence work on this case because of pending motions scheduled for hearings and other pending matters in which the Committee has an interest.  Accordingly, the Committee seeks this Court's approval of its retention of Pepper Hamilton *nunc pro tunc* to January 30, 2105, the first date on which Pepper Hamilton performed services for the Committee.

17.    No previous application for the relief herein has been made to this or to any other court.


**[remainder of page intentionally left blank]**

      **WHEREFORE**, the Committee requests that an order be entered authorizing it to retain Pepper Hamilton to represent it in these proceedings, *nunc pro tunc* to January 30, 2015, and providing the Committee such other and further relief as the Court may deem just and proper.

Dated: New York, NY
       February 20, 2015

Respectfully submitted,

The Official Committee of Unsecured Creditors
of Hipcricket, Inc.

MobileFuse LLC
Committee Chairperson

By: /s/ Ken Harlan
Name: Ken Harlan

#32582491 v1