### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| HIPCRICKET, INC.[1] | Case No. 15-10104 (LSS) |
| Debtor. | |

**AFFIDAVIT OF HENRY J. JAFFE IN SUPPORT OF APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PEPPER HAMILTON LLP AS DELAWARE COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF HIPCRICKET, INC., *NUNC PRO TUNC* TO JANUARY 30, 2015**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | ss: |
| COUNTY OF NEW CASTLE | ) | |

I, Henry J. Jaffe, being duly sworn, state as follows:

1.        I am a partner of the law firm of Pepper Hamilton LLP ("Pepper Hamilton") which maintains offices at, among other locations, Hercules Plaza, Suite 5100, 1313 N. Market Street, Wilmington, Delaware 19801.

2.        This affidavit (the "Affidavit") is being submitted in support of the Application for Entry of an Order Authorizing the Employment and Retention of Pepper Hamilton LLP as Delaware Counsel to the Official Committee of Unsecured Creditors of Hipcricket, Inc. (the "Debtor"), *Nunc Pro Tunc* to January 30, 2015 (the Application"). I make this Affidavit pursuant to sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1. All capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

---

[1] The last four digits of the Debtor's tax identification number are 2076. The location of the Debtor's headquarters and the service address for the Debtor is 110 110th Avenue NE. Suite 410, Bellevue, WA 98004

3.      Unless otherwise stated, I have personal knowledge of the facts set forth hereinafter.  To the extent that any information disclosed herein requires amendment or modification upon Pepper Hamilton's completion of further analysis or as additional party-in-interest information becomes available to me, I will submit a supplemental verified statement to this Court.

## PEPPER HAMILTON'S PROCEDURES

4.      In preparing this Affidavit, I utilized a set of procedures established by Pepper Hamilton to ensure compliance with the Bankruptcy Code and the Bankruptcy Rules regarding the employment of professionals serving bankruptcy estates under the Bankruptcy Code.

5.      In that regard, I caused to be submitted the names of significant parties-in-interest in this case that were provided to Pepper Hamilton by Debtor's counsel for review under the conflict check system maintained by Pepper Hamilton.  Using information provided by the Debtor and additional information identified by Pepper Hamilton, I compared the names of the Debtor and other key parties-in-interest (collectively, the "Searched Parties") to the names that Pepper Hamilton has compiled into its conflict check system and adverse party index.  A list of the Searched Parties is attached to this Affidavit as **Exhibit 1**.

6.      Pepper Hamilton maintains and systematically updates this system in the regular course of business of the firm, and it is the regular practice of the firm to make and maintain these records.  The conflict check system maintained by Pepper Hamilton is designed to include (i) every matter for which the firm is now or has been engaged; (ii) the entity by which the firm is now or has been engaged; (iii) the identity of known related parties; (iv) the identity of known adverse parties; and (v) the attorney in the firm that is knowledgeable about the matter.  It is the policy of Pepper Hamilton that no new matter may be accepted or opened within the firm

#32584305 v1

without completing and submitting to those charged with maintaining the conflict check system and adverse party index the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter and related and adverse parties. Accordingly, the database is regularly updated for every new matter undertaken by Pepper Hamilton. The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter. Any matches between Pepper Hamilton's conflict check system and the Searched Parties were identified ("Client Match List"), together with the names of the respective Pepper Hamilton personnel responsible for current and former matters for the entities on such Client Match List. From time to time, Pepper Hamilton will update its disclosures as necessary.

## PEPPER HAMILTON'S CONNECTIONS

7.      In accordance with Bankruptcy Rule 2014(a), Pepper Hamilton hereby discloses its connections with the Debtor, its creditors, all other parties-in-interest, and their respective attorneys as follows:

a.      Pepper Hamilton began representing the Committee on January 30, 2015.

b.      Pepper Hamilton has been advised that it will be paid for its services at the rates usually charged by Pepper Hamilton for such services, to the extent allowed by the Court after application, notice, and hearing in accordance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

c.      Except as disclosed herein or on **Exhibit 2** attached hereto, Pepper Hamilton is not a creditor of the Debtor and has no direct or indirect relationship to, connection with, or interest in the Debtor.

#32584305 v1

8.      In addition to the disclosures set forth on **Exhibit 2**, Pepper Hamilton makes the following disclosure regarding its representation of Augme Technologies, Inc. ("Augme") in three intellectual property litigation matters (the "IP Matters") unrelated to this chapter 11 case, through professionals outside of its bankruptcy group.

a.      Per the Declaration of Todd E. Wilson in Support of First Day Motions (Docket No. 2), the Debtor was formerly known as Augme and the Debtor's former subsidiaries were merged into the Debtor in October of 2013.  Pepper Hamilton represented Augme as plaintiff in the IP Matters.  The IP Matters are captioned *Augme Technologies, Inc. v. Pandora Media, Inc.*, Civil Action No. 11-00379-LPS (D. Del), *Augme Technologies, Inc. v. Velti USA Inc.*, Civil Action No. 12-00294-LPS (D. Del), *Augme Technologies, Inc. v. Millennial Media, Inc.*, Civil Action No. 12-00424-LPS (D. Del), and were dismissed pursuant to joint stipulation on March 15, 2013, March 29, 2013, and December 3, 2013, respectively.

b.      Pepper Hamilton has not performed any work on the IP Matters since December 2, 2013 and issued its last invoice on February 28, 2014 in the amount of $2,528.02.  Pepper Hamilton billed less than $225,000 in fees and less than $4,000 for reimbursement of expenses during the course of the IP Matters.  Pepper Hamilton did not receive any payment from the Debtor in 2014 or in the ninety days prior to the Petition Date, and Pepper Hamilton has written off the *de minimis* $2,528.02 unpaid balance for its fees and expenses incurred in 2013, and is irrevocably waiving and releasing any prepetition claim it once held against the Debtor.

