UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: | Chapter 11 |
|---|---|
| HIPCRICKET, INC.,[1] | Case No. 15-10104 (LSS) |
| Debtor. | |

### AFFIDAVIT OF SERVICE

I, Darleen Sahagun, am employed in the county of Los Angeles, State of California. I hereby certify that on February 18, 2015, I caused true and correct copies of the following document(s) to be served via first-class mail, postage pre-paid, to the parties listed in **Exhibit A** attached hereto:

- **Notice of Auction and Sale Hearing Related to Sale of Assets Free and Clear of All Liens, Claims and Interests**[2]

- **Notice of Counterparties to Executory Contracts and Unexpired Leases that May be Assumed and Assigned**[3]

- **SITO Mobile, Ltd. Correspondence Letter**[4]

Dated: February 19, 2015

/s/ Darleen Sahagun
Darleen Sahagun
Rust Consulting/Omni Bankruptcy
5955 DeSoto Avenue, Suite 100
Woodland Hills, California 91367
(818) 906-8300

{State of California        }
{                           } ss.
{County of Los Angeles       }

Subscribed and sworn to (or affirmed) before me on this 19 day of Feb., 20 15, by Darleen Sahagun proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

/s/ Castillo
Notary Public



JENNIFER MARLENE CASTILLO
Commission # 2085977
Notary Public - California
Los Angeles County
My Comm. Expires Oct 14, 2018

---

[1] The last four digits of the Debtor's tax identification number are 2076. The location of the Debtor's headquarters and the service address for the Debtor is 110 110th Avenue NE. Suite 410, Bellevue, WA 98004.

[2] A copy of the Notice is attached hereto as Exhibit B.

[3] A copy of the Notice is attached hereto as Exhibit C.

[4] A copy of the Letter is attached hereto as Exhibit D.

## **EXHIBIT A**

**Hipcricket, Inc. - U.S. Mail**  **Served 2/18/2015**

ENVISION  
1 SPEEN ST  
FRAMINGHAM, MA  01701

ENVISION  
10 ORMS ST  
PROVIDENCE, RI  02904

ENVISION  
12 WOODSOM DR  
AMESBURY, MA  01913-1430

ENVISION  
25 STATE ST, #301  
NEWBURYPORT, MA  01950-6614

G2  
200 5TH AVE, #5  
NEW YORK, NY  10010-3302

G2  
200 5TH AVE, #B  
NEW YORK, NY  10010-3367

ICG  
230 PICKETTS LINE  
NEWPORT NEWS, VA  23603

MOZES, INC.  
260 SHERIDAN AVENUE, SUITE 320  
PALO ALTO, CA  94306

NOBLE & ASSOCIATES  
1979 NORTH MILL STREET, SUITE 200  
NAPERVILLE, IL  60563

PRIVATEER HOLDINGS INC.  
1920 EASTLAKE AVE E  
SEATTLE, WA  98102-3602

Parties Served: 10

**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIPCRICKET, INC.,[1] | ) | Case No. 15-10104 (LSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**Deadline for Submitting Bids: February 23, 2015 at 4:00 p.m. (Eastern Time)**
**Auction Date and Time: February 25, 2015 at 10:00 a.m. (Eastern Time)**
**Deadline for Objections to Sale Motion: February 20, 2015 at 4:00 p.m. (Eastern Time)**
**Sale Hearing Date and Time: February 27, 2015 at 2:30 p.m. (Eastern Time)**

## NOTICE OF AUCTION AND SALE HEARING RELATED TO SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTERESTS

**PLEASE TAKE NOTICE** that, on January 21, 2015, Hipcricket, Inc., the above-captioned debtor and debtor in possession (the "Debtor"), filed its *Motion for Order (A) Approving Bid Procedures for the Sale of Substantially All of Debtor's Assets; (B) Scheduling an Auction and Hearing to Consider the Sale and Approve the Form and Manner of Notice Related Thereto; (C) Approving Payment of Break-Up Fee and Expense Reimbursement; and (D) Granting Related Relief* (as modified as set forth in the *Notice of Errata Re: Bid Procedures* [Docket No. 58], the "Bid Procedures Motion").[2] On February 11, 2015, the Court entered an order (the "Bid Procedures Order") granting the Bid Procedures Motion and approving the bidding procedures annexed thereto (the "Bidding Procedures") to be used in connection with the auction (the "Auction") of substantially all of the Debtor's assets (as further described in the Stalking Horse Agreement, the "Acquired Assets"). The Acquired Assets are being sold free and clear of all liens, claims, encumbrances and interests, provided that section 363(f) of the

---

[1] The last four digits of the Debtor's tax identification number are 2076. The location of the Debtor's headquarters and the service address for the Debtor is 110 110th Avenue NE. Suite 410, Bellevue, WA 98004.

