**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| HIPCRICKET, INC., | Case No. 15-10104 (LSS) |
| Debtor. | Obj.: February 23, 2015 at 3:00 p.m.<br>(Extended for the Individuals)<br>Hearing: February 27, 2015 at 2:30 p.m. |
| | Ref. Docket Nos.: 59 & 118 |

**OBJECTION OF IVAN BRAIKER, GAY GABRILSKA, AND KIM DONALDSON TO ASSUMPTION AND ASSIGNMENT OF AGREEMENTS**

Ivan Braiker, Gay Gabrilska and Kimberly Donaldson (collectively, the "Individuals") each hereby object to the Debtor's Notice of Counterparties to Executory Contracts and Unexpired Leases That May Be Assumed and Assigned (the "Assumption Notice"). In support hereof, Mr. Braiker, Ms. Gabrilska and Ms. Donaldson state as follows:

## I.    INTRODUCTION

In connection with the anticipated sale of substantially all of the Debtor's assets, the Debtor proposes to permit the assumption and assignment of certain agreements purportedly relating to Individuals as reflected in particular Assumption Notices. The Court should deny the Debtor's attempt to assume and assign the "Confidentiality and Non-Solicitation Agreements" with Ivan Braiker, Gay Gabrilska and Kim Donaldson. First, the Assumption Notices are procedurally deficient. Second, the Debtor and Mr. Braiker were parties to an "Employment Agreement" that included confidentiality and non-solicitation provisions, but the Debtor breached that agreement, has not offered to cure its defaults, and, since the Employment Agreement is a personal services contract, the Debtor cannot assume or assign the agreement even if it did offer to cure and provide adequate assurance of future performance. Third, the Debtor, Ms. Gabrilska and Ms. Donaldson were parties to certain agreements that included confidentiality and non-solicitation provisions, but those agreements, as personal services

contracts, also cannot be assumed or assigned. None of the Individuals currently consent to the assumption and assignment of any of their agreements with the Debtor.

## II. BACKGROUND

Mr. Braiker was a party to an Employment Agreement dated August 25, 2011, with Augme Technologies, Inc. n/k/a Hipcricket, Inc. (*See* Declaration of Ivan Braiker attached hereto as Exhibit 1 ("Braiker Decl.") Ex. A.) The parties amended the Employment Agreement on four occasions. (Braiker Decl. Ex. B.)

The Debtor terminated Mr. Braiker's employment pre-petition, effective May 30, 2014. The termination was without "Just Cause," as defined in Section 15(b)(ii) of the Employment Agreement. As a result, the Debtor was required to continue paying Mr. Braiker's base salary of $350,000 per annum through August 25, 2015. (Braiker Decl. ¶¶ 5-6.)

Mr. Braiker received his last payment of base salary from the Debtor on January 20, 2015. The Debtor breached its obligation to make subsequent payments, apparently because of its bankruptcy filing. From January 20, 2015 through August 25, 2015, the aggregate amount of base salary that the Debtor owes or will owe is $208,724. (Braiker Decl. ¶¶ 9-10.) Mr. Braiker may also have other claims against the Debtor, and nothing about this objection is intended to limit or waive his rights to assert those claims.

Gay Gabrilska and Kim Donaldson were parties to Commission Plan-Sales agreements with the Debtor. The commission plans set forth a compensation program for the sales professionals of the Debtor, and they also include non-solicitation and non-competition provisions. (Braiker Decl. ¶¶ 12-13.) It is also possible that they signed other documents as part of their employment agreements. In particular, the Debtor has suggested that the Individuals signed separate confidentiality and non-solicitation agreements, but has not yet provided them.

The Debtor sent Mr. Braiker, Ms. Gabrilska, and Ms. Donaldson each a separate Assumption Notice dated February 11, 2015. Each notice refers to a "Confidentiality and Non-Solicitation Agreement" and proposes to assume and assign each agreement with no cure payment. The Debtor has been asked to provide *executed* copies of the agreements referred to in

the notices, but hasn't done so. The Debtor has only provided an *unexecuted* version of a Confidentiality and Non-Solicitation Agreement.

