IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| HIPCRICKET, INC.,[1] ) | Case No. 15-10104 (LSS) |
| ) | |
| Debtor. ) | |
| | Objection Deadline: March 26, 2015 at 4:00 p.m. |
| | Hearing Date: Scheduled only if Necessary |

**FIRST MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO
THE DEBTOR AND DEBTOR IN POSSESSION, FOR
THE PERIOD FROM JANUARY 21, 2015 THROUGH JANUARY 31, 2015**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Debtor and Debtor in Possession |
| Date of Retention: | *Nunc Pro Tunc* to January 20, 2015 by order signed February 11, 2015 |
| Period for which Compensation and Reimbursement is Sought: | January 21, 2015 through January 31, 2015[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $147,472.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 16,242.47 |

This is a:     x monthly        interim        final application.

The total time expended for fee application preparation is approximately 3.0 hours and the corresponding compensation requested is approximately $1,000.00.

---

[1] The last four digits of the Debtor's tax identification number are 2076. The location of the Debtor's headquarters and the service address for the Debtor is 110 110th Avenue NE, Suite 410, Bellevue, WA 98004.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| | | | | | |

No prior fee applications have been filed.

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Ira D. Kharasch | Partner 1987; Member of Ca Bar since 1982 | $975.00<br>$487.50 | 38.10<br>5.50 | $37,147.50<br>$ 2,681.25 |
| Alan J. Kornfeld | Partner 1996; Member of CA Bar since 1987 | $950.00 | 0.70 | $ 665.00 |
| Jeffrey N. Pomerantz | Partner 1995; Member of CA Bar since 1989 | $895.00 | 6.00 | $ 5,370.00 |
| Linda F. Cantor | Partner 1994; Member of CA Bar since 1991; Member of IL Bar since 1988 | $875.00 | 16.30 | $14,262.50 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $875.00<br>$437.50 | 11.70<br>3.50 | $10,237.50<br>$ 1,531.25 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $750.00 | 31.00 | $23,250.00 |
| Shirley S. Cho | Of Counsel 2009; Member of CA Bar since 1997; Member of NY Bar since 2002 | $750.00 | 3.40 | $ 2,550.00 |
| Jonathan J. Kim | Of Counsel 1999; Member of CA Bar since 1995 | $695.00 | 37.20 | $25,854.00 |
| Jason H. Rosell | Associate 2010; Member of CA Bar since 2010; Member of NY Bar since 2011 | $525.00 | 8.60 | $ 4,515.00 |
| Kathe F. Finlayson | Paralegal 2000 | $305.00 | 32.10 | $ 9,790.50 |
| Felice S. Harrison | Paralegal 2009 | $305.00 | 30.50 | $ 9,302.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Charles J. Bouzoukis | Case Management Assistant 2001 | $225.00 | 0.60 | $ 135.00 |
| Karen S. Neil | Case Management Assistant 2003 | $225.00 | 0.60 | $ 135.00 |
| Beatrice M. Koveleski | Case Management Assistant 2009 | $225.00 | 0.20 | $ 45.00 |

        **Grand Total:** $147,472.00
        **Total Hours:** 226.00
        **Blended Rate:** $ 652.53

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 45.60 | $32,182.50 |
| Bankruptcy Litigation | 61.50 | $39,912.50 |
| Case Administration | 6.80 | $ 2,334.00 |
| Claims Admin./Objections | 4.60 | $ 2,481.00 |
| Compensation of Professional | 0.20 | $    61.00 |
| Compensation of Prof./Others | 1.30 | $   688.50 |
| Employee Benefit/Pension | 11.80 | $ 7,691.50 |
| Executory Contracts | 0.80 | $   378.00 |
| Financial Filings | 17.40 | $ 6,380.00 |
| Financing | 42.30 | $33,619.50 |
| General Business Advice | 2.80 | $ 2,660.00 |
| General Creditors Comm. | 1.30 | $ 1,267.50 |
| Meeting of Creditors | 4.90 | $ 3,654.50 |
| Operations | 5.10 | $ 3,602.50 |
| Retention of Professional | 1.80 | $ 1,038.50 |
| Retention of Prof./Others | 8.80 | $ 5,308.00 |
| Travel | 9.00 | $ 4,212.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---|
| Air Fare | American Airlines | $1,164.20 |
| Auto Travel Expense | Uber Transportation; Taxi fare | $    68.10 |
| Bloomberg | | $    20.00 |
| Working Meals | Danke Schoen | $     7.25 |
| Delivery/Courier Service | Digital Legal | $   425.10 |
| Express Mail | Federal Express | $3,076.73 |
| Hotel Expense | Hotel DuPont | $1,066.15 |
| Court Research | Pacer | $   123.70 |
| Postage | US Mail | $1,944.90 |
| Reproduction Expense | | $7,258.50 |
| Reproduction/ Scan Copy | | $   359.00 |
| Travel Expense | Amtrak; Post Office Garage; Travel Agency Fee | $   244.84 |
| Transcript | Escribers | $   484.00 |

