UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HIPCRICKET, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 15-10104 (LSS) |

**MOTION FOR EXPEDITED CONSIDERATION OF EMERGENCY
MOTION TO (I) ENFORCE THE PROVISIONS OF THE
ORDER (A) APPROVING BID PROCEDURES FOR THE SALE OF
SUBSTANTIALLY ALL OF DEBTOR'S ASSETS OUTSIDE THE ORDINARY
COURSE OF BUSINESS; (B) SCHEDULING AN AUCTION AND HEARING
TO CONSIDER THE SALE AND APPROVE THE FORM AND MANNER
OF NOTICE RELATED THERETO; (C) APPROVING PAYMENT OF
A BREAK-UP FEE AND EXPENSE REIMBURSEMENT; AND (D) GRANTING
RELATED RELIEF [DOCKET NO. 118], (II) VACATE THE PURPORTED
AUCTION AND (III) DECLARE SITO MOBILE LTD AS SUCCESSFUL BIDDER**

SITO Mobile, Ltd. ("SITO") hereby files this motion (the "Motion to Expedite") for expedited consideration of its *Emergency Motion to (I) Enforce the Provisions of the Order (A) Approving Bid Procedures for the Sale of Substantially All of Debtor's Assets Outside the Ordinary Course of Business; (B) Scheduling an Auction and Hearing to Consider the Sale and Approve the Form and Manner of Notice Related Thereto; (C) Approving Payment of a Break-Up Fee and Expense Reimbursement; and (D) Granting Related Relief [Docket No. 118], (II) Vacate the Purported Auction and (III) Declare SITO Mobile, Ltd. As Successful Bidder* [Docket No. 192] filed on March 7, 2015 (the "Motion").[2]  In support of this Motion to Expedite, SITO respectfully states as follows:

**Background**

1.  On January 20, 2015, the Debtor filed its voluntary petition for Chapter 11 relief.

---

[1] The last four digits of the Debtor's tax identification number are 2076.  The location of the Debtor's headquarters and the service address for the Debtor is 110 110th Avenue NE. Suite 410, Bellevue, WA 98004.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

2. On January 20, 2015, SITO and the Debtor entered into that certain *Asset Purchase Agreement* (the "Stalking Horse Agreement") pursuant to which SITO agreed to act as Stalking Horse Bidder in a § 363 sale. As part of the Stalking Horse Agreement, SITO required that the Bid Procedures be acceptable to SITO. Upon information and belief, SITO was the only party who was willing to act as a stalking horse.

3. On January 21, 2015, the Debtor filed its *Motion for Order (A) Approving Bid Procedures for the Sale of Substantially All of Debtor's Assets; (B) Scheduling an Auction and Hearing to Consider the Sale and Approve the Form and Manner of Notice Related Thereto; (C) Approving Payment of a Break-Up Fee and Expense Reimbursement; and (D) Granting Related Relief* [Docket No. 12] (as modified as set forth in the *Notice of Errata Re: Bid Procedures* [Docket No. 58], the "Bid Procedures Motion"). The bidding procedures attached to the Bid Procedures Motion (the "Bid Procedures") were negotiated between the Debtor and SITO, as Stalking Horse Bidder, and were an integral component of SITO's willingness to act as the Stalking Horse Bidder and the DIP Lender (as defined in the *Final Order (I) Authorizing the Debtor to (A) Obtain Post-Petition Secured Financing; (B) Utilize Cash Collateral; and (C) Pay Certain Related Fees and Charges; and (II) Scheduling a Final Hearing* [Docket No. 117].

4. After the filing of the Bid Procedures Motion, the Bid Procedures and the Bid Procedures Order were further negotiated upon the appointment of the Committee. On February 11, 2015, the Court entered the *Order (A) Approving Bid Procedures for the Sale of Substantially All of Debtor's Assets Outside the Ordinary Course of Business; (B) Scheduling an Auction and Hearing to Consider the Sale and Approve the Form and Manner of Notice Related Thereto; (C) Approving Payment of a Break-Up Fee and Expense Reimbursement; and (D) Granting Related Relief* [Docket No. 118] (the "Bid Procedures Order").

