UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HIPCRICKET, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 15-10104 (LSS) |

**HEARING MEMORANDUM IN SUPPORT OF (1) EMERGENCY MOTION TO (I) ENFORCE THE PROVISIONS OF THE ORDER (A) APPROVING BID PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS; (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE SALE AND APPROVE THE FORM AND MANNER OF NOTICE RELATED THERETO; (C) APPROVING PAYMENT OF A BREAK-UP FEE AND EXPENSE REIMBURSEMENT; AND (D) GRANTING RELATED RELIEF [DOCKET NO. 118], (II) VACATE THE PURPORTED AUCTION AND (III) DECLARE SITO MOBILE LTD AS SUCCESSFUL BIDDER [DOCKET NO. 192] AND (2) OBJECTION OF SITO MOBILE, LTD TO (I) MOTION FOR ORDER APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS; (B) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, RIGHTS, ENCUMBRANCES AND OTHER INTERESTS PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363(b), 363(f) AND 363(m); (C) ASSUMING AND ASSIGNING CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) NOTICE OF SUCCESSFUL BIDDER AND BID COMPARISON [DOCKET NO. 193]**

SITO Mobile, Ltd ("SITO"), by and through its undersigned counsel, hereby submits this memorandum (the "Memorandum") in support of *(1) Emergency Motion to (I) Enforce the Provisions of the Order (A) Approving Bid Procedures for the Sale of Substantially All of Debtor's Assets Outside the Ordinary Course of Business; (B) Scheduling an Auction and Hearing to Consider the Sale and Approve the Form and Manner of Notice Related Thereto; (c) Approving Payment of a Break-Up Fee and Expense Reimbursement; and (D) Granting Related Relief [Docket No. 118], (II) Vacate the Purported Auction and (III) Declare SITO Mobile Ltd as*

---

[1] The last four digits of the Debtor's tax identification number are 2076. The location of the Debtor's headquarters and the service address for the Debtor is 110 110th Avenue NE. Suite 410, Bellevue, WA 98004.

*Successful Bidder* [Docket No. 192] (the "Emergency Motion") and (2) *Objection of SITO Mobile, Ltd to (I) Motion for Order (A) Approving Asset Purchase Agreement and Authorizing the Sale of Substantially all of Debtor's Assets Outside the Ordinary Course of Business; (B) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Rights, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 105, 363(b), 363(f) and 363(m); (C) Assuming and Assigning Certain Executory Contracts and Unexpired Leases and (II) Notice of Successful Bidder and Bid Comparison* [Docket No. 193] (the "Sale Objection") and respectfully states as follows:

1. On January 20, 2015, SITO and the Debtor entered into an Asset Purchase Agreement (the "Stalking Horse Agreement"), a binding contract pursuant to which the Debtor agreed to sell the Acquired Assets to SITO pursuant to the terms of the Stalking Horse Agreement and SITO agreed to act as Stalking Horse Bidder in a § 363 sale. As part of the Stalking Horse Agreement, SITO required that the Bid Procedures be acceptable to SITO.

2. On January 21, 2015, the above captioned debtor (the "Debtor") filed the *Motion for Order (A) Approving Bid Procedures for the Sale of Substantially All of Debtor's Assets Outside the Ordinary Course of Business; (B) Scheduling an Auction and Hearing to Consider the Sale and Approve the Form and Manner of Notice Related Thereto; (C) Approving Payment of a Break-Up Fee and Expense Reimbursement; and (D) Granting Related Relief* [Docket No. 12] (the "Bid Procedures Motion").

3. On February 27, 2015, the Debtor filed the *Motion for Order (A) Approving Asset Purchase Agreement and Authorizing the Sale of Substantially all of Debtor's Assets Outside the Ordinary Course of Business; (B) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Rights, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 105,*

363(b), 363(f) and 363(m); (C) *Assuming and Assigning Certain Executory Contracts and Unexpired Leases* [Docket No. 59] (the "Sale Motion").

4. On February 11, 2015, the Court entered the *Order (A) Approving Bid Procedures for the Sale of Substantially All of Debtor's Assets Outside the Ordinary Course of Business; (B) Scheduling an Auction and Hearing to Consider the Sale and Approve the Form and Manner of Notice Related Thereto; (C) Approving Payment of a Break-Up Fee and Expense Reimbursement; and (D) Granting Related Relief* [Docket No. 118] (the "Bid Procedures Order").[2]

5. The Bid Procedures Motion, the Sale Motion and the Bid Procedures Order provide that the Debtor would conduct a sale of all or substantially all of its assets in accordance with section 363 of the Bankruptcy Code. The Bid Procedures Motion, the Sale Motion and the Bid Procedures Order do not contemplate bids in the form of a plan or plan sponsorship arrangement.

6. The specific provisions of the Bid Procedures were an integral component of the Stalking Horse Agreement and induced SITO to act as both Stalking Horse Bidder and DIP Lender.

7. The Bid Procedures Motion and the Bid Procedures Order further provide that in order to be a Qualified Bidder a party must deliver to the Debtor the Participation Requirements and submit a Qualified Bid prior to the Bid Deadline.

8. The Bid Procedures provide very limited discretion to the Debtor in qualifying bids under the Bid Procedures; specifically, the Bid Procedures provide "[a] bid received from a Potential Bidder that meets the Participation Requirements, includes all of the Required Bid Materials and otherwise *meets the conditions set forth above to the satisfaction of the Debtor in its discretion*, and is received by the Bid Deadline is a 'Qualified Bid.'" Bid Procedures at 7

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Bid Procedures Order.

