# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) |
| HIPCRICKET, INC.,[1] | ) CASE NO. 15-10104 (LSS) |
| | ) Chapter 11 |
| | ) |
| Debtor. | ) Related Docket Nos. 59, 118, 187, 189, 192, 193 |
| | ) |

## ORDER (I) AUTHORIZING ESW CAPITAL, LLC AS THE SUCCESSFUL BIDDER AND PLAN SPONSOR AND (II) DENYING THE SITO EMERGENCY MOTION

Upon the Motion for *Order (A) Approving Asset Purchase Agreement and Authorizing the Sale of Substantially All of the Debtors' Assets Outside the Ordinary Course of Business; (B) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Rights, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 105, 363(b), 363(f) and 363(m); (C) Assuming and Assigning Certain Executory Contracts and Unexpired Leases; and (D) Granting Related Relief* (Doc. No. 59) (the "**Sale Motion**") filed by above-captioned debtor and debtor-in-possession (the "**Debtor**"), this Court's *Order (A) Approving Bid Procedures for Sale of Substantially All of Debtor's Assets Outside the Ordinary Course of Business; (B) Scheduling an Auction and Hearing to Consider the Sale and Approve the Form and Manner of Notice Related thereto; (C) Approving Payment of a Break-Up Fee and Expense Reimbursement; and (D) Granting Related Relief* (Doc. No. 118) (the "**Bid Procedures Order**"),[2] and the Emergency Motion to (I) Enforce the Provisions of the Order (A) Approving Bid Procedures for the Sale of Substantially All of Debtor's Assets Outside the Ordinary Course of Business; (B) Scheduling an Auction and Hearing to Consider the Sale and Approve the Form and Manner of Notice Related

---

[1] The last four digits of the Debtor's tax identification number are 2076. The location of the Debtor's headquarters and the service address for the Debtor is 110 110th Avenue NE. Suite 410, Bellevue, WA 98004.

[2] All otherwise undefined terms shall have the same meaning ascribed to them in the Bid Procedures Order.

Thereto; (C) Approving Payment of a Break-Up Fee and Expense Reimbursement; and (D) Granting Related Relief [Docket No. 118], (II) Vacate the Purported Auction and (III) Declare SITO Mobile LTD as Successful Bidder (Doc. No. 192) (the "**SITO Emergency Motion**") and with due and appropriate notice of the Sale Motion under the circumstances, the record before this Court; and this Court having found good and sufficient cause appearing therefor;

**IT IS HEREBY FOUND:**

A. This Court has jurisdiction over the Debtor's chapter 11 case and the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2). Venue for this chapter 11 case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

B. The Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

C. Actual written notice of the Motion and the relief requested therein was provided to the following parties (the "**Notice Parties**"): (a) the Office of the United States Trustee for the District of Delaware; (b) all taxing authorities having jurisdiction over any of the assets subject to the sale, including the Internal Revenue Service; (c) the state/local environmental agencies in the jurisdictions where the Debtor own or lease real property; (d) all parties that have requested special notice pursuant to Bankruptcy Rule 2002 as of the date prior to the date of entry of the Bid Procedures Order; (e) all persons or entities known to the Debtor that have or have asserted a lien on, or security interest in, all or any portion of the Acquired Assets; (f) all Contract Parties; (g) counsel to the Stalking Horse Purchaser; (h) all Attorneys General for the states in which the Debtor conduct business; (i) all state, local or federal agencies having jurisdiction over any aspect of the Debtor's business operations; (j) all potential bidders previously identified or otherwise

known to the Debtor; and (k) all known creditors of the Debtor. The Sale Notice was also published in the national edition of USA Today.

D. Notice of the Sale, the Motion, the time and place of the proposed Auction, the time and place of the Sale Hearing and the time for filing objections to the Motion (the "**Sale Notice**") was reasonably calculated to provide all interested parties with timely and proper notice of the Sale, the Auction and the Sale Hearing.

E. As evidenced by the affidavits of service previously filed with the Court, proper, timely, adequate, and sufficient notice of the Motion, Stalking Horse Purchase Agreement, Sale Hearing, Sale and transactions contemplated thereby, was provided in accordance with the Bid Procedures Order, Bankruptcy Code sections 105(a), 363 and 365 and Bankruptcy Rules 2002, 6004, 6006, 9007 and 9008. The Debtor has complied with all obligations to provide notice of the Motion as required by the Bid Procedures Order. The notices described above were good, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion, Stalking Horse Purchase Agreement, Auction or Sale Hearing is or shall be required.

F. On February 11, 2015, the Court entered the Bid Procedures Order, and deemed SITO Mobile, Ltd. ("**SITO**") a Qualified Bidder, and SITO's bid (as amended, the "**SITO Bid**"), a Qualified Bid.

G. On February 28, 2015, pursuant to the agreement of the Debtor, the Committee and SITO on the record, the Court extended (a) the Bid Deadline from February 23, 2015 to March 4, 2015 at 8:00 p.m. Eastern (the "**Revised Bid Deadline**"), (b) the Auction date from February 25, 2015 to March 6, 2015 at 10:00 a.m. Eastern, in the event a Qualified Bid was received by the Revised Bid Deadline, and (c) in the case of an Auction, the Sale Hearing from February 27, 2015 to March 9, 2015, at 10:00 a.m. Eastern.

H. On March 4, 2015, the Amended Bid for Right to Sponsor Plan of Reorganization (as amended, the "**ESW Bid**") was received from ESW Capital, LLC ("**ESW**") prior to the Revised Bid Deadline. Following due consideration of the ESW Bid, the Debtor and the Committee determined that the ESW Bid was a Qualified Bid.

