IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HIPCRICKET, INC.,[1]<br><br>Debtor. | Case No. 15-10104 (LSS)<br><br>Chapter 11<br><br>**Related to Docket No. 256** |

ORDER (I) CONDITIONALLY APPROVING
THE AMENDED DISCLOSURE STATEMENT; (II) SCHEDULING A
PLAN CONFIRMATION HEARING; (III) APPROVING PROCEDURES
AND DEADLINES CONCERNING EXECUTORY CONTRACTS AND UNEXPIRED
LEASES; (IV) APPROVING SOLICITATION PACKAGES AND PROCEDURES; AND
(V) APPROVING THE FORM OF BALLOT

Upon consideration of the motion (the "**Motion**")[2] of the Debtor for the entry of an order (a) conditionally approving the *Amended Disclosure Statement for Chapter 11 Plan of Reorganization of Hipcricket, Inc.* dated March 31, 2015 (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "**Disclosure Statement**"), (b) scheduling a final hearing on approval of the Disclosure Statement combined with a hearing on confirmation of the *Amended Chapter 11 Plan of Reorganization of Hipcricket, Inc.* dated March 31, 2015 (including all exhibits thereto and a amended, supplemented, or otherwise modified from time to time, the "**Plan**"); (c) approving certain procedures and deadlines concerning the Designated Contracts; (d) approving the form of ballot for the voting class and the form of notice to non-voting classes; and (e) approving the solicitation procedures set forth therein pursuant to sections 105, 1125, and 1126 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002, 3016, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2002-1, 3016-1, 3017-1, 3018-2,

---

[1] The last four digits of the Debtor's tax identification number are 2076. The location of the Debtor's headquarters and the service address for the Debtor is 110 110th Avenue NE, Suite 410, Bellevue, WA 98004.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

DOCS_LA:287254.6 36480/002

and 3020-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"); and after due deliberation and upon the Court's determination that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and other parties in interest; and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. The Disclosure Statement is conditionally approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code. Any objections to the adequacy of the information contained in the Disclosure Statement are expressly reserved for consideration at the Combined Hearing (defined below).

3. The Combined Hearing Notice, the Non-Voting Notices, the Cure Notice and the Publication Notice are approved in all respects.

4. The form of Ballot is approved in all respects.

5. The date that is two (2) business days after entry of this Order is established as the Voting Record Date for the purposes of determining the creditors and equity Interest Holders entitled to receive the Solicitation Package or the Non-Voting Notices and to vote on the Plan.

6. The Solicitation Package and Non-Voting Notices shall be sent for distribution not later than April 3, 2015.

7. A letter of support for the Plan by the Committee may be included in the Solicitation Package.

8. Any Plan Supplement must be filed with this Court not later than April 27, 2015.

DOCS_LA:287254.6 36480/002

9. Ballots must be received on or before **May 6, 2015 at 4:00 p.m. (Eastern Time)** ("**Voting Deadline**") in accordance with the instructions on the Ballot, unless extended by the Debtor in writing.

10. If any claimant seeks to have a claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a), such claimant is required to file a motion (the "**Claims Estimation Motion**") for such relief no later **May 1, 2015**. Any such Claims Estimation Motion may be resolved by agreement between the Debtor and the movant without the requirement for further order or approval of the Court.

11. As to any creditor filing a Claims Estimation Motion, such creditor's Ballot shall not be counted unless temporarily allowed by the Court for voting purposes after notice and a hearing, prior to the Combined Hearing.

12. Objections to the adequacy of the Disclosure Statement or confirmation of the Plan must be in writing, must conform to the Bankruptcy Rules, must set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the Debtor, the basis for the objection and the specific grounds of the objection, and must be filed with the Bankruptcy Court, together with proof of service thereof, and served upon: (i) the Office of the United States Trustee; (ii) the Debtor; (iii) ESW Capital, LLC; (iv) the Committee; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002 by hand delivery or in a manner as will cause such objection to be received by all such parties on or before **May 6, 2015 at 4:00 p.m. (Eastern Time)**. Any objections not filed and served as set forth above will not be considered by the Court.

13. Any party supporting the Plan may file a reply to any objection to confirmation of the Plan by **May 11, 2015 at Noon (Eastern Time)**.

14. The Plan voting certification shall be filed by **May 11, 2015 at Noon (Eastern Time)**.

15. A hearing shall be held before this Court on **May 13, 2015 at 11:00 a.m. (Eastern Time)** or as soon thereafter as counsel can be heard, to consider confirmation of the Plan (the "**Combined Hearing**") at the United States Bankruptcy Court for the District of Delaware, before the Honorable Laurie Selber Silverstein in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Courtroom 2, Wilmington, DE 19801

16. The Combined Hearing may be adjourned from time to time without further notice to creditors and other parties-in-interest by an announcement of the adjourned date at the Combined Hearing or any adjournment thereof or by an appropriate filing with the Court.

17. The Debtor is authorized to deliver Cure Notices to each of the counterparties of their Designated Contracts by **April 3, 2015**. The Cure Notices will include the following information: (i) the title or a description of the Designated Contract to be assumed; (ii) the name of the counterparty to the Designated Contract; (iii) any applicable estimated cure and reinstatement costs or expenses payable by the Debtor in connection with the assumption of such Designated Contract (the "**Cure Costs**"); and (iv) that Assumption Objections must be filed with the Court by **May 6, 2015 at 4:00 p.m. (Eastern Time)**.

18. If no Assumption Objection is timely filed with respect to a Designated Contract, the counterparty to such Designated Contract shall be deemed to have consented to the assumption of the Designated Contract and the Cure Costs proposed by the Debtor and shall be forever enjoined and barred from seeking any additional amount(s) on account of the Debtor's cure obligations under section 365 of the Bankruptcy Code or otherwise from the Debtor, its estate, or the Reorganized Debtor; *provided, however*, that the counterparty to such Designated

DOCS_LA:287254.6 36480/002

Contract may seek additional amount(s) on account of any defaults occurring between the filing of the Cure Notice and the occurrence of the Effective Date of the Plan.

19. If any outstanding Assumption Objection remains unresolved following the Confirmation Hearing, the Debtor's right is reserved to, subject to the terms of the Plan, reject the Designated Contract, which is the subject of such Assumption Objection, at any time prior to entry of an order of the Court authorizing the assumption of such Designated Contract.

20. Except for Disputed Cure Amounts, in the event of any other dispute regarding any executory contract or unexpired lease, including, without limitation, as to whether a contract or lease is executory or unexpired or any other matter relating to assumption, the right of the Debtor or the Reorganized Debtor, as applicable, to assume or reject such contract or lease shall be extended until the date that is thirty (30) days after entry of a Final Order (as defined in the Plan) by the Court resolving such dispute.

21. The Debtor is authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

22. The Debtor is authorized to make non-substantive changes to the Disclosure Statement, Plan, Ballot, Combined Hearing Notice, Non-Voting Notices, Publication Notice, Cure Notice, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, Plan, Ballot, Combined Hearing Notice, Non-Voting Notices, Publication Notice, and related documents prior to their distribution.

23. This Court shall retain jurisdiction over all matters related to or arising from the Motion or the interpretation or implementation of this Order.

Dated: March 31, 2015
      Wilmington, Delaware

_____
The Honorable Laurie Selber Silverstein
United States Bankruptcy Judge