IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Hipcricket, Inc.,[1] | ) Case No. 15-10104 (LSS) |
| | ) (Jointly Administered) |
| Debtor. | ) |
| | ) |
| | ) Objection Deadline: May 12, 2015 at 4:00 p.m. |

# FIRST AND SECOND MONTHLY FEE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF CANACCORD GENUITY INC., AS INVESTMENT BANKER TO THE DEBTOR, FOR THE PERIOD FROM JANUARY 20, 2015 THROUGH MARCH 31, 2015

| | |
|---|---|
| Name of Applicant: | Canaccord Genuity Inc. |
| Authorized to Provide Professional Services to: | Debtor and Debtor-in-Possession |
| Date of Retention: | February 11, 2015 *(nunc pro tunc* to January 20, 2015) |
| Period for Which Compensation and/or Reimbursement is Sought: | January 20, 2015 through March 31, 2015 |
| Compensation Sought as Actual, Reasonable, and Necessary: | $70,000.00 (monthly fees for two months) |
| Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $2,195.62 |
| Amount of Compensation and Expense Reimbursement Requested: | $58,195.62 (80% of $70,000 plus $2,195.62) |

---

[1] The last four digits of the Debtor's tax identification number are 2076. The location of the Debtor's headquarters and the service address for the Debtor is 110 110th Avenue NE. Suite 410, Bellevue, WA 98004.

This is a:   X  monthly     ____interim     ____ final application.

The total time expended for fee application preparation was approximately 5 hours.

If this is not the first application filed disclose the following for each prior application:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| N/A | | | | | |

## Summary of Time Spent by Canaccord Professionals
## From January 20, 2015 through March 31, 2015

| Name of Professional | Title | Total Hours |
|---|---|---|
| Geoffrey Richards | Managing Director | 64.0 |
| David Istock | Managing Director | 53.0 |
| Michael Balistreri | Vice President | 129.5 |
| Otis Pitney | Senior Analyst | 65.0 |
| Sean Feely | Senior Analyst | 40.0 |
| Total | | 351.5 |

## Summary of Services Rendered by Canaccord Professionals
## From January 20, 2015 through March 31, 2015

| Project Description | Total Hours |
|---|---|
| General Case Administration | 4.0 |
| Due Diligence | 91.50 |
| Asset Sale and Business Strategy | 256.0 |
| **Total** | **351.5** |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| Hipcricket, Inc.,[1] ) | Case No. 15-10104 (LSS) |
| ) | (Jointly Administered) |
| Debtor. ) | |
| ) | **Objection Deadline: May 12, 2015 at 4:00 p.m.** |
| ) | |

**FIRST AND SECOND MONTHLY FEE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF CANACCORD GENUITY INC., AS INVESTMENT BANKER TO THE DEBTOR FOR THE PERIOD FROM JANUARY 20, 2015 THROUGH MARCH 31, 2015**

Canaccord Genuity Inc. ("Canaccord"), investment banker to Hipcricket, Inc. ("Debtor"), hereby submits its first and second monthly fee application (the "Application") for compensation for professional services rendered from January 20, 2015 through and including March 31, 2015 (the "Application Period") and for reimbursement of actual and necessary expenses incurred in connection with such services. In support of this Application, Canaccord respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The last four digits of the Debtor's tax identification number are 2076. The location of the Debtor's headquarters and the service address for the Debtor is 110 110th Avenue NE. Suite 410, Bellevue, WA 98004.

2. The Application is made pursuant to sections 328 and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Bankruptcy Rules, 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Retention Order (as defined below) and this Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, dated February 11, 2015 [Docket No. 115] (the "Interim Compensation Procedures Order").

## BACKGROUND

3. On January 20, 2015 (the "Petition Date"), the Debtor commenced this chapter 11 case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. The Debtor has continued in the possession of its property and has continued to operate and manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On January 21, 2015 the Debtor filed an *Application for Entry of an Order Under 11 U.S.C. §§ 327(A) and 328(A) Authorizing the Employment and Retention of Canaccord Genuity Inc. as Investment Banker Nunc Pro Tunc to the Petition Date* [Docket No. 10].

6. On February 11, 2015, this Court entered its *Order Under 11 U.S.C. §§ 327(A) and 328(A) Authorizing the Employment and Retention of Canaccord Genuity Inc. as Investment Banker Nunc Pro Tunc to the Petition Date* [Docket No. 112] (the "Retention Order"). Under the terms of the Retention Order, the Debtor was authorized to employ and retain Canaccord *nunc pro tunc* to the Petition Date and pursuant to the terms of the Engagement Letter.

