IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------ X

In re:

HIPCRICKET, INC.,[1]

    Debtor.

Case No. 15-10104 (LSS)

Chapter 11

<u>Obj. Deadline</u>: May 26, 2015 at 4:00 p.m. (ET)

------------------------------------ X

**COVER SHEET TO THE SECOND MONTHLY APPLICATION OF COOLEY LLP, LEAD COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF HIPCRICKET, INC. FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MARCH 1, 2015 THROUGH MARCH 31, 2015**

| | |
|---|---|
| Name of Applicant: | Cooley LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors of Hipcricket, Inc. |
| Date of Retention: | March 13, 2015, *nunc pro tunc* to January 30, 2015 |
| Period for which compensation and reimbursement is sought: | March 1, 2015 through March 31, 2015 |
| Total Compensation sought as actual, reasonable and necessary: | $110,111.55[2] |
| 80% of Compensation sought as actual, reasonable, and necessary: | $88,089.24 |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $1,844.61 |

This is Cooley LLP's second monthly fee application in this case.

---

[1]     The last four digits of the Debtor's tax identification number are 2076. The location of the Debtor's headquarters. The service address for the Debtor is 110 110th Avenue NE, Suite 410, Bellevue, WA 98004.

[2]     This amount reflects a voluntary 15% downward adjustment of Applicant's fees, pursuant to Applicant's agreement with the Committee.

1

116071668 v2

**COMPENSATION BY TIMEKEEPER DURING THE COMPENSATION PERIOD**

| Name of Professional Person | Position of the Applicant, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Jay R. Indyke | Partner; Member of New York Bar since 1982; Area of Expertise: Bankruptcy | $1,050 | 28.8 | $30,240.00 |
| Jeffrey L. Cohen | Partner; Member of New York Bar since 2000; Area of Expertise: Bankruptcy | $785 | 67.7 | $53,144.50 |
| Alex R. Velinsky | Associate; Member of New York Bar since 2010; Area of Expertise: Bankruptcy | $725 | 51.5 | $37,337.50 |
| Jeremy H. Rothstein | Associate; Member of New York Bar since 2014; Area of Expertise: Bankruptcy | $470 | 16.4 | $7,708.00 |
| Mollie Canby | Paralegal | $210 | 5.3 | $1,113.00 |
| **Subtotal** | | | **169.7** | **$129,543.00** |
| **Less 15% Discount** | | | | **($19,431.45)** |
| **Fees After Courtesy Discount** | | | | **$110,111.55** |
| **Blended Hourly Rate for All Timekeepers** | | | | **$648.86** |
| **Blended Rate for Attorneys** | | | | **$664.02** |

## TIME BILLED BY PROJECT CATEGORY
## DURING THE COMPENSATION PERIOD

|  | Subject Matter Categories | Hours Spent | Fees |
|---|---|---|---|
| B01 | Asset Analysis and Recovery | 2.1 | $1,701.50 |
| B02 | Asset Disposition | 51.3 | $40,466.00 |
| B03 | Business Operations | 1.3 | $1,023.00 |
| B04 | Case Administration | 1.8 | $1,208.00 |
| B05 | Claims | 2.1 | $1,314.00 |
| B06 | Employee Benefits/Pensions | 0.9 | $806.50 |
| B07 | Fee/Employment Applications | 11.8 | $5,285.50 |
| B09 | Financing and Cash Collateral | 7.1 | $5,818.50 |
| B10 | Litigation | 6.8 | $5,110.00 |
| B11 | Meetings | 13.0 | $11,172.00 |
| B12 | Plan and Disclosure Statement | 34.8 | $25,476.50 |
| B13 | Relief from Stay Proceedings | 1.1 | $858.50 |
| B14 | Travel | 6.1 | $5,322.50 |
| B18 | Leases and Executory Contracts | 0.1 | $105.00 |
| B19 | Preparation For and Attendance at Court Hearings | 25.0 | $21,807.50 |
| B26 | Trust | 4.4 | $2,068.00 |
|  | **Subtotal** | **169.7** | **$129,543.00** |
|  | Less 15% Discount |  | **($19,431.45)** |
|  | **Total Fees** |  | **$110,111.55** |

