IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIPCRICKET, INC.,[1] | ) | Case No. 15-10104 (LSS) |
| | ) | |
| Debtor. | ) | |

**Objection Deadline: May 28, 2015 at 4:00 p.m.**
**Hearing Date: Scheduled only if Necessary**

## THIRD MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION, FOR THE PERIOD FROM MARCH 1, 2015 THROUGH MARCH 31, 2015

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Debtor and Debtor in Possession |
| Date of Retention: | *Nunc Pro Tunc* to January 20, 2015 by order signed February 11, 2015 |
| Period for which Compensation and Reimbursement is Sought: | March 1, 2015 through March 31, 2015[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $409,620.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 27,788.35 |

This is a:    x  monthly        interim        final application.

The total time expended for fee application preparation is approximately 3.0 hours

and the corresponding compensation requested is approximately $1,000.00.

---

[1] The last four digits of the Debtor's tax identification number are 2076. The location of the Debtor's headquarters and the service address for the Debtor is 110 110th Avenue NE, Suite 410, Bellevue, WA 98004.
[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 03/05/15 | 01/21/15 – 01/31/15 | $147,472.00 | $16,242.60 | $117,977.60 | $16,242.60 |
| 05/04/15 | 02/01/15 – 02/28/15 | $283,749.50 | $15,579.52 | Pending | Pending |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Ira D. Kharasch | Partner 1987; Member of Ca Bar since 1982 | $975.00 $487.50 | 110.20 29.40 | $107,445.00 $ 14,332.50 |
| Alan J. Kornfeld | Partner 1996; Member of CA Bar since 1987 | $950.00 | 2.30 | $ 2,185.00 |
| Jeffrey N. Pomerantz | Partner 1995; Member of CA Bar since 1989 | $895.00 | 0.20 | $ 179.00 |
| Linda F. Cantor | Partner 1994; Member of CA Bar since 1991; Member of IL Bar since 1988 | $875.00 | 77.80 | $ 68,075.00 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $875.00 $437.50 | 30.70 4.20 | $ 26,862.50 $ 1,837.50 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $750.00 | 54.70 | $ 41,025.00 |
| Harry D. Hochman | Of Counsel 2004; Member of CA Bar since 1987 | $750.00 | 6.90 | $ 5,175.00 |
| Victoria A. Newmark | Of Counsel 2008; Member of CA Bar since 1996 | $750.00 | 2.90 | $ 2,175.00 |
| Shirley S. Cho | Of Counsel 2009; Member of CA Bar since 1997; Member of NY Bar since 2002 | $750.00 | 1.10 | $ 825.00 |
| Jonathan J. Kim | Of Counsel 1999; Member of CA Bar since 1995 | $695.00 | 81.00 | $ 56,295.00 |
| Gillian N. Brown | Partner 2007; Member of CA Bar since 1999; Member of Washington D.C. Bar since 2008; Member of NY Bar since 2010 | $650.00 | 4.60 | $ 2,990.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $650.00 | 4.90 | $  3,185.00 |
| Teddy M. Kapur | Partner 2014; Member of CA Bar since 2006 | $575.00 | 0.80 | $     460.00 |
| Jason H. Rosell | Associate 2010; Member of CA Bar since 2010; Member of NY Bar since 2011 | $525.00 | 120.50 | $ 63,262.50 |
| Leslie F. Forrester | Law Library Director 2003 | $325.00 | 1.80 | $     585.00 |
| Kathe F. Finlayson | Paralegal 2000 | $305.00 | 26.00 | $  7,930.00 |
| Karina K. Yee | Paralegal 2000 | $305.00 | 2.80 | $     854.00 |
| Margaret L. McGee | Paralegal 2007 | $305.00 | 0.10 | $       30.50 |
| Felice S. Harrison | Paralegal 2009 | $305.00 | 8.00 | $  2,440.00 |
| Cheryl A. Knotts | Paralegal 2000 | $295.00 | 0.60 | $     177.00 |
| Patricia E. Cuniff | Paralegal 2000 | $295.00 | 0.50 | $     147.50 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $225.00 | 4.10 | $     922.50 |
| Beatrice M. Koveleski | Case Management Assistant 2009 | $225.00 | 1.00 | $     225.00 |

