IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIPCRICKET, INC.,[1] | ) | Case No. 15-10104 (LSS) |
| | ) | |
| Debtor. | ) | |
| | | **Objection Deadline:  June 3, 2015 at 4:00 p.m.**<br>**Hearing Date:  Scheduled only if Necessary** |

**FOURTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO
THE DEBTOR AND DEBTOR IN POSSESSION, FOR
THE PERIOD FROM APRIL 1, 2015 THROUGH APRIL 30, 2015**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Debtor and Debtor in Possession |
| Date of Retention: | *Nunc Pro Tunc* to January 20, 2015 by order signed February 11, 2015 |
| Period for which Compensation and Reimbursement is Sought: | April 1, 2015 through April 30, 2015[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $108,570.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $   6,253.42 |

This is a:        x  monthly        interim        final application.

      The total time expended for fee application preparation is approximately 3.0 hours

and the corresponding compensation requested is approximately $1,000.00.

---

[1] The last four digits of the Debtor's tax identification number are 2076. The location of the Debtor's headquarters and the service address for the Debtor is 110 110th Avenue NE, Suite 410, Bellevue, WA 98004.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 03/05/15 | 01/21/15 – 01/31/15 | $147,472.00 | $16,242.60 | $117,977.60 | $16,242.60 |
| 05/04/15 | 02/01/15 – 02/28/15 | $283,749.50 | $15,579.52 | Pending | Pending |
| 05/07/15 | 03/01/15 – 03/31/15 | $409,620.50 | $27,788.35 | Pending | Pending |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Ira D. Kharasch | Partner 1987; Member of Ca Bar since 1982 | $975.00 | 19.50 | $19,012.50 |
| Jeffrey N. Pomerantz | Partner 1995; Member of CA Bar since 1989 | $895.00 | 0.20 | $    179.00 |
| Linda F. Cantor | Partner 1994; Member of CA Bar since 1991; Member of IL Bar since 1988 | $875.00 | 15.30 | $13,387.50 |
| David J. Barton | Partner 2000; Member of CA Bar since 1981 | $875.00 | 0.20 | $    175.00 |
| Iain A. W. Nasatir | Partner 1999; Member of NY Bar since 1983; Member of CA Bar since 1990 | $850.00 | 10.10 | $ 8,585.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $750.00 | 20.50 | $15,375.00 |
| Shirley S. Cho | Of Counsel 2009; Member of CA Bar since 1997; Member of NY Bar since 2002 | $750.00 | 2.50 | $ 1,875.00 |
| Jonathan J. Kim | Of Counsel 1999; Member of CA Bar since 1995 | $695.00 | 16.20 | $11,259.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $650.00 | 0.80 | $    520.00 |
| Jason H. Rosell | Associate 2010; Member of CA Bar since 2010; Member of NY Bar since 2011 | $525.00 | 57.20 | $30,030.00 |
| Kathe F. Finlayson | Paralegal 2000 | $305.00 | 19.90 | $ 6,069.50 |
| Felice S. Harrison | Paralegal 2009 | $305.00 | 1.30 | $    396.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Cheryl A. Knotts | Paralegal 2000 | $295.00 | 0.10 | $ 29.50 |
| Denise A. Harris | Paralegal 2001 | $295.00 | 3.80 | $ 1,159.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $225.00 | 1.60 | $ 360.00 |
| Beatrice M. Koveleski | Case Management Assistant 2009 | $225.00 | 0.70 | $ 157.50 |

