# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>HIPCRICKET, INC.,[1]<br><br>      Debtor. | Chapter 11<br><br>Case No. 15-10104 (LSS)<br><br>**Related Docket Nos. 420 and 428** |

**NOTICE OF (I) ENTRY OF ORDER CONFIRMING,
AND OCCURRENCE OF EFFECTIVE DATE OF, AMENDED
CHAPTER 11 PLAN OF DEBTOR; (II) BAR DATE FOR ADMINISTRATIVE
CLAIMS; AND (III) CERTAIN RELEASES AND INJUNCTION THEREUNDER**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.   **Confirmation of the Plan.**

On May 14, 2015, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order [Docket No. 428] (the "**Confirmation Order**") confirming the *Amended Plan of Reorganization of the Debtor Dated March 31, 2015, as Modified* [Docket No. 420] (collectively with all exhibits and supplements and any modifications or other amendments thereto, the "**Plan**") in the chapter 11 case of the above-captioned debtor (the "**Debtor**"). Capitalized terms used but not defined in this Notice have the meanings given to them in the Plan and the Confirmation Order.

2.   **Occurrence of the Effective Date; Distribution Trustee; Vesting of Assets.**

Pursuant to paragraph 6 of the Confirmation Order, the Plan became effective on May 15, 2015 at 12:30 P.M. (Pacific Time) (the "**Effective Date**"). As of the Effective Date, among other things, (a) the Debtor continues in existence as the Reorganized Debtor; (b) the Distribution Trustee was appointed with the power to exercise the rights, power, and authority of the Distribution Trust under applicable provisions of the Plan, Distribution Trust Agreement, and bankruptcy and non-bankruptcy law; and (c) except as otherwise provided in the Plan, all property of the Estate and the Debtor (other than the Distribution Trust Assets) became the property of, and vested in, the Reorganized Debtor free and clear of all Claims, liens, charges, other encumbrances, and interests. Except as otherwise provided in the Plan and Distribution Trust Agreement, all distributions to be made to creditors under the Plan shall be made by the Distribution Trustee (or his or her designated agent).

---

[1]   The last four digits of the Debtor's tax identification number are 2076. The location of the Debtor's headquarters and the service address for the Debtor is 110 110th Avenue NE, Suite 410, Bellevue, WA 98004.

3.      **Resolution of Disputed Claims.**

Except as otherwise provided in Article VII of the Plan, unless otherwise ordered by the Bankruptcy Court after notice and a hearing, and subject to section 502(a) of the Bankruptcy Code, the Distribution Trustee on behalf of the Distribution Trust has the right to make, file, prosecute, settle, compromise, withdraw, or resolve objections to Claims. Further, the Distribution Trustee may settle, resolve, release, or compromise any Claims and objections to Claims on behalf of the Distribution Trust without need for notice or order of the Bankruptcy Court.

4.      **Releases; Exculpation; Injunction.**

Discharge and Injunction. Except as otherwise set forth in the Plan, upon the Effective Date, the Debtor and the Reorganized Debtor shall be discharged from all Claims or other debts that arose at any time before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, whether or not: (a) a proof of claim based on such debt is filed or deemed filed under section 501 of the Bankruptcy Code; (b) a Claim based on such debt is Allowed under section 502 of the Bankruptcy Code; or (c) the holder of a Claim has accepted the Plan. As of the Effective Date, all entities that have held, currently hold or may hold a Claim or other debt or liability that is discharged or any other right that is terminated under the Bankruptcy Code or the Plan are permanently enjoined, to the full extent provided under section 524(a) of the Bankruptcy Code, from "the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability" of the Debtor or the Reorganized Debtor, except as otherwise set forth in this Plan. Nothing contained in the foregoing discharge shall, to the full extent provided under section 524(e) of the Bankruptcy Code, affect the liability of any other entity on, or the property of any other entity for, any debt of the Debtor that is discharged under the Plan.

Terms of Existing Injunctions or Stays. All injunctions or stays arising under or entered during the Chapter 11 Case under section 105 or 362 of the Bankruptcy Code, or otherwise, that are in existence on the Confirmation Date shall remain in full force and effect until the Effective Date, *provided, however*, that no such injunction or stay shall preclude enforcement of parties' rights under the Plan and the related documents.