9.      Through diligent inquiry, I have ascertained that there is no connection— as such term is utilized in section 101(14)(C) of the Bankruptcy Code and Bankruptcy Rule 2014(a)—between Pepper Hamilton and (i) the United States Trustee or any person employed by

the Office of the United States Trustee and (ii) any other party-in-interest, except as disclosed herein or on **Exhibit 2** attached hereto.

10.       As part of its everyday practice, Pepper Hamilton appears in numerous bankruptcy, litigation and other cases, proceedings and transactions, in which it has worked and is working with and against numerous attorneys, accountants, financial consultants, investment bankers and other professionals who represent or may in the future represent creditors or other parties-in-interest in this case. Pepper Hamilton has not and will not represent any of such entities in relation to the Debtor and this chapter 11 case or have any relationship with any such entity, attorneys, accountants, financial consultants and investment bankers which would be adverse to the Debtor or its estate.

11.       Pepper Hamilton represented in the past five years, currently represents, and/or may represent in the future the entities listed on **Exhibit 2.** Certain of the entities listed on **Exhibit 2** are former or inactive clients at this time. In the case of each of the entities listed on **Exhibit 2**, the revenues derived from such client during the past calendar year represents less than 1% of the firm's revenues. Pepper Hamilton has not in the past represented, does not currently represent, and will not in the future represent, any of the entities listed on **Exhibit 2** in connection with this case or in any matter adverse to the Debtor.

## **PEPPER HAMILTON IS DISINTERESTED**

12.       To the best of my knowledge, information and belief, except as otherwise disclosed herein, neither I nor Pepper Hamilton, its partners, counsel and associates (a) are creditors, equity security holders or insiders of the Debtor, (b) are and were, within two years before the Petition Date, directors, officers or employees of the Debtor, (c) hold or represent any interest materially adverse to the interest of the Debtor's estate and (d) are related to any judge of this Court, the United States Trustee for the District of Delaware (the "U.S. Trustee") or any

#32584305 v1

employee of the U.S. Trustee in this District, except that Edward C. Toole, Jr., Of Counsel at Pepper Hamilton, is the husband of The Honorable Mary F. Walrath.

13.    Based upon the information available to me, after following the procedures described herein, and except as otherwise described herein, neither Pepper Hamilton nor any partner, associate, or counsel of the firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor or its estate.  Accordingly, I submit that Pepper Hamilton is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

## PEPPER HAMILTON'S FEES AND EXPENSES

14.    Pepper Hamilton intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders entered by this Court.

15.    Pepper Hamilton will bill for its services at its usual and customary hourly rates for the professionals involved, which rates are traditionally adjusted by Pepper Hamilton each January 1.  The hourly rates of the professionals that Pepper Hamilton presently expects to utilize in this case are as follows:

| Name | Title | Hourly Rate |
|------|-------|-------------|
| Donald J. Detweiler | Partner | $720 |
| Henry J. Jaffe | Partner | $640 |
| John H. Schanne II | Associate | $425 |
| Christopher Lano | Paralegal | $250 |

From time to time, it may be necessary for professionals and paraprofessionals employed by Pepper Hamilton, other than those set forth above, to provide services to the Committee.

#32584305 v1

-6-

16.    I hereby represent that Pepper Hamilton has not agreed to share with any person (except attorneys of Pepper Hamilton) the compensation to be paid for the services rendered in this case.

17.    Pepper Hamilton has not received a retainer.

## PROFESSIONAL SERVICES TO BE RENDERED BY PEPPER HAMILTON

18.    The professional services that Pepper Hamilton may render as Delaware counsel to the Committee in coordination with Cooley include, without limitation:

      a.    Assist Cooley as requested in representing the Committee;

      b.    Advise the Committee with respect to its rights, duties and powers in this case;

      c.    Assist and advise the Committee in its consultations with the Debtor relating to the administration of this case;

      d.    Assist the Committee in analyzing the claims of the Debtor's creditors and the Debtor's capital structure and in negotiating with the holders of claims and, if appropriate, equity interests;

      e.    Assist the Committee's investigation of the acts, conduct, assets, liabilities and financial condition of the Debtor and other parties involved with the Debtor, and of the operation of the Debtor's business;

      f.    Assist the Committee in its analysis of, and negotiations with the Debtor or any other third party concerning matters related to, among other things, the assumption or rejection of certain leases of non-residential real property and executory contracts, asset dispositions, financing transactions and the terms of a plan of reorganization or liquidation for the Debtor;