[2] All capitalized terms not defined herein have the meaning ascribed to them in the Bid Procedures Motion.

DOCS_LA:286065.1

Bankruptcy Code has been satisfied (other than those liens and interests permitted by the Stalking Horse Agreement with the proposed purchaser of the Acquired Assets, SITO Mobile, Ltd. (the "Purchaser" or the "Stalking Horse Bidder")). The proposed sale of the Acquired Assets will provide for the following consideration: (i) an amount equal to the sum of (a) $4,500,000 in cash (the "Cash Purchase Price"), plus (b) an amount equal to the Cure Amounts up to the Cure Cap ($500,000), plus (c) the amounts approved by the Bankruptcy Court with respect to the KEIP up to the KEIP Limit ($255,000), less (ii) the sum of (a) the amount of Assumed DIP Obligations plus (b) the amount of Cure Amounts that are required to be paid in excess of the Cure Cap up to a maximum of $50,000.

## Auction

**PLEASE TAKE FURTHER NOTICE** that the Debtor may conduct an auction (the "Auction") to determine the highest and best bid with respect to the Acquired Assets. The Auction shall commence at 10:00 a.m. (Eastern Time) on February 25, 2015, at Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017-2024, or such other location as announced by the Debtor prior to the Auction.

## The Sale Hearing

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court has scheduled a hearing for February 27, 2015, at 2:30 p.m. (Eastern Time) (the "Sale Hearing") to consider approval of the winning bid(s) and confirm the results at the Auction for the Acquired Assets, pursuant to a motion filed by the Debtor seeking approval thereof (the "Sale Motion"). The Sale Hearing may, however, be adjourned in open court from time to time, without further notice. The Sale Hearing will be held before the Honorable Laurie Selber Silverstein, United States

Bankruptcy Court Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Courtroom No. 2, Wilmington, Delaware, 19801.

**PLEASE BE TAKE FURTHER NOTICE** that the Bidding Procedures shall govern the bidding process and the Auction of the Acquired Assets. Any person that wishes to receive a copy of the Sale Motion, Bidding Procedures or the Bid Procedures Order shall make such request in writing to Pachulski Stang Ziehl & Jones LLP,919 North Market Street, 17th Floor, Wilmington, Delaware 19899, Attn: Kathe Finlayson or by email to kfinlayson@pszjlaw.com. These filings are also available for review at the case-specific website maintained by the Court-approved noticing agent, Rust Consulting Omni Bankruptcy, at www.omnimgt.com/hipcricket.

## Objections

**PLEASE TAKE FURTHER NOTICE** that any objection to any of the relief to be requested at the Sale Hearing must be in writing, state the basis of such objection with specificity, and shall be filed with the Court, with a courtesy copy to Chambers, and shall be served on: (i) the Debtor, Hipcricket, Inc. c/o Todd Wilson, Chief Executive Officer, 110 110th Avenue NE, Suite 410, Bellevue, Washington 98005, facsimile: 425-449-4286; (ii) Debtor's counsel, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19899, Attn: James O'Neill, joneill@pszjlaw.com; Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067, Attn: Ira Kharasch and Linda Cantor, ikharasch@pszjlaw.com and lcantor@pszjlaw.com; (iii) counsel to the Stalking Horse Bidder, Greenberg Traurig, LLP, 200 Park Avenue, New York, NY 10166, Attn: Matthew Hinker and Joseph Gangitano, hinkerm@gtlaw.com and gangitanoj@gtlaw.com; (iv) counsel to the Official Committee of Unsecured Creditors appointed in this case, (a) Cooley LLP, The Grace Building, 1114 Avenue of the Americas, New York, NY 10036-7798, Attn:

Jay Indyke, Esq., jindyke@cooley.com; and (b) Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, P.O. Box 1709, Wilmington, DE 19899-1709, Attn: Donald J. Detweiler, Esq., detweilerd@pepperlaw.com and Henry J. Jaffe, Esq, jaffeh@pepperlaw.com; and (v) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801, Attn: Jane M. Leamy, Esq., jane.m.leamy@usdoj.gov (collectively, the "Notice Parties"), so as to be received by February 20, 2015, at 4:00 p.m. (Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that all requests for information concerning the Acquired Assets and all requests for information concerning the Bidding Procedures, should be directed in writing to Pachulski Stang Ziehl & Jones LLP, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067, Attn: Ira Kharasch and Linda Cantor, ikharasch@pszjlaw.com and lcantor@pszjlaw.com.