### III.   ARGUMENT

#### A.   The assumption notices are procedurally deficient.

The Court must deny the Debtor's motion because of significant procedural irregularities. The Debtor apparently served a series of notices dated February 11, 2015, insisting on responses just a week later (February 20, 2015, with an intervening holiday) – extended for the Individuals to February 23, 2015 at 3:00 p.m. (Eastern time). Nonetheless, even assuming the notices were served the day after they were prepared (February 12), the Individuals have only been given six business days to react to the notice, find and engage lawyers (including lawyers in Delaware), and respond. Compounding the lack of adequate notice, the Assumption Notices themselves do not attach the documents and the Debtor has so far not provided executed copies of such agreements; and, in Mr. Braiker's case, the Assumption Notice he received proposed a cure of zero ($0) even though he is owed hundreds of thousands of dollars in salary and other benefits.

#### B.   The Debtor may not assume and assign its agreements with Mr. Braiker, Ms. Gabrilska and Ms. Donaldson without their consent.

The Debtor may not assume and assign the agreements of the individuals without their consent, which they decline to give.

Section 365(c)(1) of the Bankruptcy Code prohibits the assumption or assignment of a contract if "applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor" and such party does not consent to assumption or assignment. This provision of the Bankruptcy Code can, under certain circumstances, be read to conflict with section 365(f)(1) of the Bankruptcy Code, which permits assignment of a contract notwithstanding a provision of that contract or in applicable law that "prohibits, restricts, or conditions the assignment of such contract . . . ." Courts in this district have resolved that tension by holding that section 365(c)(1) prevents assumption or assignment "where it is clear from the statute that the identity of the contracting

party is crucial to the contract or public safety is at issue." *In re ANC Rental Corp.*, 277 B.R. 226, 236 (Bankr. D. Del. 2002).

As a general rule, under state law, contracts for personal services are not assignable outside of bankruptcy. *Matter of Taylor*, 913 F.2d 102, 106 (3d Cir. 1990). Whether a contract is personal in nature depends "'upon the nature of the subject of the contract, the circumstances of the case and the intent of the parties to the contract.'" *In re Headquarters Dodge, Inc.*, 13 F.3d 674, 682–83 (3d Cir. 1993) (quoting 2 *Collier on Bankruptcy* § 365.05 (Lawrence P. King, ed., 15 ed. 1992)). Under New York law, which governs Mr. Braiker's Employment Agreement, personal services contracts are personal to the parties and may not be assigned without consent of both parties. *See Paige v. Faure*, 127 N.E. 898, 899 (NY Ct. App. 1920); *Wein & Malkin, LLP v. Helmsley-Spear, Inc.*, 846 N.E.2d 1201 (NY Ct. App. 2006). Additionally, many courts find that restrictive covenants are not independently assignable. *See Trinity Transport v. Ryan*, 1986 WL 11111 (Del. Ch. 1986) (contract is for personal services and not assignable, and thus restrictive covenant within contract is not assignable).

In this case, there can be no dispute that Mr. Braiker's Employment Agreement is a personal services contract. The Employment Agreement expressly states that it "constitutes a personal service agreement, and the performance of the Employee's obligations hereunder may not be transferred or assigned by the Employee." (Braiker Decl. Ex. A § 19.). This shows that the parties to the contract relied on the personal services of Mr. Braiker to perform the duties and obligations contracted for, and his performance was non-delegable. Likewise, as would have been acknowledged in the sample document proposed by the Debtors to be assumed and assigned, Ms. Gabrilska and Ms. Donaldson provided "unique and personal" to the Debtor.