---

[3] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

DOCS_DE:198575.1 36480/002                                   4

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIPCRICKET, INC.,[1] | ) | Case No. 15-10104 (LSS) |
| | ) | |
| Debtor. | ) | |

**Objection Deadline: March 26, 2015 at 4:00 p.m.**
**Hearing Date: Scheduled only if Necessary**

### FIRST MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION, FOR THE PERIOD FROM JANUARY 21, 2015 THROUGH JANUARY 31, 2015

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the Court's "Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals," signed on or about February 11, 2015 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Counsel to the Debtor and Debtor in Possession ("Debtor"), hereby submits its First Monthly Application for Compensation and for Reimbursement of Expenses for the Period from January 21, 2015 through January 31, 2015 (the "Application").

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $147,472.00 and actual and necessary expenses in the amount of $16,242.47 for a total allowance of $163,714.47 and payment of $117,977.60 (80% of the allowed fees) and

---

[1] The last four digits of the Debtor's tax identification number are 2076. The location of the Debtor's headquarters and the service address for the Debtor is 110 110th Avenue NE, Suite 410, Bellevue, WA 98004.

DOCS_DE:198575.1 36480/002

reimbursement of $16,242.47 (100% of the allowed expenses) for a total payment of $134,220.07 for the period January 21, 2015 through January 31, 2015 (the "Interim Period"). In support of this Application, PSZ&J respectfully represents as follows:

**Background**

1. On January 20, 2015, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues in possession of its properties and continues to operate and manage its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. A Committee of Unsecured Creditors ("Committee") was appointed in this case by the United States Trustee on or about January 30, 2015.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On or about February 11, 2015, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within twenty-one (21) days after service of the monthly fee application the Debtor are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Beginning with the period ending March 31, 2015, at three-month intervals or such other intervals convenient to the Court, each of the Professionals shall file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period.

4.     The retention of PSZ&J, as Counsel to the Debtor, was approved effective as of January 20, 2015 by this Court's "Order Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession *Nunc Pro Tunc* to the Petition Date," signed on or about February 11, 2015 (the "Retention Order"). The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

5.     All services for which PSZ&J requests compensation were performed for or on behalf of the Debtor.

6.     PSZ&J has received no payment and no promises for payment from any source other than from the Debtor for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in this case. PSZ&J has received payments from the Debtor during the year prior to the Petition Date in the amount of $255,000 in connection with the preparation of initial documents and its prepetition representation of the Debtor. Upon final reconciliation of the amount actually expended pre-petition, any balance remaining from the payments to the Firm was credited to the Debtor and utilized as PSZ&J's

retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court in accordance with the Bankruptcy Code.

## Fee Statements

7.  The fee statements for the Interim Period are attached hereto as Exhibit A. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period. To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Administrative Order. PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services. The time reports are organized on a daily basis. PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code. PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent (50%) of PSZ&J's standard hourly rate. To the extent it is feasible, PSZ&J professionals attempt to work during travel.

## Actual and Necessary Expenses

8.  A summary of actual and necessary expenses incurred by PSZ&J for the Interim Period is attached hereto as part of Exhibit A. PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as this one, arising in Delaware. PSZ&J's photocopying machines automatically record the number of copies made when the person that is

doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9. PSZ&J charges $1.00 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Debtor for the receipt of faxes in this case.

10. With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research. PSZ&J bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZ&J is passed on to the client.

11. PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

### Summary of Services Rendered

12. The names of the partners and associates of PSZ&J who have rendered professional services in this case during the Interim Period, and the paralegals and case

management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

13. PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Debtor on a regular basis with respect to various matters in connection with the Debtor's bankruptcy case, and performed all necessary professional services which are described and narrated in detail below. PSZ&J's efforts have been extensive due to the size and complexity of the Debtor's bankruptcy case.

## Summary of Services by Project

14. The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below. PSZ&J attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A. Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

A. **Asset Disposition**

15. This category relates to the sale or other disposition of assets. During the Interim Period, the Firm, among other things: (1) performed work regarding a sale motion;

(2) performed work regarding an Asset Purchase Agreement; (3) performed work regarding a sale order; (4) attended to marketing issues; (5) attended to non-disclosure issues; (6) attended to privacy and Ombudsman issues; (7) attended to notice issues; (8) performed work regarding a bid procedures motion; (9) attended to bid issues; (10) performed work regarding auction issues; (11) attended to scheduling issues; (12) attended to sale-related executory contract issues; (13) performed work regarding a non-disclosure agreement; (14) performed work regarding a notice of errata; (15) performed work regarding Hearing Binders; and (16) corresponded and conferred regarding asset disposition issues.