5. At the hearing on February 27, 2015, the Debtor requested an extension of the Bid Deadline to March 4, 2015 at 8:00 p.m. Eastern Time (the "Revised Bid Deadline") as well as a revised date for the Sale Hearing. At that hearing, the Debtor, the Committee and SITO also agreed that the Debtor and the Committee would not support any Qualified Bid that was received after the Revised Bid Deadline or seek any further extension of time.

6. Prior to the Revised Bid Deadline, the Debtor received a revised bid from ESW (the "March 4 Bid"). Similar to the February 23 Bid, the March 4 Bid was structured as a plan of reorganization and, as set forth more fully in the Motion, did not meet the requirements for a Qualified Bid set forth in the Bid Procedures

7. Despite the parties' negotiations and the entry of the Bid Procedures Order by this Court, the Debtor and the Committee blatantly disregarded the terms of the Bid Procedures Order in determining that the March 4 Bid is a Qualified Bid. Over SITO's objection and despite both the clear and unequivocal language of the Bid Procedures Order and the Bid Procedures and the admission by the Debtor that the March 4 Bid did not meet the requirements for a Qualified Bid, the Debtor filed the *Notice of Receipt of Bid and Rescheduled Auction* [Docket No. 187] and indicated that the Debtor intended to conduct an Auction on March 6, 2015 at 10:00 a.m.

8. At the Auction the Debtor accepted the March 4 Bid as the highest and best bid and closed the Auction subject to the Bankruptcy Court's ruling as to whether the March 4 Bid is a Qualified Bid. SITO did not participate in the Auction; instead, SITO made a short statement indicating that (i) the bid submitted by SITO was the only Qualified Bid and is therefore the Successful Bid, (ii) the Debtor's decision to conduct the Auction violated the Bid Procedures Order and (iii) SITO reserved any and all of its rights.

9. The Debtor elected to unilaterally change the rules in the middle of the process to

the detriment of SITO. This Court should enforce the terms of the Bid Procedures Order and determine that the March 4 Bid is not in fact a Qualified Bid.

**Relief Requested and Basis Therefor**

10. Because the hearing to approve the purported sale is scheduled for March 9, 2015, SITO respectfully requests that the Court enter an order scheduling a hearing on the Motion at the same hearing.

11. SITO submits that expedited consideration of the Motion is necessary and appropriate. As set forth in more detail in the Motion, SITO respectfully requests that this Court enforce the terms of the Bid Procedures approved by the Bid Procedures Order, vacate the purported Auction, and to compel the Debtor to comply with the terms of the Bid Procedures Order and designate SITO as the Successful Bidder.

12. The Debtor's determination that the March 4 Bid was a Qualified Bid violates the clear terms of the Bid Procedures and the Bid Procedures Order. The Court should enforce the terms of the Bid Procedures Order as well as the terms of the Bid Procedures and determine that the March 4 Bid is not a Qualified Bid.

13. Pursuant to Del. Bankr. L.R. 9006-1(e), the Court may rule on this Motion to Expedite without need for a hearing, and the Petitioning Creditors request that the Motion to Expedite be granted without further hearing.

**CONCLUSION**

WHEREFORE, SITO respectfully requests that the Court: (i) grant this Motion to Expedite; (ii) schedule a hearing on the Motion at the Court's already scheduled March 9, 2015 hearing; and (iii) provide such other and further relief as it deems just.

| | |
|---|---|
| Dated:  March 7, 2015 | GREENBERG TRAURIG, LLP |

                                                        */s/ Dennis A. Meloro*
Dennis A. Meloro (DE Bar No. 4435)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone:  (302) 661-7000
Facsimile:  (302) 661-7360
Email: melorod@gtlaw.com

-and-

Nancy A. Mitchell (*pro hac vice*)
Matthew L. Hinker (DE Bar No. 5348)
200 Park Avenue
New York, New York  10166
Telephone:  (212) 801-9200
Facsimile:  (212) 801-6400
Email: mitchelln@gtlaw.com
        hinkerm@gtlaw.com

Counsel for SITO Mobile, Ltd.