(emphasis added). Nor did the Bid Procedures permit the Debtor to amend the Bid Procedures in a manner that would substantively impact SITO without SITO's approval. Bid Procedures at 11 ("nothing in these Bidding Procedures should be construed to permit the Debtor to … amend the Bid Procedures in a manner that would substantively impact the Stalking Horse Bidder without prior approval of the Stalking Horse Bidder.").

9. For the reasons discussed below, the ESW Bid did not meet the qualification requirements. The qualification of the ESW Bid substantively impacts SITO as the ESW Bid seeks completely different relief and proposes a substantially different form of transaction. The modifications and/or amendments to the Bid Procedures necessary to qualify the ESW Bid clearly substantively impact SITO as such amendments require SITO to compete in a process that neither, SITO or the Debtor contemplated during the negotiation of the Bid Procedures and which significantly and substantively alters the sale process. SITO was not consulted or informed of any requested amendment or modification to the Bid Procedures (other than those which were put on the record at the February 27, 2015 hearing) and did not consent to the amendment or modification to the Bid Procedures to allow a potential bidder to bid a plan of reorganization or plan sponsorship arrangements.

10. The Bid Procedures Order also limited the Debtor's ability to accept or reject bids at the Auction. Pursuant to the Bid Procedures Order "[t]he Debtor may (i) select, in its business judgment, *pursuant to the Bidding Procedures*, the highest or otherwise best offer and the Successful Bidder, and (ii) *reject* any bid that, in the Debtor's business judgment, is (a) inadequate or insufficient, (b) *not in conformity with requirements of the Bankruptcy Code, Bankruptcy Rule or the Bidding Procedures*, or (c) not in the best interests of the Debtor and its estate, creditors, interest holders or parties-in-interest." Bid Procedures ¶4 (emphasis added).

The Bid Procedures Order further limited the Debtor's discretion by requiring it act only to "implement and effect the terms and conditions established under this Bid Procedures Order *subject to the provisions contained herein*." Bid Procedures ¶14. (emphasis added). As the highlighted provisions reflect, the Debtor's discretion to qualify a bid was limited to the terms of the Bid Procedures Order. The qualification and purported acceptance of the ESW Bid is therefore inconsistent with both the provisions of the Bid Procedures and the Bid Procedures Order.

11. On March 4, 2015, ESW Capital, LLC ("ESW") submitted the Amended Bid for Right to Sponsor Plan of Reorganization (the ESW Bid"). By its very title the ESW Bid identifies itself as a bid for the right to sponsor a plan of reorganization and as such, the ESW Bid fails to comport with the Bid Procedures, the Bid Procedures Order and the relief requested in the Sale Motion.

12. The ESW Bid failed to meet certain Participation Requirements and failed to satisfy certain requirements to be considered a Qualified Bid pursuant to the Bid Procedures. Attached hereto as **Exhibit A** is a chart (the "ESW Bid Chart") demonstrating the numerous deficiencies in the ESW Bid.[3]

13. As is evident from the ESW Bid Chart, the ESW Bid is not a Qualified Bid as provided in the Bid Procedures. Given the deficiencies in the ESW Bid and the provisions of the Bid Procedures, the Debtor did not have the discretion to qualify the ESW Bid.

14. The deficiencies of the ESW Bid evidence conclusively that no Qualified Bid (other than the Stalking Horse Bid) was submitted by the Bid Deadline. Pursuant to the Bid Procedures Order and the Stalking Horse Agreement, the Debtor was obligated to cancel the Auction and

---

[3] ESW previously submitted a bid on February 23, 2015, a bid which contained many of the same deficiencies as the ESW Bid. The February 23, 2015 bid submitted by ESW was not deemed a Qualified Bid by the Debtor or the Committee.

NY 245045377v5                                    5

proceed with the Sale Hearing. Instead, rather than uphold its contractual obligations, the Debtor attempted to transmogrify the ESW Bid into a bid that satisfied the qualification requirements contained in the Bid Procedures and Bid Procedures Order, a failed metamorphosis as the ESW Bid clearly does not meet the requirements for a Qualified Bid.

15. If the Debtor seeks to abandon the sale process, and instead seeks to pursue a plan of reorganization with ESW, such abandonment would be a breach of the Stalking Horse Agreement. In the event the Debtor abandons the sale process, SITO has and intends to assert, claims against the Debtor, for breach of contract, breach of the covenant of good faith and fair dealing, and possibly, misrepresentation and deceit. SITO may contend these claims may constitute administrative claims against the Debtor. Any claims for consequential damages could significantly dilute or eliminate any proposed recoveries available to creditors under the ESW Bid, and thereby render a plan of reorganization sponsored by ESW unconfirmable.

## Reservation of Rights

16. SITO reserves the right to seek an order of specific performance and/or damages for breach of the Stalking Horse Asset Agreement, injunctive relief and otherwise reserves any and all rights in law and equity.

## Conclusion

For the reasons set forth in this Memorandum, the Emergency Motion, the Notice Objection and the Sale Objection, the Court should grant the Emergency Motion and deny the Sale Motion to the extent that the Debtor intends to proceed with ESW.

Dated: March 8, 2015                    GREENBERG TRAURIG, LLP

                                              */s/ Dennis A. Meloro*
Dennis A. Meloro (DE Bar No. 4435)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360
Email: melorod@gtlaw.com

-and-

Nancy A. Mitchell (*pro hac vice*)
Matthew L. Hinker (DE Bar No. 5348)
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: mitchelln@gtlaw.com
         hinkerm@gtlaw.com

Counsel for SITO Mobile, Ltd.