I. On March 5, 2015, the Debtor filed its Notice of Receipt of Bid and Rescheduled Auction (Doc. No. 187) ("**Notice of Auction**").

J. On March 5, 2015, SITO filed the *Objection and Reservation of Rights by SITO Mobile, Ltd to the Debtor's Notice of Receipt of Bid and Rescheduled Auction* (Doc. No. 189) (the "**SITO Reservation**"). On March 7, 2015, SITO filed the *Objection of SITO Mobile, LTD to (I) Motion for Order (A) Approving Asset Purchase Agreement and Authorizing the Sale of Substantially All of Debtor's Assets Outside the Ordinary Course of Business; (B) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Rights, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 105, 363(b), 363(f) and 363(m); (C) Assuming and Assigning Certain Executory Contracts and Unexpired Leases and (II) Notice of Successful Bidder and Bid Comparisons* (Doc. No. 193) (the "**SITO Objection**," and together with the SITO Reservation, the "**SITO Objections**"). The SITO Objections objected to the Auction and the ESW Bid being a Qualified Bid.

K. The Debtor received no other bids, aside from the SITO Bid and the ESW Bid.

L. On March 6, 2015 at 10:00 a.m. Eastern, the Debtor conducted the Auction at the offices of Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Street, New York, NY 10017-2024.

M. At the Auction, after being given the opportunity to do so, SITO did not submit a higher or better bid than the ESW Bid, but instead placed its objection on the record.

N. At the Auction, the Debtor, in consultation with the Committee, exercised its reasonable business judgment and determined the ESW Bid to be the highest and best offer for the Debtor's estate and the successful bid.

O. On March 7, 2015, SITO filed the SITO Emergency Motion.

P. At the Sale Hearing, SITO increased the SITO Bid, to increase its consideration by approximately $900,000, including $600,000 which would be payable over the course of 6 months, leaving behind the Fast Pay Reserve and cash on hand at the time of closing, and assuming approximately $70,000 of priority tax claims.

Q. Also at the Sale Hearing, ESW increased the ESW Bid, to add an additional $500,000 in cash to the ESW Bid.

R. The ESW Bid was not submitted, and the Successful Bidder was not deemed to be ESW, for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code or under the laws of the United States any state, territory, possession or the District of Columbia. Neither the Debtor nor ESW is entering into the transactions contemplated under the ESW Bid fraudulently for the purpose of statutory and common law fraudulent conveyance and fraudulent transfer claims.

S. The Debtor, the Committee and ESW participated in the process under the Bid Procedures Order in good faith, and conducted arms-length negotiations to maximize the Debtor's estate. The ESW Bid was proposed and negotiated by the Debtor, the Committee and ESW without collusion, in good faith and from arm's-length bargaining positions and the Bid Procedures Order was respected. ESW is not an "insider" of the Debtor, as that term is defined in the Bankruptcy Code section 101(31). ESW has not acted in a collusive manner with any person

and the consideration provided under the ESW Bid was not controlled by any agreement among any bidders.

T.  (i) The Debtor, the Committee and ESW have complied with the provisions of the Bid Procedures Order, (ii) ESW agreed to subject its bid to the competitive bid procedures established under the Bid Procedures Order, (iii) ESW in no way induced or caused the chapter 11 filing by the Debtor, and (iv) all payments to be made by ESW in connection with the ESW Bid have been properly disclosed.

U.  The Bid Procedures Order was respected by the Debtor in conducting the Auction. The Auction established in the Bid Procedures Order afforded a full, fair and reasonable opportunity for any person or entity to make a higher or otherwise better offer. The Auction was duly noticed and conducted in a non-collusive, fair and good faith manner and a reasonable opportunity was given to any interested party to make a higher or otherwise better offer. The ESW Bid constitutes the highest or otherwise best offer, and is expected to provide a greater recovery for the Debtor's estate than would be provided by any other alternative, including the SITO Bid. Based upon the foregoing findings and conclusions, and upon the record made before this Court at the hearing, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED DETERMINED AND DECREED THAT:**

1.  ESW was a Qualified Bidder and the ESW Bid was a Qualified Bid, and the Debtor's determination, in exercise of its business judgment, in furtherance of its fiduciary obligations, and in agreement with the Committee, that ESW was a Qualified Bidder, and the ESW Bid is a Qualified Bid is AFFIRMED.

2.  The ESW Bid was the best and highest bid at the Auction, and ESW is the Successful Bidder, and the Debtor's determination, in exercise of its business judgment, in

furtherance of its fiduciary obligations, and in agreement with the Committee, that the ESW Bid was the highest and best bid, and ESW is the Successful Bidder is AFFIRMED.

3. The Auction was properly conducted, and the Debtor's decision, in exercise of its business judgment, in furtherance of its fiduciary obligations, and in agreement with the Committee, to conduct the Auction is AFFIRMED.

4. The SITO Emergency Motion is DENIED.

5. The Court overrules any and all objections to ESW being a Qualified Bidder, with a Qualified Bid, and the Successful Bidder, including the SITO Objections and all other objections made on the record by SITO.

6. ESW, as the winner of the Auction and the Successful Bidder, pursuant to the terms of the ESW Bid, is hereby authorized to be the joint sponsor of a plan of reorganization with the Debtor on substantially the terms set forth in the ESW Bid, as may be amended, supplemented, or otherwise modified upon agreement by the Debtor, the Committee and ESW.

7. SITO, pursuant to the SITO Bid and the Bid Procedures Order, shall be the Backup Bidder through April 3, 2015.

DATED: March 13, 2015

*Laurie Selber Silverstein*
Honorable Laurie Selber Silverstein
United States Bankruptcy Judge