7. Under the Engagement Letter, Canaccord is entitled to, among other things, payment of various fees, including, but not limited to, Monthly Fees of $35,000 per month payable on the first business day of each month, an M&A Fee, a Success Fee, and expense reimbursement and for reasonable out-of-pocket and other documented expenses incurred in connection with its services to the Debtor.

## COMPENSATION REQUEST

8. In accordance with the Engagement Letter, the Retention Order and the Interim Compensation Procedures Order, Canaccord seeks payment in accordance with the Interim Compensation Procedures Order of 80% of $70,000.00 for its flat monthly fee incurred during the months of February and March 2015 and reimbursement of 100% of expenses incurred during the Application Period of $2,195.62 for a total of $72,195.62 (the "Interim Compensation Request Amount"). By this Application, Canaccord does not seek any of the other fees that may be due to it other than the flat monthly fee and expense reimbursement.

## SUMMARY OF SERVICES

9. The Canaccord personnel who have rendered professional services to the Debtor during the Application Period are as follows: Geoffrey Richards (Managing Director); David Istock (Managing Director); Michael Balistreri (Vice President); Otis Pitney (Senior Analyst) and Sean Feely (Analyst).

10. Attached hereto as **Exhibit A** is a summary of hours broken down by professionals, hours billed to each category, and detailed time entries describing work performed. The services provided by Canaccord during the Compensation and Application Period were primarily related to the marketing of the Debtor's assets, creditor communication regarding such sale process, and general chapter 11 case administration. Canaccord has

performed, and will continue to perform, additional necessary services on behalf of the Debtor subsequent to March 31, 2015, for which Canaccord will file subsequent fee applications.

## EXPENSES INCURRED

11. During the Application Period, Canaccord incurred reasonable and necessary out-of-pocket expenses of $2,195.62. Attached hereto as **Exhibit B** are details regarding Canaccord's expenses for the Application Period.

12. Canaccord's charges for expenses are determined in the same manner as for clients in non-bankruptcy matters. Out-of-pocket expenses incurred by Canaccord are charged to a client if the expenses are incurred for the client or are otherwise necessary in connection with services rendered for that client. Canaccord does not factor general overhead expenses into disbursements charged to clients in connection with chapter 11 cases. Canaccord has followed its general internal policies with respect to out-of-pocket expenses billed to the Debtor. Canaccord submits that all such expenses were necessarily incurred, are reasonable in amount and represent only the actual costs incurred.

## CONCLUSION

13. It is respectfully submitted that the amount requested by Canaccord is fair and reasonable and should be approved.

14. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

WHEREFORE, Canaccord respectfully requests that, for the period January 20, 2015 through March 31, 2015, an interim allowance be made to Canaccord for compensation in the amount of $70,000 and actual and necessary expenses in the amount of $2,195.62 for a total allowance of $72,195.62 and payment of $56,000 (80% of the allowed fees) and reimbursement of $2,195.62 (100% of the allowed expenses) for a total payment of $58,195.62, and for such other and further relief as this Court may deem just and proper.

Dated:  April 21, 2015
        New York, New York

CANACCORD GENUITY INC.

Geoffrey Richards
Canaccord Genuity Inc.
350 Madison Ave.
New York, NY 10017
Tel: 212.849.3919

*Investment Banker to the Debtor*

## VERIFICATION

GEOFFREY A. RICHARDS makes this declaration under 28 U.S.C. § 1746, under penalty of perjury, and states:

1. I am a Managing Director of Canaccord Genuity Inc. ("Canaccord"), which maintains offices for providing investment banking services at 350 Madison Avenue, New York, New York. Canaccord has acted as an investment banker to and rendered professional services on behalf of Hipcricket, Inc. (the "Debtor").

2. This verification is submitted pursuant to Bankruptcy Rule 2016 in connection with the above-captioned first and second monthly fee applications of Canaccord.

3. All of the services for which compensation is sought by Canaccord were performed for and on behalf of the Debtor and not on behalf of any other person.

4. No agreement or understanding exists between Canaccord and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the Application and Exhibits are true and accurate to the best of my knowledge, information and belief. Executed on this 21st day of April, 2015.

                                                        */s/ Geoffrey Richards*
                                                        Geoffrey A. Richards
                                                        Managing Director