## EXPENSE SUMMARY

| Expense Category | Amount |
|---|---:|
| Additional Services | $9.69 |
| Audio/Video Conferencing Services | $14.71 |
| Courtcall | $157.00 |
| Hotels and Meals | $168.65 |
| Meals | $105.63 |
| Reproduction of Documents | $9.70 |
| Taxi | $22.95 |
| Telephone | $20.28 |
| Train Fare | $1,336.00 |
| **TOTAL** | **$1,844.61** |

116071668 v2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------- X
In re:                                 :    Case No. 15-10104 (LSS)
                                       :
HIPCRICKET, INC.,[1]                   :    Chapter 11
                                       :
      Debtor.                         :    <u>Obj. Deadline:</u> May 26, 2015 at 4:00 p.m. (ET)
                                       :
------------------------------------- X

**SECOND MONTHLY APPLICATION OF COOLEY LLP, LEAD COUNSEL TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF HIPCRICKET, INC.
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
THE PERIOD MARCH 1, 2015 THROUGH MARCH 31, 2015**

TO THE HONORABLE LAURIE SELBER SILVERSTEIN,
UNITED STATES BANKRUPTCY JUDGE:

      Cooley LLP ("**Applicant**"), counsel to the Official Committee of Unsecured Creditors (the "**Committee**") of Hipcricket, Inc. (the "**Debtor**"), in the above-captioned chapter 11 case, respectfully represents:

## INTRODUCTION

      1.    This is Applicant's second monthly application (the "**Application**") for compensation and reimbursement of expenses pursuant to § 331 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "**Local Rules**"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "**Interim Compensation Order**") (Doc. No. 115).

---

[1]    The last four digits of the Debtor's tax identification number are 2076.  The location of the Debtor's headquarters and the service address for the Debtor is 110 110th Avenue NE, Suite 410, Bellevue, WA 98004.

2.       This Application seeks an interim payment of compensation for legal services rendered by Applicant in the total amount of **$88,089.24**, representing 80% of total services rendered, and reimbursement of certain expenses incurred by (or first billed by outside vendors to) Applicant in the amount of **$1,844.61** for the period March 1, 2015 through March 31, 2015 (the "**Compensation Period**").  Pursuant to the Interim Compensation Order, if no objections are filed to this Application, the Debtor is authorized to pay Applicant a total of **$89,933.85**. This Application complies with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Interim Compensation Order.

## GENERAL CASE BACKGROUND

3.       On January 20, 2015, (the "**Petition Date**") the Debtor filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtor is operating its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.       On January 30, 2015, the Office of the United States Trustee (the "**U.S. Trustee**") for the District of Delaware appointed the Committee, consisting of the following five members: (i) MobileFuse LLC, (ii) Phunware, Inc., (iii) Zumobi, Inc., (iv) StrikeAd U.S., Inc., and (v) AIM Consulting Group LLC.  That same day, the Committee met and selected Applicant as its lead counsel, Pepper Hamilton LLP, as its Delaware counsel, and Getzler Henrich & Associates as its financial advisors.

5.       On February 20, 2015, the Committee filed the *Application of the Official Committee of Unsecured Creditors of Hipcricket, Inc. for Entry of an Order Authorizing the Employment and Retention of Cooley LLP as Lead Counsel Nunc Pro Tunc to January 30, 2015* [D.I. 149], as to which there was no objection.  This Court approved the Committee's retention

of Applicant pursuant to an order entered on March 13, 2015 [D.I. 218].

6. Pursuant to the Interim Compensation Order, Applicant may file monthly fee applications with this Court. On April 2, 2015, Applicant filed its first monthly application for compensation and reimbursement of expenses for the period January 30, 2015 through February 28, 2015 [D.I. 299]. Having received no objections, Applicant filed a certificate of no objection on April 27, 2015 [D.I. 360].

7. This is Applicant's second monthly fee application in this case.

## JURISDICTION AND STATUTORY PREDICATES

8. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are §§ 105(a), 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

## SERVICES RENDERED DURING COMPENSATION

9. During the Compensation Period, Applicant's services to the Committee included professional advice and representation in connection with discrete categories in this chapter 11 proceeding. The aggregate hours and amount for each category are set forth on the cover page to this Application.