**Grand Total:    $409,620.50**
**Total Hours:         577.10**
**Blended Rate:  $     709.79**

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 138.40 | $112,931.00 |
| Bankruptcy Litigation | 28.20 | $ 18,315.50 |
| Case Administration | 6.80 | $  2,965.00 |
| Claims Admin./Objections | 30.40 | $ 21,683.00 |
| Compensation of Professional | 6.90 | $  3,790.00 |
| Compensation of Prof./Others | 4.60 | $  2,748.50 |
| Employee Benefit/Pension | 32.20 | $ 23,754.50 |
| Executory Contracts | 21.00 | $ 14,952.50 |
| Financial Filings | 5.50 | $  2,456.50 |
| Financing | 55.30 | $ 35,913.50 |
| General Business Advice | 0.90 | $    562.50 |
| Litigation (Non-Bankruptcy) | 2.70 | $  2,362.50 |
| Operations | 5.80 | $  5,285.00 |
| Plan & Disclosure Statement | 196.20 | $140,916.50 |
| Retention of Prof./Others | 7.20 | $  3,694.00 |
| Stay Litigation | 1.40 | $  1,120.00 |
| Travel | 33.60 | $ 16,170.00 |

**EXPENSE SUMMARY**

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---|
| Air Fare | American Airlines; United Airlines | $7,805.48 |
| Auto Travel Expense | Uber Transportation; Eagle Transportation; Taxi fare | $1,007.69 |
| Bloomberg | | $ 143.59 |
| Working Meals | Le Bilboquet; Gourmet Deli; Munchery | $ 448.49 |
| Conference Call | AT&T Conference Call | $ 70.79 |
| Delivery/Courier Service | Digital Legal | $1,063.25 |
| Fax Transmittal | Outgoing only | $ 28.00 |
| Hotel Expense | The New York Palace Hotel; Hotel DuPont; Hyatt Hotel | $2,830.50 |
| Outside Services | DLS Discovery | $1,410.17 |
| Court Research | Pacer | $ 354.50 |
| Postage | US Mail | $ 849.70 |
| Reproduction Expense | | $1,623.40 |
| Reproduction/ Scan Copy | | $1,692.60 |
| Overtime | N. Brown; T. Thompson; C. Janes | $ 690.46 |
| Travel Expense | Petty Cash; Amtrak; Carole Storage Parking; New Garden Garage; The Parking Spot | $1,157.93 |
| Transcript | Escribers; TSG Reporting | $2,225.20 |
| Legal Research | Westlaw | $4,386.60 |

---

[3] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIPCRICKET, INC.,[1] | ) | Case No. 15-10104 (LSS) |
| | ) | |
| Debtor. | ) | |
| | | **Objection Deadline: May 28, 2015 at 4:00 p.m.** |
| | | **Hearing Date: Scheduled only if Necessary** |

### THIRD MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION, FOR <u>THE PERIOD FROM MARCH 1, 2015 THROUGH MARCH 31, 2015</u>

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the Court's "Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals," signed on or about February 11, 2015 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Counsel to the Debtor and Debtor in Possession ("Debtor"), hereby submits its Third Monthly Application for Compensation and for Reimbursement of Expenses for the Period from March 1, 2015 through March 31, 2015 (the "Application").