**Grand Total:**   $108,570.00
**Total Hours:**        169.90
**Blended Rate:** $     639.02

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 0.70 | $    592.50 |
| Bankruptcy Litigation | 19.00 | $10,689.50 |
| Case Administration | 3.30 | $    949.50 |
| Claims Admin./Objections | 13.20 | $ 8,956.50 |
| Compensation of Professional | 1.60 | $ 1,300.00 |
| Compensation of Prof./Others | 11.90 | $ 6,035.50 |
| Employee Benefit/Pension | 20.80 | $12,128.00 |
| Executory Contracts | 14.20 | $ 9,021.50 |
| Financial Filings | 2.10 | $    920.00 |
| Financing | 0.70 | $    502.50 |
| General Business Advice | 1.20 | $ 1,170.00 |
| Litigation (Non-Bankruptcy) | 0.90 | $    787.50 |
| Operations | 1.10 | $ 1,002.50 |
| Plan & Disclosure Statement | 59.50 | $38,244.00 |
| Retention of Prof./Others | 2.00 | $ 1,279.00 |
| Stay Litigation | 17.70 | $14,991.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---|
| Air Fare | American Airlines | $1,764.00 |
| Auto Travel Expense | Cab fare | $    20.00 |
| Bloomberg | | $    60.00 |
| Working Meals | Petty Cash | $     8.50 |
| Delivery/Courier Service | Digital Legal | $   490.01 |
| Express Mail | Federal Express | $   437.98 |
| Fax Transmittal | Outgoing only | $    66.00 |
| Hotel Expense | Hotel DuPont | $   325.90 |
| Legal Research | Lexis/Nexis and Westlaw | $   547.80 |
| Court Research | Pacer | $    71.40 |
| Postage | US Mail | $   352.40 |
| Reproduction Expense | | $1,256.30 |
| Reproduction/ Scan Copy | | $   254.00 |
| Travel Expense | Train fare; Petty Cash; Travel Agency Fee | $   155.88 |
| Transcript | Ellen Grauer Court Reporting; Escribers | $   443.25 |

---

[3]PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIPCRICKET, INC.,[1] | ) | Case No. 15-10104 (LSS) |
| | ) | |
| Debtor. | ) | |
| | ) | **Objection Deadline: June 3, 2015 at 4:00 p.m.** |
| | | **Hearing Date: Scheduled only if Necessary** |

**FOURTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO
THE DEBTOR AND DEBTOR IN POSSESSION, FOR
THE PERIOD FROM APRIL 1, 2015 THROUGH APRIL 30, 2015**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the

"Bankruptcy Rules"), and the Court's "Order Establishing Procedures for Interim Compensation

and Reimbursement of Expenses of Professionals," signed on or about February 11, 2015 (the

"Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Counsel

to the Debtor and Debtor in Possession ("Debtor"), hereby submits its Fourth Monthly

Application for Compensation and for Reimbursement of Expenses for the Period from April 1,

2015 through April 30, 2015 (the "Application").

By this Application PSZ&J seeks a monthly interim allowance of compensation

in the amount of $108,570.00 and actual and necessary expenses in the amount of $6,253.42 for

a total allowance of $114,823.42 and payment of $86,856.00 (80% of the allowed fees) and

---

[1]  The last four digits of the Debtor's tax identification number are 2076. The location of the Debtor's headquarters and the service address for the Debtor is 110 110th Avenue NE, Suite 410, Bellevue, WA 98004.

reimbursement of $6,253.42 (100% of the allowed expenses) for a total payment of $93,109.42

for the period April 1, 2015 through April 30, 2015 (the "Interim Period").  In support of this

Application, PSZ&J respectfully represents as follows:

## Background

1.      On January 20, 2015, the Debtor filed a voluntary petition for relief under

chapter 11 of the Bankruptcy Code.  The Debtor continues in possession of its properties and

continues to operate and manage its business as debtor in possession pursuant to sections 1107(a)

and 1108 of the Bankruptcy Code.  A Committee of Unsecured Creditors ("Committee") was

appointed in this case by the United States Trustee on or about January 30, 2015.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On or about February 11, 2015, the Court signed the Administrative

Order, authorizing certain professionals ("Professionals") to submit monthly applications for

interim compensation and reimbursement for expenses, pursuant to the procedures specified

therein.  The Administrative Order provides, among other things, that a Professional may submit

monthly fee applications.  If no objections are made within twenty-one (21) days after service of

the monthly fee application the Debtor is authorized to pay the Professional eighty percent (80%)

of the requested fees and one hundred percent (100%) of the requested expenses.  Beginning

with the period ending March 31, 2015, at three-month intervals or such other intervals

convenient to the Court, each of the Professionals shall file and serve an interim application for

allowance of the amounts sought in its monthly fee applications for that period.  All fees and

expenses paid are on an interim basis until final allowance by the Court. Applicants shall make reasonable efforts to comply with the United States Trustee Guidelines for larger Chapter 11 cases.

4.    The retention of PSZ&J, as Counsel to the Debtor, was approved effective as of January 20, 2015 by this Court's "Order Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession *Nunc Pro Tunc* to the Petition Date," signed on or about February 11, 2015 (the "Retention Order"). The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

5.    All services for which PSZ&J requests compensation were performed for or on behalf of the Debtor.

6.    PSZ&J has received no payment and no promises for payment from any source other than from the Debtor for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in this case. PSZ&J has received payments from the Debtor during the year prior to the Petition Date in the amount of $255,000 in

connection with the preparation of initial documents and its prepetition representation of the

Debtor.   Upon final reconciliation of the amount actually expended pre-petition, any balance

remaining from the payments to the Firm was credited to the Debtor and utilized as PSZ&J's

retainer to apply to postpetition fees and expenses pursuant to the compensation procedures

approved by this Court in accordance with the Bankruptcy Code.