Exoneration and Reliance. To the extent allowed by law, the Protected Parties shall not be liable, other than with respect to criminal liability under applicable law, willful misconduct, or bad faith under applicable law, to any holder of a Claim or Equity Interest or any other Person with respect to any action, omission, forbearance from action, decision, or exercise of discretion taken at any time after the Petition Date in connection with or related to the Chapter 11 Case, including without limitation, the negotiation, formulation, development, proposal, disclosure, solicitation, confirmation or implementation of the sales process and the Plan, and except with respect to criminal liability under applicable law, willful misconduct or bad faith under applicable law, all such Persons are permanently enjoined from initiating a suit against any Protected Party. For purposes of this paragraph, Protected Parties excludes the Distribution Trust, Distribution Trustee, the DIP Lender, and the Plan Sponsor.

Releases by the Holders of Claims. For good and valuable consideration, as of the Effective Date, a Creditor entitled to vote who either did not submit a ballot or submitted a ballot on the Plan but did not check the "Opt-Out" box electing to opt out of the release provisions contained in section 11.4 of the Plan, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged the Debtor, its Estate, the Reorganized Debtor, the Committee, the Distribution Trust, the Distribution Trustee, the Plan Sponsor from any and all direct claims and causes of action held by such Creditor whatsoever, including prepetition claims and causes of action, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Debtor's restructuring, the conduct of the Debtor's business, the Chapter 11 Case, the purchase, sale, or rescission of the purchase or sale of any security of the Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor, and/or the restructuring of Claims and Interests prior to or in the Chapter 11 Case, which claims are based in whole or in part on any act, omission, transaction, event or other occurrence (except for willful misconduct, ultra vires acts, or gross negligence) taking place before the Effective Date. A Creditor or Equity Interest holder who was deemed to reject the Plan, or returned a ballot with the "Opt-Out" box checked on the ballot (whether or not the ballot was otherwise properly executed) shall be deemed to have opted out of the releases set forth in section 11.4 of the Plan.

Limitation of Liability. The Protected Parties shall have all of the benefits and protections afforded under section 1125(e) of the Bankruptcy Code and applicable law.

## 5.    Rejection of Executory Contracts and Unexpired Leases Not Assumed.

Except as otherwise provided (i) in the Plan; (ii) in any contract, instrument, release, or other agreement or document entered into in connection with the Plan; or (iii) in a Final Order of the Bankruptcy Court, as of the Effective Date, pursuant to section 365 of the Bankruptcy Code, the Debtor rejected each executory contract and unexpired lease not previously assumed, assumed and assigned, or rejected during the Chapter 11 Case. For the avoidance of doubt, executory contracts and unexpired leases listed on Exhibit B to the Plan were assumed as of the Effective Date, pursuant to section 365 of the Bankruptcy Code and the terms of the Confirmation Order. In addition, all executory contracts entered into by the Debtor postpetition were assumed as of the Effective Date.

## 6.    Bar Dates.

a.    Administrative Bar Date. Unless previously filed or as otherwise governed by a bar date order or in another order of the Court, requests for payment of Administrative Claims must be filed with the Court and served on the parties identified in section 13.12 of the Plan by June 15, 2015, which is thirty (30) days after the Effective Date (the "**Administrative Claim Bar Date**"). Holders of Administrative Claims that are required to file and serve a request for payment of such Administrative Claims and that do not file and serve such a request by the Administrative Claim Bar Date shall be forever barred from asserting such Administrative Claims against the Debtor, the Estate, or its property. Objections to any requests for payment of Administrative Claims must be asserted by the Claim Objection Deadline.

DOCS_NY:32505.2

Notwithstanding the foregoing, a governmental unit shall not be required to file and serve a request for payment of an Administrative Claim with respect to any administrative expense of the type described in section 503(b)(1)(B) or section 503(b)(1)(C) of the Bankruptcy Code as a condition to such amounts being an allowed administrative expense.   Notice of the Administrative Claim Bar Date was previously provided to parties in interest, and nothing in this Notice is intended to extend the Administrative Claim Bar Date or recommence the occurrence of the Administrative Claim Bar Date.