-7-

      g.      Assist and advise the Committee as to its communications, if any, to the general creditor body regarding significant matters in this case;

      h.      Represent the Committee at all hearings and other proceedings;

      i.      Review, analyze, and advise the Committee with respect to applications, orders, statements of operations and schedules filed with the Court;

      j.      Assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives;

      k.      Assist the Committee as conflicts counsel, should the need arise; and

      l.      Perform such other services as may be required and are deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

19.      Pepper Hamilton is proposed to serve as Delaware counsel for the Committee with Cooley serving as lead counsel. To be clear, Pepper Hamilton expects that Cooley will have primary responsibility for the services disclosed in the Committee's application to retain Cooley filed with the Court. That being said, Pepper Hamilton also expects that it will be asked to provide substantive advice to the Committee. In such instances, Pepper Hamilton intends to work closely with Cooley to ensure that there is no unnecessary duplication of services performed or charged to the Debtor's estate.

20.      Pepper Hamilton will represent no entity other than the Committee in connection with the Debtor's chapter 11 case. However, Pepper Hamilton reserves the right to represent a successor in interest to the Committee or the unsecured creditors that is formed pursuant to a confirmed plan in this chapter 11 case or a creditor trust agreement.

#32584305 v1

## FURTHER DISCLOSURES

21.    I will amend this statement promptly upon my learning that (i) any of the

within representations are incorrect or (ii) there is any change of circumstance relating thereto.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND
CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_____
Henry J. Jaffe, Esq.

Sworn to and subscribed before
me this **20th** day of **February**, 2015.

_____
Notary Public

**ROSALYN S. UNRUH**
**NOTARY PUBLIC**
**STATE OF DELAWARE**
My Commission Expires Sept. 22, 2018
20140922000014

#32584305 v1

## EXHIBIT 1

### (SEARCHED PARTIES)

| |
|---|
| 110 Atrium Place |
| 485 Properties, LLC c/o Cousins Properties Services LLC |
| Acuity Ads, Inc. |
| Adap.tv, Inc. |
| AIM Consulting Group |
| Augme Technologies, Inc. |
| Boehringer Ingelheim |
| Canaccord Genuity Inc. |
| Citrix Online |
| Cogent Communications |
| Comcast |
| Concourse Owner V/VI, LLC |
| Drawbridge, Inc. |
| Epic Strategic Communications |
| Farley, Kate |
| Fast Pay Partners |
| Fast Pay, LLC |
| Go2Mobi |
| Goodwin Proctor, LLP |
| Gordon Rees, LLP |
| Hardwell |
| Hardwell Acquisition LLC |
| High Water Systems |
| Hipcricket, Inc. |
| Hostetter, Dave |
| Infinite |
| Jessica Kenney, Richard James & Associates |
| Live Rail |
| Mitel Leasing |
| Mobile Posse, Inc. |
| Mobilefuse |
| Mobilewalla, Inc. |
| Noam J. Cohen, PA |
| NYS Department of Taxation and Finance |
| Pachulski Stang Ziehl & Jones LLP |
| Perkins Coie |
| Perkins Coie LLP |

| |
|---|
| Phunware, Inc. |
| Pitcher, Nichols & Meeks |
| Richard M. Howe, Howe & Associates |
| Richardson & Patel LLP |
| Riverside Claims LLC |
| Rust/Omni |
| Shaub & Williams LLP |
| Silicon Valley Bank |
| SITO Mobile, Ltd. |
| Stovall, Doug |
| StrikeAd, Inc. |
| Talon Portfolio Services LLC |
| Tapit Media |
| TDC Canada Corp. and Wacker GP, Inc. c/o DUS Management, Inc. |
| Todd Wilson, CEO |
| TW Telecom |
| US Equipment Finance |
| Verizon |
| Vitelilty Communications |
| WEBEX |
| Wells Fargo Bank |
| XO One and XO Communications |
| Yahoo! Inc. |
| Zumobi, Inc. |

#32584305 v1

## EXHIBIT 2
### (CLIENT MATCH LIST)

| Name | Relationship to Debtors | Relationship to Pepper |
|---|---|---|
| Augme Technologies, Inc. | Parent of Debtor | Former client of the Firm in unrelated matters |
| Citrix Online | Utilities | Affiliate of a former client of the Firm (Citrix Systems, Inc.) in an unrelated matter |
| Cogent Communications | Utilities | Former client of the Firm in unrelated matters |
| Comcast | Utilities | Current client of the Firm (Comcast Corporation) in unrelated matters |
| Silicon Valley Bank | Banks | Affiliate of a former client of the Firm (SVB Financial Group) in an unrelated matter |
| TW Telecom | Utilities | Affiliate of a former client of the Firm (Level 3 Communications, LLC) in an unrelated matter |
| Verizon | Utilities | Affiliate of a former client of the Firm (Verizon Network Integration Corp) in unrelated matters |
| Wells Fargo Bank | Banks | Current client of the Firm (Wells Fargo Bank, N.A.) in unrelated matters |