Dated: February 11, 2015               PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James O'Neill*
Ira D. Kharasch (CA Bar No. 109084)
Linda F. Cantor (CA Bar No. 153762)
James O'Neill (DE Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
E-mail:     ikharasch@pszjlaw.com
            lcantor@pszjlaw.com
            joneill@pszjlaw.com

Counsel to Debtor and Debtor in Possession

4

DOCS_LA:286065.1

**EXHIBIT C**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIPCRICKET, INC.,[1] | ) | Case No. 15-10104 (LSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**Deadline for Submitting Bids: February 23, 2015 at 4:00 p.m. (Eastern Time)**
**Auction Date and Time: February 25, 2015 at 10:00 a.m. (Eastern Time)**
**Deadline for Objections to Sale Motion: February 20, 2015 at 4:00 p.m. (Eastern Time)**
**Sale Hearing Date and Time: February 27, 2015 at 2:30 p.m. (Eastern Time)**

## NOTICE OF COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES THAT MAY BE ASSUMED AND ASSIGNED

**PLEASE TAKE NOTICE** that on January 21, 2015, Hipcricket, Inc., the above-captioned debtor and debtor in possession (the "Debtor"), filed the *Motion for Order (A) Approving Bid Procedures for the Sale of Substantially All of Debtor's Assets; (B) Scheduling an Auction and Hearing to Consider the Sale and Approve the Form and Manner of Notice Related Thereto; (C) Approving Payment of a Break-Up Fee and Expense Reimbursement; and (D) Granting Related Relief* (as modified as set forth in the *Notice of Errata Re: Bid Procedures* [Docket No. 58], the "Bid Procedures Motion").[2] On February 11, 2015, the Court entered an order (the "Bid Procedures Order") granting the Bid Procedures Motion and approving the bidding procedures annexed thereto (the "Bidding Procedures") to be used in connection with the auction (the "Auction") of substantially all of the assets (the "Acquired Assets"). The Acquired Assets are being sold free and clear of all liens, claims, encumbrances and interests, provided that section 363(f) of the Bankruptcy Code has been satisfied (other than those liens and interests

---

[1] The last four digits of the Debtor's tax identification number are 2076. The location of the Debtor's headquarters and the service address for the Debtor is 110 110th Avenue NE. Suite 410, Bellevue, WA 98004.

[2] All capitalized terms not defined herein have the meaning ascribed to them in the Bid Procedures Motion.

permitted by the Stalking Horse Agreement with the proposed purchaser of the Acquired Assets, SITO Mobile, Ltd. (the "Purchaser" or the "Stalking Horse Bidder")) or, alternatively, to a party who submits a higher and better offer for the Acquired Assets. The proposed sale of the Acquired Assets will provide for the following consideration: (i) an amount equal to the sum of (a) $4,500,000 in cash (the "Cash Purchase Price"), plus (b) an amount equal to the Cure Amounts up to the Cure Cap ($500,000), plus (c) the amounts approved by the Bankruptcy Court with respect to the KEIP up to the KEIP Limit ($255,000), less (ii) the sum of (a) the amount of Assumed DIP Obligations plus (b) the amount of Cure Amounts that are required to be paid in excess of the Cure Cap up to a maximum of $50,000.

The Acquired Assets may include some or all of those executory contracts and leases listed on **Exhibit A** (the "Assigned Contracts") attached hereto.[3]

**PLEASE TAKE FURTHER NOTICE** that the amount shown on **Exhibit A** attached to this Notice as the "Cure Amount" for the Assigned Contract listed on **Exhibit A** is the amount, based upon the Debtor's books and records, which the Debtor asserts are owed to cure any defaults existing under the Assigned Contract as of the Petition Date to which you are a counterparty (the "Counterparty"). Information prepared by the Stalking Horse Bidder relating to adequate assurance of future performance by the Stalking Horse Bidder, for purposes of section 365 of the Bankruptcy Code, is enclosed herewith.

**PLEASE TAKE FURTHER NOTICE** that the Debtor will deliver a copy of the Sale Motion to you by facsimile, email or overnight delivery if you fax a written request for such delivery to Kathe Finlayson, kfinlayson@pszjlaw.com, at Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801.

---

[3] Such Assigned Contracts may or may not be assumed and assigned to the Successful Bidder, and nothing contained herein or otherwise shall be deemed as an assumption or assumption and assignment of any such contracts or leases.