Mr. Braiker, Ms. Gabrilska, and Ms. Donaldson also do not agree that the Debtor has any valid anti-competition provisions to assume and assign at this point. The Debtor materially breached Mr. Braiker's Employment Agreement, relieving him of future obligations, and the non-solicitation provisions in the unexecuted sample should not be enforceable under state law. While those arguments go beyond the scope of the Debtor's motion, Mr. Braiker, Ms. Gabrilska,

and Ms. Donaldson reserve all of their rights with respect to the enforceability of those provisions.

### C. The Debtor may not assume and assign just part of the Employment Agreement; it may not assume and assign its agreement with Mr. Braiker without curing its defaults and providing adequate assurance of future performance.

Even if Mr. Braiker were to consent to assignment of his Employment Agreement, the Debtor would be obligated to pay the outstanding unpaid balance of Mr. Braiker's salary, and provide adequate assurance of future payments, before it could assume and assign the Employment Agreement.

Despite what appears to be the Debtor's attempt to assume and assign just part of Mr. Braiker's Employment Agreement, and strip off its own obligations, it is well-established that "[a]n executory contract may not be assumed in part and rejected in part." *See* 3 Collier on Bankruptcy ¶ 365.03 [1] (15th ed. 2001) (citing *Stewart Title Guaranty Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996); *City of Covington v. Covington Landing Ltd. Partnership*, 71 F.3d 1221 (6th Cir. 1995); *In re Nitec Paper Corp.*, 43 B.R. 492 (S.D.N.Y. 1984); *In re Village Rathskeller, Inc.*, 147 B.R. 665, 671 (Bankr. S.D.N.Y. 1992)). "The trustee must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits." *Id.* If there has been a default in an executory contract or unexpired lease, the trustee (or debtor in possession) may not assume it until the trustee: (1) cures or provides adequate assurance that it will promptly cure the default; (2) compensates or provides adequate assurance of prompt future compensation for actual pecuniary loss resulting from the default; and (3) provides adequate assurance of future performance under the contract or lease. 11 U.S.C. § 365(b)(1)(A), (B), (C). *In re Rickel Home Centers, Inc.*, 209 F.3d 291, 298 (3d Cir. 2000).

The Debtor is in default of the Employment Agreement as a result of failing to make any salary payments after the bankruptcy was filed. As a result, the Debtor is obligated to cure its default before (if Mr. Braiker consented) it assumed or assigned the Employment Agreement.

Here, however, the Debtor has sought to strip out beneficial provisions for itself, while it proposes simply abandoning its obligations to Mr. Braiker. The Debtor has not proposed any cure, or provided any assurance of future performance. Therefore, the Debtor should not be allowed to assume the Employment Agreement. Only if the Debtor cures all defaults under the Employment Agreement, and assures Mr. Braiker that the purchaser of the Debtor's assets will perform every term of the Employment Agreement that is "integral to the bargain struck between the parties" will Mr. Braiker obtain "the full benefit of [his] bargain." *In re Fleming Cos.*, 499 F.3d 300, 306 (3d Cir. 2007) (describing the material and economically significant standard). At a minimum, that ought to require payment of the aggregate amount of base salary that the Debtor owes or will owe (approximately, $208,000) into an escrow fund for the benefit of Mr. Braiker.

[Remainder of Page Left Intentionally Blank]

## IV.  CONCLUSION

For the foregoing reasons, Ivan Braiker, Gay Gabrilska and Kim Donaldson respectfully request the Court to deny the Debtor's request to assume and assign the agreements with Mr. Braiker, Ms. Gabrilska and Ms. Donaldson. The Individuals also reserve their rights to amend or modify this objection in the event the Debtor is able to specifically identify executed documents listed in the Assumption Notices.

Dated: February 23, 2015

MORRIS JAMES LLP

Carl N. Kunz, III (DE Bar No. 3201)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: ckunz@morrisjames.com

and

Hugh R. McCullough
Lauren Stevenson
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Telephone: (206) 622-3150

*Counsel to Ivan Braiker, Gay Gabrilska and Kimberly Donaldson*