Fees: $32,182.50;    Hours: 45.60

### B.    Bankruptcy Litigation

16.    This category relates to work regarding motions or adversary proceedings in the Bankruptcy Court. During the Interim Period, the Firm, among other things: (1) performed work regarding First Day Motions; (2) attended to notice issues; (3) performed work regarding Agenda Notices; (4) performed work regarding *pro hac vice* motions; (5) responded to United States Trustee comments concerning First Day Motions; (6) performed work regarding orders; (7) prepared for and attended a hearing on January 23, 2015 regarding First Day Motions; (8) attended to issues regarding the Yahoo matter; (9) performed work regarding a Notice of Commencement of Case; and (10) conferred and corresponded regarding litigation issues.

Fees: $39,912.50;    Hours: 61.50

### C.     Case Administration

17.    This category relates to work regarding administration of this case. During the Interim Period, the Firm, among other things: (1) maintained a memorandum of critical dates; (2) maintained document control; (3) reviewed and analyzed documents and pleadings and forwarded them to the appropriate persons; (4) maintained service lists; and (5) conferred and corresponded regarding case administration issues.

Fees: $2,334.00;    Hours: 6.80

### D.     Claims Administration and Objections

18.    This category relates to work regarding claims administration and claims objections. During the Interim Period, the Firm, among other things: (1) performed work regarding a bar date motion and order; (2) responded to inquiries from creditors; (3) attended to tax issues; and (4) corresponded and conferred regarding claim issues.

Fees: $2,481.00;    Hours: 4.60

### E.     Compensation of Professionals

19.    This category relates to work regarding compensation of the Firm. During the Interim Period, the Firm, among other things, corresponded regarding fee issues.

Fees: $61.00;    Hours: 0.20

### F.     Compensation of Professionals--Others

20.    This category relates to work regarding the compensation of professionals, other than the Firm. During the Interim Period, the Firm, among other things, performed work regarding an interim compensation procedures motion.

Fees: $688.50;    Hours: 1.30

### G. Employee Benefits and Pensions

21. This category relates to work regarding employee benefits and pension plans. During the Interim Period, the Firm, among other things: (1) performed work regarding a Key Employee Retention Plan motion; (2) performed work regarding a wage motion; (3) attended to confidentiality issues; (4) attended to scheduling issues; and (5) corresponded and conferred regarding employee issues.

Fees: $7,691.50;   Hours: 11.80

### H. Executory Contracts

22. This category relates to work regarding executory contracts and unexpired leases of real property. During the Interim Period, the Firm, among other things, reviewed and analyzed leases and corresponded regarding lease issues.

Fees: $378.00;   Hours: 0.80

### I. Financial Filings

23. This category relates to work regarding compliance with reporting requirements. During the Interim Period, the Firm, among other things, performed work regarding SEC reports, performed work regarding Schedules and Statements, and corresponded and conferred regarding financial filings issues.

Fees: $6,380.00;   Hours: 17.40

### J. Financing

24. This category relates to work regarding Debtor in Possession ("DIP") financing and use of cash collateral. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed financing documents; (2) performed work regarding a DIP financing

motion; (3) attended to issues regarding use of cash collateral; (4) attended to priming issues; (5) attended to issues regarding the FastPay claim; (6) performed work regarding negotiations; (7) attended to budget issues; (8) performed work regarding lien validation issues; (9) reviewed and responded to United States Trustee concerns regarding proposed DIP financing order; (10) attended to indemnity issues; (11) attended to issues regarding Sito; (12) performed work regarding cash management and interim DIP financing orders; (13) performed work regarding notice issues; (14) performed work regarding a termination agreement and FastPay payoff; and (15) corresponded and conferred regarding financing issues.

        Fees: $33,619.50;    Hours: 42.30

**K.**    **General Business Advice**

25.    The category relates to issues regarding general business matters and advice. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed documents regarding task list and timing issues; (2) attended to scheduling issues; and (3) corresponded and conferred regarding general business issues.

        Fees: $2,660.00;    Hours: 2.80

**L.**    **General Creditors Committee**

26.    The category relates to issues regarding general creditors committee issues. During the Interim Period, the Firm, among other things, responded to information requests from the Committee and corresponded and conferred regarding general creditors committee issues.

        Fees: $1,267.50;    Hours: 1.30

**M.     Meeting of Creditors**

27.     The category relates to meeting of creditors issues. During the Interim Period, the Firm, among other things, attended to scheduling issues regarding a Section 341(a) meeting of creditors, and prepared for and attended an Initial Debtor Interview and a Committee Formation meeting.

Fees: $3,654.50;     Hours: 4.90

**N.     Operations**

28.     The category relates to issues regarding operations. During the Interim Period, the Firm, among other things: (1) attended to issues regarding vendors; (2) performed work regarding a utility motion; and (3) corresponded and conferred regarding operations issues.