10. To apprise this Court of the legal services provided during the Compensation Period, Applicant sets forth the following summary of legal services rendered. The summary is intended only to highlight the general categories of services performed by Applicant on behalf of the Committee; it is not intended to set forth each and every item of professional services which Applicant performed. The charges stated in each category do not reflect the Applicant's 15% courtesy discount, which was deducted from the subtotal of all fees.

**Asset Disposition**

11. This category includes time expended by Applicant with respect to the sale of substantially all of the Debtor's assets the ("**Sale**"), including, among other things, reviewing and commenting on bids and related documents, participating in the auction, corresponding with Debtor, ESW Capital, LLC ("**ESW**") and SITO Mobile, Ltd. ("**SITO**") regarding competing bids, preparing a statement in support of the Sale to ESW, and preparing for and participating in the contested hearing to approve the Sale (the "**Sale Hearing**").

12. Applicant expended 51.3 hours of time for a charge of $40,466.00 for services rendered with respect to matters relating to asset disposition.

**Fee/Employment Applications**

13. This category includes time expended by Applicant regarding the retention and compensation of various professionals in the Debtor's bankruptcy proceeding. Applicant spent time during the Compensation Period, *inter alia*, reviewing fee and retention applications filed by the Debtor's professionals and preparing Applicant's first monthly fee application.

14. Applicant expended 11.8 hours of time for a charge of $5,285.50 for services rendered with respect to matters relating to fee/employment applications.

**Financing and Cash Collateral**

15. This category includes time expended by Applicant with respect to debtor-in-possession financing and the terms thereof. In connection therewith, Applicant, among other things, corresponded with counsel to the Debtor, ESW, and SITO regarding the replacement debtor-in-possession financing facility provided by ESW (the "**Replacement DIP**"), reviewed and commented on drafts of the Replacement DIP, and reviewed SITO's comments to the Replacement DIP and SITO's notice of default.

16. Applicant expended 7.1 hours of time for a charge of $5,818.50 for services

rendered with respect to cash collateral and financing.

**Litigation**

17. This category includes time expended by Applicant reviewing SITO's discovery request, filings with the Court, and demand letter, preparing a responsive filing, and drafting a proposed order approving the Sale to ESW.

18. Applicant expended 6.8 hours of time for a charge of $5,110.00 with respect to litigation matters.

**Meetings**

19. This category includes time expended by Applicant preparing for and attending at meetings, including meetings with the Committee to discuss bids for the Debtor's assets, attendance at the auction for the Debtor's assets, meetings with counsel to the Debtor and ESW to prepare a strategy for the Sale Hearing, and a meeting to discuss the Sale Hearing and other closing matters.

20. Applicant expended 13.0 hours of time for a charge of $11,172.00 with respect to preparation for and attendance at meetings.

**Plan and Disclosure Statement**

21. This category includes time expended by Applicant in connection with the preparation of a proposed chapter 11 plan (the "**Plan**") and disclosure statement. Applicant spent time in this category, *inter alia*, reviewing and commenting upon several drafts of the Plan and disclosure statement prepared by ESW, drafting a Plan support letter on behalf of the Committee, and preparing for the hearing to approve the disclosure statement.

22. Applicant expended 34.8 hours of time for a charge of $25,476.50 with respect to plan and disclosure statement matters.

**Travel**

23. This category is for non-working travel time expended by Applicant traveling between New York, New York and Wilmington, Delaware to attend the Sale Hearing. Applicant billed only one-half of time expended in this category.

24. Applicant billed 6.1 hours of non-working travel time, for a charge of $5,322.50.

**Preparation For and Attendance at Court Hearings**

25. This category includes time expended by Applicant with respect to preparation for, and attendance at, the Sale Hearing, the hearing on Debtor's key employee incentive program, and the hearing on the disclosure statement and the Replacement DIP.

26. Applicant expended 25.0 hours of time for a charge of $21,807.50 for services rendered with respect to preparation for and attendance at Court hearings.