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $409,620.50 and actual and necessary expenses in the amount of $27,788.35 for a total allowance of $437,408.85 and payment of $327,696.40 (80% of the allowed fees) and

---

[1] The last four digits of the Debtor's tax identification number are 2076. The location of the Debtor's headquarters and the service address for the Debtor is 110 110th Avenue NE, Suite 410, Bellevue, WA 98004.

reimbursement of $27,788.35 (100% of the allowed expenses) for a total payment of

$355,484.75 for the period March 1, 2015 through March 31, 2015 (the "Interim Period"). In

support of this Application, PSZ&J respectfully represents as follows:

### Background

1.      On January 20, 2015, the Debtor filed a voluntary petition for relief under

chapter 11 of the Bankruptcy Code. The Debtor continues in possession of its properties and

continues to operate and manage its business as debtor in possession pursuant to sections 1107(a)

and 1108 of the Bankruptcy Code. A Committee of Unsecured Creditors ("Committee") was

appointed in this case by the United States Trustee on or about January 30, 2015.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On or about February 11, 2015, the Court signed the Administrative

Order, authorizing certain professionals ("Professionals") to submit monthly applications for

interim compensation and reimbursement for expenses, pursuant to the procedures specified

therein. The Administrative Order provides, among other things, that a Professional may submit

monthly fee applications. If no objections are made within twenty-one (21) days after service of

the monthly fee application the Debtor is authorized to pay the Professional eighty percent (80%)

of the requested fees and one hundred percent (100%) of the requested expenses. Beginning

with the period ending March 31, 2015, at three-month intervals or such other intervals

convenient to the Court, each of the Professionals shall file and serve an interim application for

allowance of the amounts sought in its monthly fee applications for that period. All fees and

expenses paid are on an interim basis until final allowance by the Court.  Applicants shall make

reasonable efforts to comply with the United States Trustee Guidelines for larger Chapter 11

cases.

4.    The retention of PSZ&J, as Counsel to the Debtor, was approved effective

as of January 20, 2015 by this Court's "Order Pursuant to Section 327(a) of the Bankruptcy

Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1

Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel

for the Debtor and Debtor in Possession *Nunc Pro Tunc* to the Petition Date," signed on or about

February 11, 2015 (the "Retention Order").  The Retention Order authorized PSZ&J to be

compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket

expenses.

### PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

#### Compensation Paid and Its Source

5.    All services for which PSZ&J requests compensation were performed for

or on behalf of the Debtor.

6.    PSZ&J has received no payment and no promises for payment from any

source other than from the Debtor for services rendered or to be rendered in any capacity

whatsoever in connection with the matters covered by this Application.  There is no agreement or

understanding between PSZ&J and any other person other than the partners of PSZ&J for the

sharing of compensation to be received for services rendered in this case.  PSZ&J has received

payments from the Debtor during the year prior to the Petition Date in the amount of $255,000 in

connection with the preparation of initial documents and its prepetition representation of the

Debtor.   Upon final reconciliation of the amount actually expended pre-petition, any balance

remaining from the payments to the Firm was credited to the Debtor and utilized as PSZ&J's

retainer to apply to postpetition fees and expenses pursuant to the compensation procedures

approved by this Court in accordance with the Bankruptcy Code.

### Fee Statements

7.     The fee statements for the Interim Period are attached hereto as Exhibit A.

These statements contain daily time logs describing the time spent by each attorney and

paraprofessional during the Interim Period.  To the best of PSZ&J's knowledge, this Application

complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the

Administrative Order.  PSZ&J's time reports are initially handwritten by the attorney or

paralegal performing the described services.  The time reports are organized on a daily basis.

PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time

frame on a variety of different matters for a particular client, separate time entries are set forth in

the time reports.  PSZ&J's charges for its professional services are based upon the time, nature,

extent and value of such services and the cost of comparable services other than in a case under

the Bankruptcy Code.  PSZ&J has reduced its charges related to any non-working "travel time"

to fifty percent (50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J

professionals attempt to work during travel.