**Fee Statements**

7.      The fee statements for the Interim Period are attached hereto as Exhibit A.

These statements contain daily time logs describing the time spent by each attorney and

paraprofessional during the Interim Period.  To the best of PSZ&J's knowledge, this Application

complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the

Administrative Order.  PSZ&J's time reports are initially handwritten by the attorney or

paralegal performing the described services.  The time reports are organized on a daily basis.

PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time

frame on a variety of different matters for a particular client, separate time entries are set forth in

the time reports.  PSZ&J's charges for its professional services are based upon the time, nature,

extent and value of such services and the cost of comparable services other than in a case under

the Bankruptcy Code.  PSZ&J has reduced its charges related to any non-working "travel time"

to fifty percent (50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J

professionals attempt to work during travel.

## Actual and Necessary Expenses

8.      A summary of actual and necessary expenses incurred by PSZ&J for the

Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per

page for photocopying expenses related to cases, such as this one, arising in Delaware.  PSZ&J's

photocopying machines automatically record the number of copies made when the person that is

doing the copying enters the client's account number into a device attached to the photocopier.

PSZ&J summarizes each client's photocopying charges on a daily basis.

9.      PSZ&J charges $1.00 per page for out-going facsimile transmissions.

There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing

facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for

the machines, supplies and extra labor expenses associated with sending telecopies and is

reasonable in relation to the amount charged by outside vendors who provide similar services.

PSZ&J does not charge the Debtor for the receipt of faxes in this case.

10.      With respect to providers of on-line legal research services (e.g., LEXIS

and WESTLAW), PSZ&J charges the standard usage rates these providers charge for

computerized legal research.  PSZ&J bills its clients the actual amounts charged by such

services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

11.      PSZ&J believes the foregoing rates are the market rates that the majority

of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are

in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the

ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

12.     The names of the partners and associates of PSZ&J who have rendered professional services in this case during the Interim Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

13.     PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Debtor on a regular basis with respect to various matters in connection with the Debtor's bankruptcy case, and performed all necessary professional services which are described and narrated in detail below.  PSZ&J's efforts have been extensive due to the size and complexity of the Debtor's bankruptcy case.

## Summary of Services by Project

14.     The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below.  PSZ&J attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.  These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A.  Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category,

along with the number of hours for each individual and the total compensation sought for each category.

### A.    Asset Disposition

15.    This category relates to the sale or other disposition of assets.  During the Interim Period, the Firm, among other things, attended to issues regarding the Sito demand for return of deposit.

Fees: $592.50;        Hours:  0.70

### B.    Bankruptcy Litigation

16.    This category relates to work regarding motions or adversary proceedings in the Bankruptcy Court.  During the Interim Period, the Firm, among other things: (1) performed work regarding orders; (2) performed work regarding Agenda Notices and Hearing Binders; (3) attended to removal deadline issues; (4) performed work regarding a motion to extend removal deadline; (5) attended to scheduling issues; (6) prepared for and attended a hearing on April 22, 2015; (7) attended to issues regarding a motion to dismiss; and (8) conferred and corresponded regarding litigation issues.

Fees: $10,689.50;    Hours: 19.00

### C.    Case Administration

17.    This category relates to work regarding administration of this case. During the Interim Period, the Firm, among other things, maintained a memorandum of critical dates, and maintained document control.

Fees: $949.50;        Hours: 3.30

**D.    Claims Administration and Objections**

18.    This category relates to work regarding claims administration and claims objections.  During the Interim Period, the Firm, among other things:  (1) performed research; (2) attended to priority claim issues; (3) performed work regarding an administrative expense motion; (4) attended to notice issues; (5) performed work regarding employee issues; (6) performed work regarding tax claims; (7) attended to claims reconciliation issues; (8) responded to creditor inquiries; (9) attended to environmental issues; (10) reviewed and analyzed claims and related documents; (11) attended to shareholder issues; and (12) conferred and corresponded regarding claim issues.

Fees:  $8,956.50;     Hours:  13.20

**E.    Compensation of Professionals**

19.    This category relates to work regarding compensation of the Firm.  During the Interim Period, the Firm, among other things, performed work regarding its February 2015 fee application, and monitored the status and timing of fee applications.