           b.      Professional Compensation.   Each Professional shall file an application for allowance of final compensation and reimbursement of expenses in the Chapter 11 Case, for the period through the Effective Date, no later than June 15, 2015, which is thirty (30) days after the Effective Date.   Objections to applications of professionals for compensation or reimbursement of expenses must be filed and served on the Reorganized Debtor, the U.S. Trustee, and the professionals to whose application the objections are addressed no later than twenty-one (21) days after the date the application is filed, or the Bankruptcy Court may enter an order authorizing the fees without a hearing. Any professional fees and reimbursements or expenses incurred by the Reorganized Debtor subsequent to the Effective Date may be paid without application to the Bankruptcy Court.

           c.      Rejection Damages Bar Date.   Claims arising out of the rejection of an executory contract or unexpired lease pursuant to section 8.2 of the Plan must be filed with the Court on or before June 15, 2015, which is thirty (30) days after the Effective Date, and served as set forth below in Section 9.  Any such Claims not timely filed shall be forever barred from asserting such Claims against the Debtor, the Reorganized Debtor, the Estate, the Distribution Trust, or their respective property.

**7.      Retention of Jurisdiction by Bankruptcy Court.**

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court retained jurisdiction over the Chapter 11 Case after the Effective Date to the fullest extent legally permissible, including, without limitation, with respect to all matters specified in Article XII of the Plan.

**8.      Notice Parties' Service Addresses.**

For purposes of serving requests for payment of Administrative Claims, applications for allowance of Fee Claims, and any other papers required to be served on the notice parties set forth in the Plan, such service should be made, as applicable, on:

           a.      the Distribution Trustee, Peter Kravitz, c/o Province, Inc., 5915 Edmond Street, Suite 102, Las Vegas, Nevada 89118 (admin@provincefirm.com);

           b.      counsel to the Debtor, Pachulski Stang Ziehl & Jones, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067, Attn: Ira Kharasch, Esq. (ikharasch@pszjlaw.com) and Linda Cantor, Esq. (lcantor@pszjlaw.com);

DOCS_NY:32505.2

c.      counsel to the Reorganized Debtor, (i) Haynes and Boone, LLP, 1221 McKinney Street, Suite 2100, Houston, Texas 77010, Attention: Charles A. Beckham, Jr., Esq. (charles.beckham@haynesboone.com); and (ii) Haynes and Boone, LLP, 30 Rockefeller Plaza, 26th Floor, New York, NY 10112, Attention: Trevor R. Hoffmann, Esq. (trevor.hoffmann@haynesboone.com); and

d.      counsel to the Oversight Board, Cooley LLP, 1114 Avenue of the Americas, New York, NY 10036-7798, Attn: Jay R. Indyke, Esq. (jindyke@cooley.com), Jeffrey L. Cohen, Esq. (jcohen@cooley.com)

**9.    Service Upon Claims and Noticing Agent.**

Proofs of Claim arising from the rejection of executory contracts or unexpired leases should be served on the Debtor's claims and noticing agent by mailing the original proof of claim to Hipcricket, Inc., Ballot Processing, c/o Rust Consulting | Omni Bankruptcy, 5955 DeSoto Avenue, Suite 100, Woodland Hills, CA 91367. Proofs of Claim submitted by facsimile or e-mail shall not be accepted.

**10.    Copies of Confirmation Order.**

Copies of the Plan and the Confirmation Order may be obtained for free at www.omnimgt.com/hipcricet or upon request from counsel to the Distribution Trustee.

*[Remainder of page intentionally left blank]*

DOCS_NY:32505.2

Dated:  May 15, 2015

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*

Ira D. Kharasch (CA Bar No. 109084)
Linda F. Cantor (CA Bar No. 153762)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
E-mail:  ikharasch@pszjlaw.com
             lcantor@pszjlaw.com
             joneill@pszjlaw.com

*Counsel to Debtor*

   - and -

HAYNES AND BOONE, LLP

*/s/ Trevor R. Hoffmann*

Trevor R. Hoffmann (NY Bar No. 24048806)
30 Rockefeller Plaza, 26th Floor
New York, NY 10112
Telephone: (212) 659-7300
Email:   trevor.hoffmann@haynesboone.com

   - and -

Charles A. Beckham, Jr. (TX Bar No. 02016600)
1221 McKinney Street, Suite 2100
Houston, Texas 77010
Telephone: (713) 547-2000
Email:   charles.beckham@haynesboone.com

*Counsel to Plan Sponsor*

6

DOCS_NY:32505.2