**PLEASE TAKE FURTHER NOTICE** that if you disagree with the Cure Amount shown for the Assigned Contract on **Exhibit A** hereto and/or object to the assumption and assignment of the Assigned Contract with respect to the Stalking Horse Bidder's ability to provide adequate assurances of future performance under the Assigned Contract, you must file in writing with the United States Bankruptcy Court for the District of Delaware, Marine Midland Plaza, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, an objection on or before 4:00 p.m. Eastern Time on February 20, 2015, provided, however, that if the Stalking Horse Bidder, the proposed assignee of a Counterparty's Assigned Contract, is not the Successful Bidder, any Counterparty may raise at the hearing (the "Sale Hearing") to consider the *Motion for Order (A) Approving Asset Purchase Agreement and Authorizing the Sale of Substantially All of Debtor's Assets Outside the Ordinary Course of Business; (B) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Rights, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 105, 363(b), 363(f) And 363(m); (C) Assuming and Assigning Certain Executory Contracts and Unexpired Leases; and (D) Granting Related Relief* (the "Sale Motion"), an objection to the assumption and assignment of the Assigned Contract solely with respect to the Successful Bidder's ability to provide adequate assurances of future performance under the Assigned Contract. In addition, any objection must set forth the specific default or defaults alleged and set forth any cure amount as alleged by you.

**PLEASE TAKE FURTHER NOTICE** that if you have any other objection to the Debtor's assumption and assignment of the Assigned Contract to which you are a party, to the successful bidder at the Auction, or to any of the other relief requested, you also must file that objection in the manner and by the date and time stated above.

**PLEASE TAKE FURTHER NOTICE** that any objection so filed must be served so as to be received by that same date and time upon the parties below: (i) the Debtor, Hipcricket, Inc. c/o Todd Wilson, Chief Executive Officer, 110 110th Avenue NE, Suite 410, Bellevue, Washington 98005, facsimile: 425-449-4286; (i) Debtor's counsel, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19899, Attn: James O'Neill, joneill@pszjlaw.com; Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067, Attn: Ira Kharasch and Linda Cantor, ikharasch@pszjlaw.com and lcantor@pszjlaw.com; (ii) counsel to the Stalking Horse Bidder, Greenberg Traurig, LLP, 200 Park Avenue, New York, NY 10166, Attn: Matthew Hinker and Joseph Gangitano, hinkerm@gtlaw.com and gangitanoj@gtlaw.com; (iii) counsel to the Official Committee of Unsecured Creditors appointed in this case, (a) Cooley LLP, The Grace Building, 1114 Avenue of the Americas, New York, NY 10036-7798, Attn: Jay Indyke, Esq., jindyke@cooley.com; and (b) Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, P.O. Box 1709, Wilmington, DE 19899-1709, Attn: Donald J. Detweiler, Esq., detweilerd@pepperlaw.com and Henry J. Jaffe, Esq, jaffeh@pepperlaw.com; and (iv) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801, Attn: Jane M. Leamy, Esq., jane.m.leamy@usdoj.gov (collectively, the "Notice Parties"), so as to be received by February 20, 2015, at 4:00 p.m. (Eastern Time).

PLEASE TAKE FURTHER NOTICE THAT IF YOU DO NOT TIMELY FILE AND SERVE AN OBJECTION AS STATED ABOVE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE SALE MOTION WITH NO FURTHER NOTICE.

ANY NON-DEBTOR PARTY TO ANY ASSIGNED CONTRACT WHO DOES NOT FILE A TIMELY OBJECTION TO THE CURE AMOUNT FOR SUCH ASSIGNED CONTRACT IS DEEMED TO HAVE CONSENTED TO SUCH CURE AMOUNT.

Dated: February 11, 2015        PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James O'Neill*
Ira D. Kharasch (CA Bar No. 109084)
Linda F. Cantor (CA Bar No. 153762)
James O'Neill (DE Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
E-mail:        ikharasch@pszjlaw.com
               lcantor@pszjlaw.com
               joneill@pszjlaw.com

Counsel to Debtor and Debtor in Possession

## **EXHIBIT D**



SITO Mobile, Ltd. (the "Company") was incorporated in Delaware on May 31, 2000, under its original name, Hosting Site Network, Inc. On May 12, 2008, the Company changed its name to Single Touch Systems, Inc. and on September 26, 2014, it changed its name to SITO Mobile, Ltd.

The Company provides a mobile engagement platform that enables brands to increase awareness, loyalty, and ultimately sales.

On January 20, 2015, the Company entered into an Asset Purchase Agreement (the "APA") with Hipcricket, Inc. ("Hipcricket"). The APA provides that the Company will acquire substantially all of the assets of Hipcricket in exchange for $4.5 million, plus certain additional consideration, including the payment of all Cure Amounts due and owing under any Assumed Contract up to a maximum of $500,000.

As evidence of the Company's ability to satisfy any requirements relating to adequate assurance of future performance, the Company's most recent Form 10-Q for the quarterly period ended December 31, 2014 is available at http://ir.sitomobile.com/all-sec-filings# and the Company's most recent condensed consolidated balance sheet (unaudited) is available at http://ir.sitomobile.com/financials or upon written request for such to Matthew L. Hinker, hinkerm@gtlaw.com, at Greenberg Traurig, 200 Park Ave., New York, NY 10166.