Fees: $3,602.50;     Hours: 5.10

**O.     Retention of Professionals**

29.     This category relates to issues regarding retention of the Firm. During the Interim Period, the Firm, among other things, performed work regarding its retention application and attended to potential conflicts issues.

Fees: $1,038.50;     Hours: 1.80

**P.     Retention of Professionals--Others**

30.     This category relates to issues regarding retention of professionals, other than the Firm. During the Interim Period, the Firm, among other things, performed work regarding Ordinary Course Professionals, and regarding the Canaccord, Perkins Coie, and Johnson Associates matters.

Fees: $5,308.00;     Hours: 8.80

**Q.    Travel**

31.     During the Interim Period, the Firm incurred non-working time while traveling on case matters. Such time is billed at one-half the normal rate.

Fees: $4,212.50;     Hours: 9.00

**Valuation of Services**

32.     Attorneys and paraprofessionals of PSZ&J expended a total 226.00 hours in connection with their representation of the Debtor during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Ira D. Kharasch | Partner 1987; Member of Ca Bar since 1982 | $975.00<br>$487.50 | 38.10<br>5.50 | $37,147.50<br>$ 2,681.25 |
| Alan J. Kornfeld | Partner 1996; Member of CA Bar since 1987 | $950.00 | 0.70 | $   665.00 |
| Jeffrey N. Pomerantz | Partner 1995; Member of CA Bar since 1989 | $895.00 | 6.00 | $ 5,370.00 |
| Linda F. Cantor | Partner 1994; Member of CA Bar since 1991; Member of IL Bar since 1988 | $875.00 | 16.30 | $14,262.50 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $875.00<br>$437.50 | 11.70<br>3.50 | $10,237.50<br>$ 1,531.25 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $750.00 | 31.00 | $23,250.00 |
| Shirley S. Cho | Of Counsel 2009; Member of CA Bar since 1997; Member of NY Bar since 2002 | $750.00 | 3.40 | $ 2,550.00 |
| Jonathan J. Kim | Of Counsel 1999; Member of CA Bar since 1995 | $695.00 | 37.20 | $25,854.00 |
| Jason H. Rosell | Associate 2010; Member of CA Bar since 2010; Member of NY Bar since 2011 | $525.00 | 8.60 | $ 4,515.00 |
| Kathe F. Finlayson | Paralegal 2000 | $305.00 | 32.10 | $ 9,790.50 |
| Felice S. Harrison | Paralegal 2009 | $305.00 | 30.50 | $ 9,302.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Charles J. Bouzoukis | Case Management Assistant 2001 | $225.00 | 0.60 | $ 135.00 |
| Karen S. Neil | Case Management Assistant 2003 | $225.00 | 0.60 | $ 135.00 |
| Beatrice M. Koveleski | Case Management Assistant 2009 | $225.00 | 0.20 | $ 45.00 |

        **Grand Total:**   $147,472.00
        **Total Hours:**     226.00
        **Blended Rate:** $   652.53

33. The nature of work performed by these persons is fully set forth in Exhibit A attached hereto. These are PSZ&J's normal hourly rates for work of this character. The reasonable value of the services rendered by PSZ&J for the Debtor during the Interim Period is $147,472.00.

34. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that, for the period January 21, 2015 through January 31, 2015, an interim allowance be made to PSZ&J for compensation in the amount of $147,472.00 and actual and necessary expenses in the amount of $16,242.47 for a total allowance of $163,714.47 and payment of $117,977.60 (80% of the allowed fees) and

reimbursement of $16,242.47 (100% of the allowed expenses) be authorized for a total payment of $134,220.07, and for such other and further relief as this Court may deem just and proper.

Dated: March 4, 2015

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Laura Davis Jones
Laura Davis Jones (DE Bar No. 2436)
Ira D. Kharasch (CA Bar No. 109084)
Linda F. Cantor (CA Bar No. 153762)
James O'Neill (DE Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail: ikharasch@pszjlaw.com
lcantor@pszjlaw.com
joneill@pszjlaw.com

Counsel to Debtor and Debtor in Possession

## **VERIFICATION**

STATE OF DELAWARE        :
                         :
COUNTY OF NEW CASTLE     :

Laura Davis Jones, after being duly sworn according to law, deposes and says:

a)  I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b)  I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP, as Counsel to the Debtor, and am thoroughly familiar with the other work performed on behalf of the Debtor by the lawyers and paraprofessionals of PSZ&J.

c)  I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about February 11, 2015, and submit that the Application substantially complies with such Rule and Order.

_____
Laura Davis Jones

SWORN AND SUBSCRIBED
before me this 5 day of Mar., 2015.

_____
Notary Public
My Commission Expires:

KA JOHN BOWER
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires October 14, 2016

DOCS_DE:198575.1 36480/002