**Trust**

27. Applicant spent time in this category drafting a distribution trust agreement to be included in the Plan supplement.

28. Applicant expended 4.4 hours of time for a charge of $2,068.00 for services rendered with respect to trust matters.

## MATTERS PERTAINING TO APPLICANT

29. Applicant has maintained contemporaneous time records which indicate the time that each attorney has spent working on a particular matter and the nature of the work performed. Copies of these time records are annexed to this Application as **Exhibit A**. The total number of hours expended by Applicant's attorneys and para-professionals during the Compensation Period in conjunction with this case is 169.7. All of the services have been rendered by those individuals at Applicant's firm.

30. The personnel who have expended time on this matter during the Compensation

Period are as follows: (a) Jay R. Indyke and Jeffrey L. Cohen: Messrs. Indyke and Cohen have been actively involved in all aspects of this case, including matters related to the contested Sale and the Replacement DIP; and (b) Alex R. Velinsky and Jeremy H. Rothstein: Messrs. Velinsky and Rothstein were responsible for various day-to-day issues that arose during the Compensation Period.

31. Applicant has extensive experience representing creditors committees in Delaware cases, including Avenue Stores, Atari, Big M, Beyond Oblivion, Blockbuster, Bob's Stores, ConnectEDU, Brookstone, Edwin Watts, Federated Department Stores, Filene's Basement, Goody's Family Clothing, Gottschalk's, Hancock Fabrics, KB Toys, KIT Digital, Levitz Furniture, Montgomery Ward, Mervyn's, Orchard Brands, Pizzeria Uno, Princeton Ski Shops, RadioShack, Ritz Camera, Sbarro, Steve & Barry's, The Athlete's Foot, The Walking Company, and Today's Man, among many others.

32. Applicant rendered all the professional services for which compensation is requested herein in connection with the Debtor's chapter 11 case in furtherance of Applicant's professional responsibilities as attorneys for the Committee.

33. During the Compensation Period, the partners, associates and para-professionals of Applicant devoted substantial time, 169.7 hours, in rendering professional services to the Committee, all of which time was reasonable and necessary.

34. Applicant, by experience, training and ability, is fully qualified to perform the services for which compensation is sought here. Applicant represents or holds no interest adverse to the Committee with respect to the matters upon which it is engaged.

35. No agreement or understanding exists between Applicant and any other entity for the sharing of compensation to be received for services rendered in or in connection with this chapter 11 case.

**EXPENSES**

36. Annexed as part of the cover sheet is a list of the necessary and actual disbursements incurred during the Compensation Period in connection with the above-described work. The list is derived from the information found in **Exhibit A**. These records indicate that Applicant has advanced during the Compensation Period the sum of **$1,844.61** in necessary and actual out-of-pocket expenses. In connection with said expenses, it should be noted that Applicant charges $1.00 per page for outgoing facsimiles with no charge for incoming facsimiles, 10¢ per page for photocopying and charges for meals only necessitated by meetings with the Debtor, the Committee, or when Applicant's personnel would work on this case through a normal meal period.

**NOTICE, PRIOR APPLICATION AND CERTIFICATION**

37. Notice of this Application has been provided in accordance with the Interim Compensation Order. Applicant submits that the foregoing constitutes good and sufficient notice and that no other or further notice need be provided.

38. No previous application for the relief sought herein has been made to this or any other court.

39. Applicant has reviewed the requirements of the Local Rules, and this Application complies with those rules and guidelines.

**WHEREFORE**, Applicant hereby respectfully requests interim payment of fees in the amount of **$88,089.24**, which is equal to the sum of 80% of Applicant's allowed compensation,

116071668 v2

for duly authorized, necessary and valuable professional services to the Committee incurred during the Compensation Period; and (ii) reimbursement to Applicant for actual and necessary expenses incurred during the Compensation Period in connection with the aforesaid services in the aggregate amount of **$1,844.61**.

116071668 v2

-14-

Dated: May 5, 2015

        **COOLEY LLP**

        */s/ Jay R. Indyke*
        Jay R. Indyke
        Jeffrey L. Cohen
        Jeremy H. Rothstein
        1114 Avenue of the Americas
        New York, New York 10036
        Telephone: (212) 479-6000
        Facsimile: (212) 479-6275
        Email: jindyke@cooley.com; jcohen@cooley.com; and jrothstein@cooley.com

        *Lead Counsel For The Official Committee Of Unsecured Creditors*