**Actual and Necessary Expenses**

8.    A summary of actual and necessary expenses incurred by PSZ&J for the Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as this one, arising in Delaware.  PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9.    PSZ&J charges $1.00 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Debtor for the receipt of faxes in this case.

10.    With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research.  PSZ&J bills its clients the actual amounts charged by such services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

11.    PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the

ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

### Summary of Services Rendered

12.     The names of the partners and associates of PSZ&J who have rendered professional services in this case during the Interim Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

13.     PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Debtor on a regular basis with respect to various matters in connection with the Debtor's bankruptcy case, and performed all necessary professional services which are described and narrated in detail below.  PSZ&J's efforts have been extensive due to the size and complexity of the Debtor's bankruptcy case.

### Summary of Services by Project

14.     The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below.  PSZ&J attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.  These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A.  Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category,

along with the number of hours for each individual and the total compensation sought for each

category.

### A.    Asset Disposition

15.    This category relates to the sale or other disposition of assets.  During the

Interim Period, the Firm, among other things:  (1) attended to overbid issues; (2) performed work

regarding a sale order; (3) attended to amended bid issues; (4) performed work regarding a notice

to bidders; (5) attended to scheduling issues; (6) attended to deposit issues; (7) attended to patent

issues; (8) reviewed and analyzed the ESW bid; (9) attended to issues regarding potential

objection to sale by Yahoo; (10) attended to time extension issues; (11) performed work

regarding modification of sale order related to Yahoo issues; (12) performed work regarding cure

issues; (13) performed work regarding valuation and comparison of bids; (14) attended to

qualification issues; (15) attended to auction issues; (16) performed work regarding Committee

support issues; (17) attended to issues regarding Sito discovery threat; (18) responded to sale

inquiries; (19) reviewed and analyzed a document production request; (20) reviewed and

analyzed the Sito motion to enforce bid procedures order; (21) reviewed and analyzed auction-

related issues; (22) prepared for and conducted an auction on March 6, 2015; (23) performed

work regarding notice of successful bidder; (24) performed work regarding settlement issues

related to Sito; (25) performed work regarding Agenda Notices and Hearing Binders;

(26) attended to hearing evidence issues; (27) performed work regarding an outline for

Committee brief in support of ESW qualification; (28) performed work regarding break-up fee

potential modifications; (29) performed work regarding production of documents;

(30) performed research; (31) prepared for and attended a sale hearing on March 9, 2015, including preparation for trial and trial on Sito objection to sale; (32) attended to issue of modification of bid procedures to accept plan bids; (33) attended to back-up bidder issues; (34) prepared for and attended a continued hearing on March 10, 2015; (35) attended to issues regarding Sito's demand for immediate payment of breakup fees and expense reimbursement; (36) performed work regarding a response to Sito demand for immediate payment; and (37) corresponded and conferred regarding asset disposition issues.

Fees: $112,931.00;   Hours: 138.40

**B.    Bankruptcy Litigation**

16.    This category relates to work regarding motions or adversary proceedings in the Bankruptcy Court.  During the Interim Period, the Firm, among other things: (1) performed work regarding a settlement motion; (2) performed work regarding Agenda Notices and Hearing Binders; (3) attended to scheduling issues; (4) monitored the status of pending matters; (5) prepared for and attended an Omnibus hearing on March 18, 2015; (6) attended to issues regarding evidence; (7) performed work regarding orders; and (8) conferred and corresponded regarding litigation issues.

Fees: $18,315.50;   Hours: 28.20

**C.    Case Administration**

17.    This category relates to work regarding administration of this case. During the Interim Period, the Firm, among other things:  (1) maintained a memorandum of

critical dates; (2) maintained document control; (3) maintained service lists; (4) maintained a work-in-progress list; and (5) corresponded and conferred regarding case administration issues.