Fees:  $1,300.00;     Hours:  1.60

**F.    Compensation of Professionals--Others**

20.    This category relates to work regarding the compensation of professionals, other than the Firm.  During the Interim Period, the Firm, among other things, performed work regarding the Canaccord, Perkins, and Johnson Associates matters.

Fees:  $6,035.50;     Hours:  11.90

### G.    Employee Benefits and Pensions

21.    This category relates to work regarding employee benefits and pension plans.  During the Interim Period, the Firm, among other things:  (1) performed work regarding a wage motion; (2) attended to bonus cap issues; (3) performed work regarding a Key Employee Retention Plan; (4) attended to 401(k) plan issues; (5) performed work regarding a motion to terminate 401(k) plan; (6) performed research; (7) performed work regarding orders; and (8) corresponded and conferred regarding employee issues.

Fees:  $12,128.00;    Hours:  20.80

### H.    Executory Contracts

22.    This category relates to work regarding executory contracts and unexpired leases of real property.  During the Interim Period, the Firm, among other things:  (1) attended to issues regarding contract assumption and assignment; (2) attended to cure notice issues; (3) performed work regarding a schedule of assumed contracts and unexpired leases; (4) attended to notice issues; (5) attended to license issues; (6) attended to issues regarding the AOL settlement agreement; (7) performed research; (8) attended to issues regarding Ensighten; (9) performed work regarding a motion to reject leases; and (10) conferred and corresponded regarding lease and contract issues.

Fees:  $9,021.50;    Hours:  14.20

I.     **Financial Filings**

23.    This category relates to work regarding compliance with reporting requirements.  During the Interim Period, the Firm, among other things, performed work regarding Monthly Operating Reports, and corresponded and conferred regarding financial filings issues.

Fees: $920.00;        Hours:  2.10

J.     **Financing**

24.    This category relates to work regarding Debtor in Possession financing and use of cash collateral.  During the Interim Period, the Firm, among other things, attended to budget issues, and corresponded and conferred regarding financing issues.

Fees: $502.50;        Hours:  0.70

K.     **General Business Advice**

25.    The category relates to issues regarding general business advice.  During the Interim Period, the Firm, among other things, attended to transition issues, and conferred and corresponded regarding general business advice issues.

Fees: $1,170.00;        Hours:  1.20

L.     **Litigation (Non-Bankruptcy)**

26.    This category relates to work regarding litigation in courts, other than the Bankruptcy Court.  During the Interim Period, the Firm, among other things, attended to issues regarding patent ruling.

Fees: $787.50;        Hours:  0.90

**M.    Operations**

27.    The category relates to issues regarding operations.  During the Interim Period, the Firm, among other things, attended to issues regarding termination of employees, employee communications, and new contracts, and corresponded regarding operations issues.

Fees:  $1,002.50;    Hours:  1.10

**N.    Plan and Disclosure Statement**

28.    This category relates to issues regarding a Plan of Reorganization ("Plan") and Disclosure Statement.  During the Interim Period, the Firm, among other things: (1) attended to liquidating trustee issues; (2) performed work regarding solicitation issues; (3) performed work regarding notice issues; (4) performed work regarding a Committee plan support letter; (5) attended to ballot issues; (6) performed work regarding a notice of filing of exhibit to amended plan; (7) attended to Plan-related insurance issues; (8) performed work regarding a liquidating trust agreement; (9) attended to Plan supplement issues; (10) reviewed and revised the Plan; (11) attended to Plan-related 401(k) plan issues; (12) attended to issues regarding amended bylaws and articles of incorporation; (13) performed work regarding a stock purchase agreement; (14) performed work regarding a Plan Supplement and related notice; (15) performed work regarding a confirmation brief; (16) attended to issues regarding a voting report; (17) performed work regarding objections; and (18) corresponded and conferred regarding Plan and Disclosure Statement issues.

Fees:  $38,244.00;    Hours:  59.50

O.    **Retention of Professionals--Others**

29.    This category relates to issues regarding retention of professionals, other than the Firm.  During the Interim Period, the Firm, among other things, performed work regarding Ordinary Course Professionals, and corresponded and conferred regarding retention issues.

Fees:  $1,279.00;        Hours:  2.00

P.    **Stay Litigation**

30.    This category relates to issues regarding the automatic stay and relief from stay motions.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed a relief from stay motion and insurance policy documents regarding Directors' and Officers' policy; (2) attended to time extension issues; (3) attended to settlement issues; (4) responded to Committee concerns regarding motion; (5) reviewed and analyzed the Committee objection to motion and reply; (6) performed work regarding orders; and (7) corresponded and conferred regarding stay litigation issues.