Fees: $2,965.00;        Hours: 6.80

**D.        Claims Administration and Objections**

18.        This category relates to work regarding claims administration and claims objections.  During the Interim Period, the Firm, among other things:  (1) performed work regarding a bar date motion; (2) attended to notice issues; (3) attended to tax claim issues; (4) performed work regarding employee issues; (5) performed work regarding orders; (6) responded to creditor inquiries; (7) attended to bonus and commission issues; (8) attended to priority claim issues; (9) performed research; and (10) conferred and corresponded regarding claim issues.

Fees: $21,683.00;        Hours: 30.40

**E.        Compensation of Professionals**

19.        This category relates to work regarding compensation of the Firm.  During the Interim Period, the Firm, among other things, performed work regarding its January 2015 monthly fee application, drafted its February 2015 fee application, and monitored the status and timing of fee applications.

Fees: $3,790.00;        Hours: 6.90

**F.        Compensation of Professionals--Others**

20.        This category relates to work regarding the compensation of professionals, other than the Firm.  During the Interim Period, the Firm, among other things, performed work

regarding Ordinary Course Professionals, and attended to issues regarding the Canaccord and Johnson Associates matters.

Fees: $2,748.50;     Hours: 4.60

### G.     Employee Benefits and Pensions

21.     This category relates to work regarding employee benefits and pension plans.  During the Interim Period, the Firm, among other things:  (1) performed work regarding a Key Employee Retention Plan ("KEIP") motion; (2) attended to issues regarding impact of ESW bid on KEIP; (3) performed work regarding orders; (4) attended to employee compensation issues; (5) performed work regarding a motion to approve amended KEIP motion; (6) performed research; (7) attended to officer liability issues; (8) performed work regarding a wage motion; (9) attended to wage cap issues; (10) attended to pension plan issues; and (11) corresponded and conferred regarding employee issues.

Fees: $23,754.50;     Hours: 32.20

### H.     Executory Contracts

22.     This category relates to work regarding executory contracts and unexpired leases of real property.  During the Interim Period, the Firm, among other things:  (1) performed research; (2) attended to cure issues; (3) attended to notice issues; (4) performed work regarding a motion to reject leases; (5) attended to issues regarding contract assumption and assignment; (6) reviewed and analyzed documents; (7) attended to security deposit issues; (8) attended to sublease issues; and (9) conferred and corresponded regarding lease and contract issues.

Fees: $14,952.50     Hours: 21.00

### I.   Financial Filings

23.   This category relates to work regarding compliance with reporting requirements.  During the Interim Period, the Firm, among other things, performed work regarding Monthly Operating Reports and regarding SEC compliance, and corresponded and conferred regarding financial filings issues.

Fees:  $2,456.50;      Hours:  5.50

### J.   Financing

24.   This category relates to work regarding Debtor in Possession ("DIP") financing and use of cash collateral.  During the Interim Period, the Firm, among other things: (1) performed work regarding a new DIP financing motion related to ESW; (2) performed work regarding DIP financing orders; (3) attended to budget and variance issues; (4) attended to carve-out issues; (5) attended to issues regarding Sito and notice of default under DIP financing; (6) attended to timing and refinance issues; (7) performed work regarding the Sito payoff letter; and (8) corresponded and conferred regarding financing issues.

Fees:  $35,913.50;      Hours:  55.30

### K.   General Business Advice

25.   The category relates to issues regarding general business advice.  During the Interim Period, the Firm, among other things, attended to issues regarding SEC filings and removal and appointment of officers.

Fees:  $562.50;      Hours:  0.90

## L.    Litigation (Non-Bankruptcy)

26.    The category relates to issues regarding litigation in Courts other than the Bankruptcy Court.  During the Interim Period, the Firm, among other things, attended to patent litigation issues.

Fees:  $2,362.50;        Hours:  2.70

## M.    Operations

27.    The category relates to issues regarding operations.  During the Interim Period, the Firm, among other things:  (1) attended to insurance issues; (2) performed work regarding employee communications; (3) attended to software issues; and (4) corresponded and conferred regarding operations issues.