Fees:  $14,991.50;      Hours:  17.70

## Valuation of Services

31.    Attorneys and paraprofessionals of PSZ&J expended a total 169.90 hours in connection with their representation of the Debtor during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Ira D. Kharasch | Partner 1987; Member of Ca Bar since 1982 | $975.00 | 19.50 | $19,012.50 |
| Jeffrey N. Pomerantz | Partner 1995; Member of CA Bar since 1989 | $895.00 | 0.20 | $    179.00 |
| Linda F. Cantor | Partner 1994; Member of CA Bar since 1991; Member of IL Bar since 1988 | $875.00 | 15.30 | $13,387.50 |
| David J. Barton | Partner 2000; Member of CA Bar since 1981 | $875.00 | 0.20 | $    175.00 |
| Iain A. W. Nasatir | Partner 1999; Member of NY Bar since 1983; Member of CA Bar since 1990 | $850.00 | 10.10 | $  8,585.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $750.00 | 20.50 | $15,375.00 |
| Shirley S. Cho | Of Counsel 2009; Member of CA Bar since 1997; Member of NY Bar since 2002 | $750.00 | 2.50 | $  1,875.00 |
| Jonathan J. Kim | Of Counsel 1999; Member of CA Bar since 1995 | $695.00 | 16.20 | $11,259.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $650.00 | 0.80 | $    520.00 |
| Jason H. Rosell | Associate 2010; Member of CA Bar since 2010; Member of NY Bar since 2011 | $525.00 | 57.20 | $30,030.00 |
| Kathe F. Finlayson | Paralegal 2000 | $305.00 | 19.90 | $  6,069.50 |
| Felice S. Harrison | Paralegal 2009 | $305.00 | 1.30 | $    396.50 |
| Cheryl A. Knotts | Paralegal 2000 | $295.00 | 0.10 | $      29.50 |
| Denise A. Harris | Paralegal 2001 | $295.00 | 3.80 | $  1,159.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $225.00 | 1.60 | $    360.00 |
| Beatrice M. Koveleski | Case Management Assistant 2009 | $225.00 | 0.70 | $    157.50 |

**Grand Total:  $108,570.00**
**Total Hours:        169.90**
**Blended Rate:  $     639.02**

32.    The nature of work performed by these persons is fully set forth in Exhibit

A attached hereto. These are PSZ&J's normal hourly rates for work of this character. The

reasonable value of the services rendered by PSZ&J for the Debtor during the Interim Period is $108,570.00.

33.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that, for the period April 1, 2015 through April 30, 2015, an interim allowance be made to PSZ&J for compensation in the amount of $108,570.00 and actual and necessary expenses in the amount of $6,253.42 for a total allowance of $114,823.42 and payment of $86,856.00 (80% of the allowed fees) and reimbursement of $6,253.42 (100% of the allowed expenses) be authorized for a total payment of $93,109.42, and for such other and further relief as this Court may deem just and proper.

Dated: May 12, 2015                    PACHULSKI STANG ZIEHL & JONES LLP

                                       Laura Davis Jones (DE Bar No. 2436)
                                       Ira D. Kharasch (CA Bar No. 109084)
                                       Linda F. Cantor (CA Bar No. 153762)
                                       James O'Neill (DE Bar No. 4042)
                                       919 North Market Street, 17th Floor
                                       P.O. Box 8705
                                       Wilmington, DE 19899-8705 (Courier 19801)

                                       Counsel to Debtor and Debtor in Possession

## VERIFICATION

STATE OF DELAWARE        :
                                         :
COUNTY OF NEW CASTLE  :

Laura Davis Jones, after being duly sworn according to law, deposes and says:

a)       I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones

LLP, and have been admitted to appear before this Court.

b)       I am familiar with many of the legal services rendered by Pachulski Stang

Ziehl & Jones LLP, as Counsel to the Debtor, and with the other work performed on behalf of

the Debtor by the lawyers and paraprofessionals of PSZ&J.

c)       I have reviewed the foregoing Application and the facts set forth therein

are true and correct to the best of my knowledge, information and belief.  Moreover, I have

reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about February 11,

2015, and submit that the Application substantially complies with such Rule and Order.

_____
Laura Davis Jones

SWORN AND SUBSCRIBED
before me this 13 day of May, 2015.

_____
Notary Public
My Commission Expires:

KA JOHN BOWER
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires October 14, 2016