Fees:  $5,285.00;        Hours:  5.80

## N.    Plan and Disclosure Statement

28.    This category relates to issues regarding a Plan of Reorganization ("Plan") and Disclosure Statement.  During the Interim Period, the Firm, among other things: (1) performed research; (2) reviewed and analyzed a draft Plan related to ESW; (3) responded to Committee comments regarding Plan; (4) attended to timing issues; (5) attended to scheduling issues; (6) performed work regarding Plan and Disclosure Statement strategy; (7) reviewed and revised a draft Plan; (8) drafted a Disclosure Statement; (9) performed work regarding a motion to conditionally approve Disclosure Statement; (10) attended to voting issues; (11) performed work regarding a solicitation procedures motion; (12) attended to issues regarding combining hearing on the Plan and Disclosure Statement; (13) performed work regarding a liquidation

analysis; (14) attended to patent litigation issues; (15) attended to notice issues; (16) attended to contract and cure issues; (17) reviewed, analyzed, and responded to Committee comments regarding solicitation procedures motion; (18) attended to feasibility issues; (19) performed work regarding a motion to hear Plan and Disclosure Statement jointly; (20) performed work regarding exhibits; (21) reviewed and analyzed claim and recovery issues; (22) reviewed and responded to the United States Trustee objection to Disclosure Statement; (23) attended to release issues; (24) performed work regarding ballot issues; (25) prepared for and attended a hearing on March 31, 2015 on various motions, including motion for conditional approval of Disclosure Statement; (26) performed work regarding orders; (27) performed work regarding a confirmation notice; and (28) corresponded and conferred regarding Plan and Disclosure Statement issues.

Fees: $140,916.50;    Hours: 169.20

**O.    Retention of Professionals--Others**

29.    This category relates to issues regarding retention of professionals, other than the Firm.  During the Interim Period, the Firm, among other things, performed work regarding Ordinary Course Professionals, and regarding the Canaccord and Rust Omni matters.

Fees: $3,694.00;    Hours: 7.20

**P.    Stay Litigation**

30.    This category relates to issues regarding the automatic stay and relief from stay motions.  During the Interim Period, the Firm, among other things, performed work regarding a motion for relief from stay relating to insurance proceeds.

Fees: $1,120.00;    Hours: 1.40

Q.    **Travel**

31.    During the Interim Period, the Firm incurred non-working time while traveling on case matters.  Such time is billed at one-half the normal rate.

Fees:  $16,170.00;    Hours:  33.60

**Valuation of Services**

32.    Attorneys and paraprofessionals of PSZ&J expended a total 577.10 hours in connection with their representation of the Debtor during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Ira D. Kharasch | Partner 1987; Member of Ca Bar since 1982 | $975.00 $487.50 | 110.20 29.40 | $107,445.00 $ 14,332.50 |
| Alan J. Kornfeld | Partner 1996; Member of CA Bar since 1987 | $950.00 | 2.30 | $  2,185.00 |
| Jeffrey N. Pomerantz | Partner 1995; Member of CA Bar since 1989 | $895.00 | 0.20 | $    179.00 |
| Linda F. Cantor | Partner 1994; Member of CA Bar since 1991; Member of IL Bar since 1988 | $875.00 | 77.80 | $ 68,075.00 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $875.00 $437.50 | 30.70 4.20 | $ 26,862.50 $  1,837.50 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $750.00 | 54.70 | $ 41,025.00 |
| Harry D. Hochman | Of Counsel 2004; Member of CA Bar since 1987 | $750.00 | 6.90 | $  5,175.00 |
| Victoria A. Newmark | Of Counsel 2008; Member of CA Bar since 1996 | $750.00 | 2.90 | $  2,175.00 |
| Shirley S. Cho | Of Counsel 2009; Member of CA Bar since 1997; Member of NY Bar since 2002 | $750.00 | 1.10 | $    825.00 |
| Jonathan J. Kim | Of Counsel 1999; Member of CA Bar since 1995 | $695.00 | 81.00 | $ 56,295.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Gillian N. Brown | Partner 2007; Member of CA Bar since 1999; Member of Washington D.C. Bar since 2008; Member of NY Bar since 2010 | $650.00 | 4.60 | $ 2,990.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $650.00 | 4.90 | $ 3,185.00 |
| Teddy M. Kapur | Partner 2014; Member of CA Bar since 2006 | $575.00 | 0.80 | $ 460.00 |
| Jason H. Rosell | Associate 2010; Member of CA Bar since 2010; Member of NY Bar since 2011 | $525.00 | 120.50 | $ 63,262.50 |
| Leslie F. Forrester | Law Library Director 2003 | $325.00 | 1.80 | $ 585.00 |
| Kathe F. Finlayson | Paralegal 2000 | $305.00 | 26.00 | $ 7,930.00 |
| Karina K. Yee | Paralegal 2000 | $305.00 | 2.80 | $ 854.00 |
| Margaret L. McGee | Paralegal 2007 | $305.00 | 0.10 | $ 30.50 |
| Felice S. Harrison | Paralegal 2009 | $305.00 | 8.00 | $ 2,440.00 |
| Cheryl A. Knotts | Paralegal 2000 | $295.00 | 0.60 | $ 177.00 |
| Patricia E. Cuniff | Paralegal 2000 | $295.00 | 0.50 | $ 147.50 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $225.00 | 4.10 | $ 922.50 |
| Beatrice M. Koveleski | Case Management Assistant 2009 | $225.00 | 1.00 | $ 225.00 |

**Grand Total:** $409,620.50
**Total Hours:** 577.10
**Blended Rate:** $ 709.79

33.     The nature of work performed by these persons is fully set forth in Exhibit

A attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The

reasonable value of the services rendered by PSZ&J for the Debtor during the Interim Period is

$409,620.50.

34.     In accordance with the factors enumerated in section 330 of the

Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and

reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent

of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that, for the period March 1, 2015 through March 31, 2015, an interim allowance be made to PSZ&J for compensation in the amount of $409,620.50 and actual and necessary expenses in the amount of $27,788.35 for a total allowance of $437,408.85 and payment of $327,696.40 (80% of the allowed fees) and reimbursement of $27,788.35 (100% of the allowed expenses) be authorized for a total payment of $355,484.75, and for such other and further relief as this Court may deem just and proper.

Dated:  May 6, 2015

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Laura Davis Jones

Laura Davis Jones (DE Bar No. 2436)
Ira D. Kharasch (CA Bar No. 109084)
Linda F. Cantor (CA Bar No. 153762)
James O'Neill (DE Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
E-mail:     ikharasch@pszjlaw.com
            lcantor@pszjlaw.com
            joneill@pszjlaw.com

Counsel to Debtor and Debtor in Possession

## **VERIFICATION**

STATE OF DELAWARE        :
                         :
COUNTY OF NEW CASTLE  :

      Laura Davis Jones, after being duly sworn according to law, deposes and says:

      a)     I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones

LLP, and have been admitted to appear before this Court.

      b)     I am familiar with many of the legal services rendered by Pachulski Stang

Ziehl & Jones LLP, as Counsel to the Debtor, and with the other work performed on behalf of

the Debtor by the lawyers and paraprofessionals of PSZ&J.

      c)     I have reviewed the foregoing Application and the facts set forth therein

are true and correct to the best of my knowledge, information and belief.  Moreover, I have

reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about February 11,

2015, and submit that the Application substantially complies with such Rule and Order.

                                Laura Davis Jones

SWORN AND SUBSCRIBED
before me this **7** day of **May**, 2015.


Notary Public
My Commission Expires:

K A JOHN BOWER
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires October 14, 2016